1 | **DOYLE APC** | **BURSON & FISHER, P.A.**
2 | William J. Doyle, II (SBN 188069) | Neal J. Deckant (SBN 322946)
| Chris W. Cantrell (SBN 290874) | 1990 North California Boulevard
3 | 550 West B Street, 4th Floor | Suite 940
| San Diego, CA 92101 | Walnut Creek, CA 94596
4 | Telephone: (619) 736-0000 | Telephone: (925) 300-4455
| Email: bill@doyleapc.com | Email: ndeckant@bursor.com
5 |       chris@doyleapc.com |

*Attorney for Plaintiff Jafri*

*Attorneys for Plaintiff Krum*

**SILVER GOLUB TEITELL, LLP**      **WHATLEY KALLAS LLP**

Ian W. Sloss      Alan M. Mansfield (SBN 125998)
One Landmark Square, Floor 15      1 Sansome Street, 35th Floor, PMB #131
Stamford, CT 06901      San Francisco, CA 94104 /
Telephone: (203) 425-4491      16870 W. Bernardo Drive, Suite 400
Email: isloss@sgtlaw.com      San Diego, CA 92127
     Telephone: (619) 308-5034
*Attorneys for Plaintiffs Perrin, et al.*      Email: amansfield@whatleykallas.com

*Attorneys for Plaintiff Pousa*

[Additional counsel appear on signature page]

## UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN KRUM, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>WESTERN DIGITAL TECHNOLOGIES, INC; and DOES 1-10,<br><br>          Defendants. | Case No. 3:23-cv-04152-VC<br><br>**CORRECTED NOTICE OF JOINT MOTION TO CONSOLIDATE CASES; MEMORANDUM OF LAW IN SUPPORT; AND DECLARATION OF CHRIS W. CANTRELL IN SUPPORT**<br><br>Date: Thursday, October 19, 2023<br>Time: 10:00 a.m.<br>Dept: Courtroom 4 – 17th Floor<br>Judge: Hon. Vince Chhabria |
| MATTHEW PERRIN and BRIAN BAYERL, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v. | 5:23-cv-04201-VC |

CORRECTED NOTICE OF JOINT MOTION TO
CONSOLIDATE CASES; MEMORANDUM OF LAW IN SUPPORT

SANDISK, LLC, *et al.*,

                    Defendants.

SAIF JAFRI, individually and on behalf
of all others similarly situated,                    5:23-cv-04206-VC

                    Plaintiff,

        v.

SANDISK LLC, and WESTERN DIGITAL
CORPORATION,

                    Defendants.

EMILIO POUSA, individually and on behalf
of all others similarly situated,                    5:23-cv-04281-VC

                    Plaintiff,

        v.

WESTERN DIGITAL TECHNOLOGIES, INC.,

                    Defendant.

FRAN BAX, individually and on behalf
of all others similarly situated,                    5:23-cv-04543-VC

                    Plaintiff,

        v.

WESTERN DIGITAL CORPORATION,

                    Defendant.

NATHAN JACKSON, on behalf of himself and all
others similarly situated,                    5:23-cv-04681-SVK

                    Plaintiff,

        v.

WESTERN DIGITAL CORPORATION;
WESTERN DIGITAL TECHNOLOGIES, INC.;
and SANDISK, LLC,

| | |
|---|---|
| Defendants. | |
| TOM GARY, DANA CAMP, MATTHEW DEBONIS, SHAWN KIRKBRIDE, JOSEPH MCGUINNESS, and LI WANG individually and on behalf of all others similarly situated, | 3:23-cv-04815 |
| Plaintiffs, | |
| v. | |
| SANDISK LLC; WESTERN DIGITAL CORPORATION; WESTERN DIGITAL TECHNOLOGIES, INC., | |
| Defendants. | |

**PLEASE TAKE NOTICE** that on October 19, 2023, at 10:00 a.m. or as soon thereafter as the motion may be heard before the Honorable Vince Chhabria in Courtroom 4 of the United States District Court for the Northern District of California, plaintiffs Nathan Krum, Matthew Perrin, Brian Bayerl, Saif Jafri, Emilio Pousa, Fran Bax, Nathan Jackson, Tom Gary, Dana Camp, Matthew Debonis, Shawn Kirkbride, Joseph McGuinness, and Li Wang (collectively "Plaintiffs") from each of the above-captioned matters will and hereby do jointly move the Court for an order (the "Motion"):

1. Consolidating, pursuant to Federal Rule of Civil Procedure 42(a), *Krum v. Western Digital Technologies, Inc., et al.*, Case No. 3:23-cv-04152-VC (N.D. Cal.); *Perrin, et al. v. SanDisk, LLC, et al.*, Case No. 23-cv-04201-VC (N.D. Cal.); *Jafri v. SanDisk, LLC, et al.*, Case No. 23-cv-04206-VC (N.D. Cal.); *Pousa v. Western Digital Technologies, Inc., et al.*, Case No. 23-cv-04281-VC (N.D. Cal.); *Bax v. Western Digital Corporation,* Case No. 5:23-cv-04543-VC (N.D. Cal.), *Jackson v. Western Digital Corporation, et al.*, Case No. 23-cv-04681-SVK (N.D. Cal.); and *Gary SanDisk, LLC, et al.,* Case No. 3:23-cv-04815 (N.D. Cal.) (the "Related Actions"); and any future related actions filed in, removed to, or transferred to this Court, under the docket number of the first-filed *Krum* case, No. 3:23-cv-04152-VC, and under the title *In re SanDisk SSD Litigation*;

2. Setting a deadline for Plaintiffs' counsel to file any interim class leadership motions pursuant to Federal Rule of Civil Procedure 23(g) within ten (10) days of the Court's order consolidating the Related Actions; and

3. Setting a deadline for the filing of a consolidated amended complaint within 30 days of the Court's order appointing interim class counsel.

4. Plaintiffs' motion is based on this notice of motion, the incorporated memorandum of law; the Declaration of Chris W. Cantrell (hereinafter "Cantrell Decl."); the Proposed Order submitted herewith; and any other matter the Court may wish to consider.  Copies of the operative complaints in *Krum v. Western Digital Technologies, Inc., et al.*, Case No. 3:23-cv-04152-VC (N.D. Cal.); *Perrin, et al. v. SanDisk, LLC, et al.*, Case No. 23-cv-04201-VC (N.D. Cal.); *Jafri v. SanDisk, LLC, et al.*, Case No. 23-cv-04206-VC (N.D. Cal.); *Pousa v. Western Digital Technologies, Inc., et al.*, Case No. 23-cv-04281-VC (N.D. Cal.); *Bax v. Western Digital Corporation,* Case No. 5:23-cv-04543-VC (N.D.

Cal.), *Jackson v. Western Digital Corporation, et al.*, Case No. 23-cv-04681-SVK (N.D. Cal.); and *Gary v. SanDisk, LLC, et al.,* Case No. 3:123-cv-04815 (N.D. Cal.) are attached hereto as Exhibits A – G, to the Cantrell Decl.

5.     Counsel for Plaintiffs in each of the Related Actions have all been contacted and consent to this Motion. Plaintiffs' Counsel in all the Related Actions join in the instant motion.

6.     Counsel for Defendants SanDisk LLC, Western Digital Corporation and Western Digital Technologies, Inc. ("Defendants") were contacted about the instant motion. Defendants are unable to specify whether they oppose or consent to consolidation of the Related Actions. Therefore, the instant motion is being filed as an opposed motion.

NOTICE OF MOTION TO CONSOLIDATE CASES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF<br>MOTION TO CONSOLIDATE CASES</u>

## I.    INTRODUCTION

Plaintiffs Nathan Krum, Nathan Krum, Matthew Perrin, Brian Bayerl, Saif Jafri, Emilio Pousa, Fran Bax, Nathan Jackson, Tom Gary, Dana Camp, Matthew Debonis, Shawn Kirkbride, Joseph McGuinness, and Li Wang (collectively "Plaintiffs") in the above-captioned actions respectfully move the Court for an order: (1) Consolidating *Krum v. Western Digital Technologies, Inc., et al.*, Case No. 3:23-cv-04152-VC ("*Krum*"); *Perrin, et al. v. SanDisk, LLC, et al.*, Case No. 23-cv-04201-VC (N.D. Cal) ("*Perrin*"); *Jafri v. SanDisk, LLC, et al.*, Case No. 23-cv-04206-VC (N.D. Cal.) ("*Jafri*"); *Pousa v. Western Digital Technologies, Inc*., et al., Case No. 23-cv-04281-VC (N.D. Cal.) ("*Pousa*"); *Bax v. Western Digital Corporation,* Case No. 5:23-cv-04543-VC (N.D. Cal.) ("*Bax*"); *Jackson v. Western Digital Corporation, et al.*, Case No. 23-cv-04681-SVK (N.D. Cal.) ("*Jackson*"); and *Gary v. SanDisk, LLC, et al.,* Case No. Case 3:23-cv-04815 (N.D. Cal.) ("*Gary*") (collectively, the "Related Action(s)")[1] and any future related actions filed in, removed to, or transferred to this Court pursuant to Federal Rule of Civil Procedure 42(a) under the docket number of the first-filed *Krum* case, No. 3:23-cv-04152-VC, and under the title *In re SanDisk SSD Litigation*; (2) setting a deadline to file any interim class counsel motions pursuant to Federal Rule of Civil Procedure 23(g) within ten (10) days of the Court's order consolidating the Related Actions; and (3) setting a deadline for the filing of a consolidated amended complaint within 30 days of the Court's order appointing interim class counsel.

Consolidation of the Related Actions is warranted because the Related Actions are all proposed class action lawsuits that allege common questions of law and fact, as well as overlapping parties, claims and putative classes.  In each of the Related Actions, the Plaintiffs allege that SanDisk LLC ("SanDisk"), Western Digital Corporation, and/or Western Digital Technologies, Inc., ("Western Digital") (collectively, the "Defendants") have manufactured and sold defective portable SSDs which, for nearly a year, have had a significant risk of spontaneous failure, resulting in total data loss for the

---

[1] For purposes of this motion, citation to any of the Related Actions shall be in reference to their respective complaints: *Krum* (Cantrell Decl. at Ex. A); *Perrin* (Cantrell Decl. at Ex. B); *Jafri* (Cantrell Decl. at Ex. C); *Pousa* (Cantrell Decl. at Ex. D); *Bax* (Cantrell Decl. at Ex. E); *Jackson* (Cantrell Decl. at Ex. F) and *Gary* (Cantrell Decl. at Ex. G).

user, and that Defendants have failed to acknowledge or meaningfully correct the problem despite knowing about it since at least January 2023.

Counsel for Plaintiffs in each of the Related Actions support and join in this Motion to consolidate the Related Actions. Counsel for Defendants were contacted about the instant motion and have indicated they are unable to state whether they oppose or consent to consolidation of the Related Actions. As a result, this Motion is being filed as an opposed motion.

## II.      ISSUE TO BE DECIDED

The sole issue to be decided on this Motion is whether the Related Actions should be consolidated under *Fed. R. Civ. P*. 42(a) and the Court set an initial schedule.

## III.     BACKGROUND

The Related Actions all similarly allege that SanDisk Extreme, SanDisk Extreme Pro, and Western Digital My Passport portable Solid-State Drives (the "SSDs," or, the "Drives") have suffered and may continue to suffer from a defect that causes complete data loss without any warning (the "Defect").  *Krum* ¶ 13; *Perrin* ¶ 3; *Jafri* ¶ 1; *Pousa* ¶¶ 10-11; *Bax* ¶ 1; *Jackson* ¶ 2; *Gary* ¶ 3.  The Defect has afflicted the SSDs since at least November 2022, yet Defendants have taken no action to materially remedy the situation.  *See, e.g., Perrin* ¶¶ 24, 33.  Rather, SanDisk and Western Digital have continued to sell the Drives, representing that they are reliable and are "Pro" grade.  Accordingly, the Related Actions allege that Defendants' conduct is a breach of express and implied warranties, and a violation of California's CLRA, UCL, and FAL, among other laws.  *Krum* ¶¶ 55-87; *Perrin* ¶¶ 128-166; *Jafri* ¶ 7; *Pousa* ¶¶ 76-83; *Bax* ¶ 146-165; *Jackson* ¶ 37-118; *Gary* ¶ 77-252.  In addition to CLRA, UCL, FAL, and common law claims, the *Bax* action alleges violations of New York General Business Law §§ 349, *et seq.* (*Bax* ¶¶ 166-181), the *Perrin* action alleges violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201, *et seq.* (*Perrin* ¶¶ 167-177), and the *Gary* action alleges violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. Ann. §42-110a, *et seq.* ("CUTPA"), the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.* ("FDUTPA"), the Georgia Fair Business Practices Act, O.C.G.A. §10-1-390 ("GFBPA"), *et seq.*, the Missouri Merchandise Practices Act ("MMPA"), Mo. Rev. Stat. §§407.010,

*et seq.*, the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code Ann. §§ 1345.01, *et seq.*, and the Ohio Deceptive Trade Practices Act ("ODTPA"), Ohio Rev. Code §4165.01 *et seq.* (*Gary* ¶¶ 184-252).  Each of the Related Actions are based in the same allegations, and each brings the same type of warranty and consumer protection claims.

The Defect in Defendants' SSDs goes to the Drives' core functionality as memory storage devices that are supposed to allow the transfer and storage of data from other devices such as computers.  Defendants market these defective SSDs to consumers as a place where they can "back up" a user's files "in one location." *Jafri* ¶ 2.  Defendants even encourage users to download their file management application that will "automatically move files from your device to your SSD to free up space," conveying the impression that storage in other locations (as a failsafe or otherwise) is not necessary once data is loaded onto the Drives.  *Id.*  For many consumers, this means transferring over thousands of photos and videos of precious moments with family and friends, among other personal data.  Once that data is gone, it's gone for good.  No reasonable consumer would expect Defendants' SSDs, which are marketed to last for years, to do so; they reasonably would not be expected to trust their data to such a fatally defective device.  Regardless, Defendants continue to market the drives as if nothing is wrong.

The injuries suffered by Plaintiffs in the Related Actions are all largely the same: they purchased SSDs that were not fit for sale and lost sometimes irreplaceable data because of Defendants' failure to recall the Drives or warn consumers about the Defect, received equally defective replacement drives upon return to Defendants, purchased replacement drives or suffered other cognizable losses.

## IV.     ARGUMENT

### A.     The Related Actions Should be Consolidated Under Rule 42(a)

#### 1.     Legal Standard for Rule 42(a) Consolidation

Under Federal Rule of Civil Procedure 42(a), consolidation of cases is permitted "[w]hen actions involving a common question of law or fact are pending before the court . . . ." *Fed. R. Civ. P.* 42(a).  District courts have "broad discretion" to consolidate actions under Rule 42(a).  *Shenwick v. Twitter, Inc.*, 2016 WL 10672428, at *1 (N.D. Cal. 2016) (quoting *Investors Research Co. v. Dist.*

*Court*, 877 F.2d 777, 777 (9th Cir. 1989)).  In determining whether to consolidate cases, the Court should "weigh the interest of judicial convenience against the potential for delay, confusion, and prejudice." *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010).

Consolidation of similar class actions expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved.  *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003) (finding that cases had significant legal and factual overlap, and holding "the Court believes that judicial efficiency will be served by consolidating these actions"); *see also Kamakahi v. Am. Soc'y for Reprod. Med.*, 2012 WL 892163, at *2  (N.D. Cal. 2012) ("The Court finds that consolidation will serve the interests of efficiency and judicial economy.");

### 2.    Consolidation Is Appropriate Under Rule 42(a)

The Complaints in each of the Related Actions assert common causes of action against common defendants (SanDisk and Western Digital) in response to the same alleged misconduct (Defendants' manufacture and sale of specific defective models of SSDs from November 2022 onwards).  The Related Actions commonly seek certification of similar classes and allege that class members suffered similar harms as a result of Defendants' conduct.  *Krum* ¶ 38; *Perrin* ¶ 48; *Jafri* ¶ 46; *Pousa* ¶ 37; *Bax* ¶ 101; *Jackson* ¶ 55; *Gary* ¶ 50.

Consolidation of the Related Actions is warranted because it will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially because the Related Actions are at their procedural inception.  *See In re Accellion, Inc. Data Breach Litigation*, No. 5:21-cv-01155-EJD, 2022 WL 767279 (N.D. Cal. Mar. 14, 2022) (granting similar motion to consolidate related actions). Consolidating the Related Actions will also reduce the confusion and delay that may result from prosecuting related putative class actions separately, including eliminating duplicative discovery and the possibility of inconsistent rulings on class certification, *Daubert* motions, and other pretrial matters.  Furthermore, consolidation will foster judicial economy and will not prejudice any party, and unnamed class members will benefit from consolidation because they will have only one case to monitor.  *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999)

("Absent class members will best be served by consolidation because they will have just one case to monitor as it proceeds through litigation.").

Consolidation also will promote judicial economy by streamlining case management, discovery, and dispositive motion proceedings, and will reduce confusion or delay. Similarly, the parties and the Court will benefit from consolidation by reference to a single set of pleadings, motions, written discovery, produced documents, and deposition transcripts. Defendants will not be required to respond to several separate complaints on different time frames potentially raising different issues, but rather a single consolidated amended complaint. Accordingly, "[c]onsolidating these cases for all purposes will be the most efficient solution for the court, and will ease the litigation burden on all parties involved." *Takeda*, 67 F. Supp. 2d at 1133.

## V.    CONCLUSION

Plaintiffs respectfully request the Court to grant their motion and enter an order: (1) consolidating the Related Actions; (2) setting a deadline for Plaintiffs' counsel to file any interim class leadership motions pursuant to Federal Rule of Civil Procedure 23(g) within ten (10) days of the Court's order consolidating the Related Actions; and (3) setting a deadline for the filing of a consolidated amended complaint within 30 days of an order appointing interim class counsel. A proposed order granting this relief and these deadlines is submitted herewith.


Dated: September 24, 2023                    Respectfully submitted,

                                              */s/ Chris W. Cantrell*
                                               Chris W. Cantrell

                                             **DOYLE APC**
                                             William J. Doyle, II (SBN 188069)
                                             Chris W. Cantrell (SBN 290874)
                                             550 West B Street, 4th Floor
                                             San Diego, CA 92101
                                             Tel: (619) 736-0000
                                             Email: bill@doyleapc.com
                                                        chris@doyleapc.com

                                             *Attorneys for Plaintiff Krum*

1

2

          */s/ Neal J. Deckant*
               Neal J. Deckant

3

**BURSOR AND FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)

4

1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596

5

Telephone: (925) 300-4455
E-mail: ndeckant@bursor.com

6

7

*Attorneys for Plaintiff Jafri*

8

9

          */s/ Todd A. Seaver*
               Todd A. Seaver

10

Todd A. Seaver (SBN 271067)

11

Matthew D. Pearson (SBN 235339)
**BERMAN TABACCO**

12

425 California Street, Suite 2300
San Francisco, CA  94104

13

Telephone: (415) 433-3200
Facsimile: (415) 433-6382

14

Email: tseaver@bermantabacco.com
          mpearson@bermantabacco.com

15

16

*Attorneys for Plaintiffs Perrin, Bayerl, Gary, Camp, Debonis, Kirkbride, McGuinness & Wang*

17

18

19

          */s/ Ian W. Sloss*
               Ian W. Sloss

20

**SILVER GOLUB TEITELL, LLP**

21

Ian W. Sloss
Jonathan Seredynski

22

Brett L. Burgs
Stefan Bogdanovich

23

Luke Sironski-White
One Landmark Square, Floor 15

24

Stamford, CT 06901

25

Tel: (203) 425-4491
E-mail: isloss@sgtlaw.com

26

27

*Attorneys for Plaintiffs Perrin, Bayerl, Gary, Camp, Debonis, Kirkbride, McGuinness, and Wang*

28

- 6 -

MEMORANDUM OF LAW ISO MOTION TO CONSOLIDATE CASES

1

2
By:   */s/ Alan M. Mansfield*
         Alan M. Mansfield

3
Alan M. Mansfield (SBN 125998)

4
**WHATLEY KALLAS LLP**
1 Sansome Street, 35th Floor, PMB #131

5
San Francisco, CA 94104 /
16870 West Bernardo Dr., Ste. 400

6
San Diego, CA, 92127
Phone: (619) 308-5034

7
Fax: (888) 341-5048
amansfield@whatleykallas.com

8

9
*Attorney for Plaintiff Emilio Pousa*

10

11
By: */s/ Rosemary M. Rivas*
       Rosemary M. Rivas

12

13
**GIBBS LAW GROUP LLP**
Rosemary M. Rivas (SBN 209147)

14
Rosanne L. Mah (SBN 242628)
1111 Broadway, Suite 2100

15
Oakland, California 94607
Telephone: (510) 350-9700

16
Facsimile: (510) 350-9701
Email: rmr@classlawgroup.com

17

18
*Attorneys for Plaintiff Fran Bax*

19

20
By:  */s/ Stephen R. Basser*
       Stephen R. Basser

21

22
**BARRACK RODOS & BACINE**
Stephen R. Basser

23
Samuel M. Ward
One America Plaza

24
600 West Broadway, Suite 900
San Diego, CA 92101

25
Telephone: (619) 230-0800
Facsimile:  (619) 230-1874

26
E-mail: sbasser@barrack.com

27

28

- 7 -

**EMERSON FIRM, PLLC**
John G. Emerson**\***
2500 Wilcrest Drive, Suite 300
Houston, TX 77042
Telephone: (800) 551-8649
Facsimile: (501) 286-4659
E-mail:  jemerson@emersonfirm.com

*Attorneys for Plaintiff Jackson*
\* Application for admission *pro hac vice* to be filed

MEMORANDUM OF LAW ISO MOTION TO CONSOLIDATE CASES

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2023, a true and correct copy of the foregoing Notice of Motion and Memorandum in Support of Unopposed Joint Motion for Consolidation, Declaration of Chris W. Cantrell, Esq. and [PROPOSED] Order were filed using the Court's CM/ECF system, copies of which were forwarded to all counsel of record via the CM/ECF system. Copies were also sent via email and U.S. First Class Mail to the counsel for Defendants in all matters and counsel for Plaintiffs in the *Perrin, Jafri, Pousa, Bax, Jackson* in the *Jackson* matter:

Matthew D. Kelly Esq.
**SEGAL MCCAMBRIDGE**
233 S. Wacker Drive
Suite 5500
Chicago, IL
Tel: (312) 645-8436
Email: mkelly@smsm.com

***Attorneys for Defendants Western Digital Technologies, Inc. and SanDisk, LLC***

Neal J, Deckant, Esq.
**BURSON & FISHER, P.A.**
1900 North California Blvd, Suite 940
Walnut Creek, CA 94596
Tel: (925) 300-4455
Email: ndeckant@bursor.com

***Attorneys for Plaintiff Jafri***

Ian W. Sloss, Esq.
Jonathan Seredynski, Esq.
Brett L. Burgs, Esq.
Stefan Bogdonavich, Esq.
Luke Sironski-White, Esq.
**SILVER GOLUB & TEITELL LLP**
One Landmark Square, Floor 15
Stamford, CT 06901
Tel: (203) 425-4491
Email: isloss@sgtlaw.com
    jseredynski@sgtlaw.com
    bburgs@sgtlaw.com

Todd A. Seaver, Esq.
Matthew D. Pearson, Esq.
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Tel: (415) 433-3200
Email: tseaver@bermantabacco.com
    mpearson@bermantabacco.com

***Attorneys for Plaintiffs Perrin, Bayerl, Gary, Adair, Camp, Debonis, Kirkbride, McGuinness and Wang***

Rosemary M. Rivas, Esq.
Rosanne L. Mah, Esq.
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel: (510) 350-9700
Email: rmr@classlawgroup.com
    rlm@classlawgroup.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Alan M. Manfield, Esq.
**WHATLEY KALLAS, LLP**
16870 W. Bernardo Drive
Suite 400
San Diego, CA 92127
Tel: (619) 308-5034
Email: amansfield@whatleykallas.com

*Attorneys for Plaintiff Sousa*

*Attorneys for Plaintiff Bax*

Stephen R. Basser, Esq.                              .
Samuel Ward, Esq.
**BARRACK RODOS & BACINE**
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Tel: (619) 230-0800
Email: sbasser@barrack.com
         sward@barrack.com

John G. Emerson, Esq.
**EMERSON LAW FIRM PLLC**
2500 Wilcrest Drive, Suite 300
Houston, TX 77042
Tel: (800) 551-8649
Email: jemerson@emersonfirm.com

*Attorneys for Plaintiff Jackson*

**DOYLEAPC**

s/ Chris Cantrell
Chris W. Cantrell
DOYLE APC
550 West B Street, 4th Floor
San Diego, CA 92101
Tel: (619) 736-0000
chris@doyleapc.com

*Attorneys for Plaintiff Nathan Krum*

MEMORANDUM OF LAW ISO MOTION TO CONSOLIDATE CASES