**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ndeckant@bursor.com

**SILVER GOLUB TEITELL, LLP**
Ian W. Sloss
One Landmark Square, Floor 15
Stamford, CT 06901
Tel: (203) 425-4491
E-mail: isloss@sgtlaw.com

*Proposed Interim Class Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SANDISK SSDS LITIGATION | Case No. 3:23-cv-04152-VC<br><br>**NOTICE OF MOTION AND MOTION TO APPOINT BURSOR & FISHER, P.A. AND SILVER GOLUB & TEITELL LLP AS CO-LEAD INTERIM CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: Thursday, December 14, 2023<br>Time: 10 a.m.<br>Dept.: Courtroom 4 – 17th Floor<br>Judge: Hon. Vince Chhabria |

1

**NOTICE OF MOTION AND MOTION**

2 TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3 PLEASE TAKE NOTICE that on December 14, 2023, or as soon thereafter as counsel may

4 be heard before the Honorable Vince Chhabria, in Courtroom 4 of the United States Courthouse, 450

5 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Nathan Krum, Matthew Perrin, Brian

6 Bayerl, and Saif Jafri will and hereby do move the Court for an order appointing Neal J. Deckant of

7 Bursor & Fisher, P.A. ("B&F") and Ian W. Sloss of Silver Golub & Teitell LLP ("SGT"), as Co-

8 Lead Interim Class Counsel of this consolidated class action.

9 The motion is based on this Notice of Motion, the accompanying Memorandum of Points and

10 Authorities, the Declarations of Neal J. Deckant and Ian W. Sloss, any oral arguments to be made at

11 the hearing on this motion, and any other matter the Court may wish to consider.

12 **CIVIL LOCAL RULE 7-4(a)(3) STATEMENT OF ISSUES TO BE DECIDED**

13 Whether the Court should appoint Neal J. Deckant of B&F and Ian W. Sloss of SGT as

14 Interim Class Counsel pursuant to Fed. R. Civ. P. 23(g).

15

16 Dated: November 1, 2023                    Respectfully submitted,

17                                            **BURSOR AND FISHER, P.A.**

18                                            By:_____*/s/ Neal J. Deckant*_____

19
                                             Neal J. Deckant (State Bar No. 322946)
20                                           1990 North California Boulevard, Suite 940
                                             Walnut Creek, CA 94596
21                                           Telephone: (925) 300-4455
                                             Facsimile:  (925) 407-2700
22                                           E-mail: ndeckant@bursor.com

23
                                             **SILVER GOLUB TEITELL, LLP**
24                                           Ian W. Sloss
                                             One Landmark Square, Floor 15
25                                           Stamford, CT 06901
                                             Tel: (203) 425-4491
26                                           E-mail : isloss@sgtlaw.com

27                                           *Proposed Interim Class Counsel*

28

1

## <u>TABLE OF CONTENTS</u>

2

PAGE(S)

INTRODUCTION ...................................................................................................................1

BACKGROUND AND PROCEDURAL BACKGROUND ..............................................4

ARGUMENT ......................................................................................................................5

I.      PROPOSED INTERIM CLASS COUNSEL SATISFY ALL FACTORS AND
        SHOULD BE APPOINTED INTERIM CLASS COUNSEL ...................................5

              A.      Proposed Interim Class Counsel And Their Supporters Have Done
                      Substantial and Original Work Investigating This Controversy and
                      Filing The First Three Actions ................................................................5

              B.      Proposed Interim Class Counsel Are Highly Experienced in Handling
                      Class Actions And Other Complex Litigation, And Have An Established
                      History Of Cooperation In Prosecution Of Related Matters. ........................7

              C.      Proposed Interim Class Counsel Have Substantial Knowledge Of the
                      Applicable Law .................................................................................12

              D.      Proposed Interim Class Counsel Are Committed to Representing and
                      Advancing the Interests of the Class ........................................................13

              E.      Proposed Interim Class Counsel Work Cooperatively, Efficiently, and
                      Professionally with Each Other and with Other Firms.................................15

II.     CONCLUSION .................................................................................................15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Chacanaca v. Quaker Oats Co.*,
2011 WL 13141425 (N.D. Cal. June 14, 2011).................................................................. 7

*Ebin v. Kangadis Food Inc.*,
297 F.R.D. 561 (S.D.N.Y. Feb. 25, 2014).................................................................. 7, 8, 9

*Forcellati v. Hyland's, Inc.*,
2014 WL 1410264 (C.D. Cal. Apr. 9, 2014).................................................................. 7, 9

*Hart v. BHH, LLC*,
2017 WL 2912519 (S.D.N.Y. July 7, 2017).................................................................. 8

*Imran v. Vital Pharms., Inc.*,
2019 WL 1509180 (N.D. Cal. Apr. 5, 2019).................................................................. 5

*In Re 5-Hour Energy Marketing v. Innovation Ventures, LLC*,
2013 WL 12134144 (C.D. Cal. Nov. 08, 2013).................................................................. 7

*In re Exford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998).................................................................. 13

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
2012 WL 5833604 (D. Del. Nov. 16, 2012).................................................................. 13

*In re Scotts EZ Seed Litig.*,
304 F.R.D. 397 (S.D.N.Y. 2015).................................................................. 9

*In re SSA Bonds Antitrust Litig.*,
2016 U.S. Dist. LEXIS 178048 (S.D.N.Y. Dec. 22, 2016).................................................................. 14

*In re Stubhub Refund Litig.*,
2020 WL 8669823 (N.D. Cal. Nov. 18, 2020).................................................................. 5

*In re Terazosin Hydrochloride Antitrust Litig.*,
220 F.R.D. 672 (S.D. Fla. 2004).................................................................. 7

*Jones v. Google LLC*,
73 F.4th 636 (9th Cir. 2023).................................................................. 12

*Kaupelis v. Harbor Freight Tools USA, Inc.*,
2020 WL 5901116 (C.D. Cal. Sept. 23, 2020).................................................................. 8

*Martinelli v. Johnson & Johnson*,
2019 WL 1429653 (E.D. Cal. Mar. 29, 2019).................................................................. 8

1

*Melgar v. Zicam LLC*,
  2016 WL 1267870 (E.D. Cal. Mar. 31, 2016) ................................................................. 9

2

*Perez v. Rash Curtis & Associates*,
  2020 WL 1904533 (N.D. Cal. Apr. 17, 2020) ............................................................... 10

3

4 **STATUTES**

5 15 U.S.C. § 6501–6506 ............................................................................................................ 12

6 **RULES**

7 Fed. R. Civ. P. 23 ............................................................................................................. passim

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **INTRODUCTION**

2      Pursuant to Federal Rule of Civil Procedure 23(g), and in accordance with this Court's order

3   dated October 25, 2023 (ECF No. 26), Plaintiffs Nathan Krum, Matthew Perrin, Brian Bayerl, and

4   Saif Jafri (the "Moving Plaintiffs") respectfully move the Court for an order appointing Neal J.

5   Deckant of Bursor & Fisher, P.A. ("B&F") and Ian W. Sloss of Silver Golub & Teitell LLP ("SGT")

6   as Co-Lead Interim Class Counsel ("Proposed Interim Class Counsel").  Proposed Interim Class

7   Counsel are highly experienced class action attorneys with a proven track record of success on behalf

8   of consumers—they represent a focused team with the knowledge, resources, and commitment

9   required to effectively and efficiently prosecute this consolidated case.

10      Proposed Interim Class Counsel, along with counsel for Plaintiff Krum,[1] filed the first three

11   complaints in this consolidated class action just _48 hours apart_ between August 15 and 17, 2023.

12   _See Krum v. Western Digital Techs., Inc. et al._, ECF No. 1 (filed on August 15); _Perrin et al. v._

13   _SanDisk, LLC, et al._, No. 23-cv-04201, ECF No. 1 (filed on August 17); _Jafri v. SanDisk, LLC, et al._,

14   No. 23-cv-04206-VC, ECF No. 1 (filed on August 17).  At the time B&F, SGT, and Plaintiff Krum's

15   counsel filed the first three complaints, each firm was working independently and unaware of the

16   other firms investigating these same facts.  Each of these first three complaints represent each firm's

17   novel research and drafting.  By comparison, the other matters consolidated were filed _weeks later_,

18   between August 22 and September 19, 2023.  Even by the time the fourth action was filed on August

19   22, it was already well-reported in the "tech press" that class action suits against Western Digital and

20   SanDisk were pending.  Indeed, numerous stories about the _Krum_, _Perrin_, and _Jafri_ matters appeared

21   at the top of Google search results by simply typing in the phrase "SanDisk class action."[2]  In other

22

23   [1] Counsel for Plaintiff Krum in the first-filed _Krum_ action has conferred with Proposed Interim Class Counsel and supports this motion for the appointment of B&F and SGT as co-lead counsel.

24   [2] See, e.g., Scharon Harding, Western Digital, SanDisk Extreme SSDs Don't Store Data Safely, Lawsuit Says, ARSTECHNICA (Aug. 17, 2023), https://arstechnica.com/gadgets/2023/08/lawsuit-

25   takes-western-digital-to-task-over-sandisk-ssds-allegedly-erasing-data/; Michael Kan, Western Digital Hit With Class-Action Suit Over Faulty Portable SSDs, PCMAG (Aug. 18, 2023),

26   https://www.pcmag.com/news/western-digital-hit-with-class-action-suit-over-faulty-portable-ssds; Mark Tyson, WD's SSD Failures Stoke Class Action Lawsuit, TOM'S HARDWARE (Aug. 17,

27   2023), https://www.tomshardware.com/news/wd-faces-class-action-lawsuit-over-sandisk-extreme-pro-ssd-failures.

28

1    words, B&F and SGT filed novel lawsuits near-simultaneously; the others filed tag-along suits weeks

2    later, after the tech press reported on B&F and SGT's work.

3           The complaints in *Krum*, *Perrin*, and *Jafri* also represent substantial efforts of B&F, SGT,

4    and Plaintiff Krum's counsel to identify, research, and investigate the potential claims in this case.

5    As soon as they learned of each other's complaints, counsel for *Krum*, *Perrin*, and *Jafri* contacted

6    each other and began working in a cooperative endeavor, forging a strong working relationship –

7    *before* the fourth complaint was filed on August 22.  After the later-filed actions were related before

8    this Court, Proposed Interim Class Counsel took the lead in the preparation and submission of the

9    Joint Motion to Consolidate Cases (ECF No. 20), which was granted by this Court on October 25,

10   2023 (ECF No. 25).  Thus far, seven actions have been consolidated, and more actions are likely to

11   be filed.  Appointment of interim class counsel is warranted to protect the interests of the putative

12   class and to ensure the consolidated action proceeds efficiently.

13          Proposed Interim Class Counsel comprise a strong and highly knowledgeable litigation team

14   with decades of collective consumer products class action experience to effectively lead this

15   litigation on behalf of the putative Class.  Proposed Interim Class Counsel and their firms have been

16   repeatedly appointed to leadership positions in consumer electronics cases, as well as other large

17   class actions and multidistrict proceedings.  *See, e.g., Malone v. Western Digital Corporation,* No.

18   5:20-cv-3584 (N.D. Cal.) (representing a nationwide class of purchasers of Western Digital "WD

19   Red NAS" hard drives which used allegedly inferior Shingled Magnetic Record technology); *In re*

20   *NVIDIA GTX 970 Graphics Card Litig.*, No. 15-cv-0760 (N.D. Cal.) (representing a proposed

21   nationwide class of purchasers of NVIDIA GTX 970 graphics cards which did not perform as

22   advertised); *Hendricks v. StarKist Co.,* No. 13-cv-0729 (N.D. Cal.) (representing a nationwide class

23   of underfilled tuna can purchasers); *Melgar v. Zicam LLC, et al.,* No. 2:14-cv-0160 (E.D. Cal.)

24   (certifying 10-jurisdiction class of purchasers of cold remedies); *In re: Apple Data Privacy*

25   *Litigation,* No. 5:22-cv-07069 (N.D. Cal.) (representing a nationwide class of consumers who turned

26   off permissions for data tracking and whose mobile app activity was still tracked on iPhone mobile

27   devices); *In re: Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability*

28

1   *Litig.*, No. 21-cv-1230 (W.D. Pa.) (nationwide class of CPAP users whose devices were recalled due

2   to degradation of toxic sound abatement foam); *In re AllianzGI Structured Alpha Class Action Litig.*,

3   No. 21-cv-7154 (S.D.N.Y.) (nationwide class of investors in Allianz Global Investors hedge funds

4   and mutual funds who suffered billions in losses due to defendants' misrepresentations regarding

5   their investment strategy); *McGreevy v. Digital Currency Group*, No. 3:23-cv-0082 (D. Conn.)

6   (representing nationwide class of digital currency investors who lost billions due to defendants'

7   alleged fraudulent accounting practices and misrepresentations).  B&F and SGT's experience, in this

8   case and in similar cases, will allow them to efficiently manage pivotal issues, including standing,

9   technical issues related to data storage and class member identification, and damages.

10          In particular, Mr. Deckant of B&F is well-suited to serve as Interim Class Counsel given the

11   technical issues presented in this matter.  Prior to law school, Mr. Deckant worked as a Linux

12   Systems Administrator at a "dot com" company; he now serves as B&F's Head of Information & e-

13   Discovery.  Deckant Decl. ¶ 11.  In this role at B&F, Mr. Deckant personally commissions build-outs

14   and expansions of B&F's IT infrastructure, oversees the deployment of new servers and software

15   services, conducts security screenings and audits, ensures compliance with the terms of protective

16   orders regarding data security, serves as the firm's go-to "ESI liaison" for discovery disputes

17   regarding technical matters, interfaces with expert witnesses on projects involving technical matters

18   and source code review, approves contracts with software and support vendors, and routinely

19   provides guidance to the firm's managing partners on matters pertaining to computer infrastructure.

20   *Id.*  Mr. Deckant has personally built hundreds of computers – and deployed hundreds or thousands

21   of servers – in a professional capacity.  *Id.*  Mr. Deckant also has familiarity with the fundamentals

22   of electrical engineering as it relates to solid state drives.  *Id.*  Simply put, this case is directly in Mr.

23   Deckant's wheelhouse.  When documents are to be produced during discovery, Mr. Deckant will

24   "know what he is looking at," and he will be able to have meaningful conversations with the

25   appropriate expert witnesses.  *Id.*  Mr. Deckant's technical acumen will pay dividends to the class in

26   terms of efficiency and the quality of representation.

27

28

In sum, given the likely complexity of the issues in this case, the co-lead structure proposed by Moving Plaintiffs strikes the proper balance to ensure strong representation while avoiding duplication of effort.  Regular time and expense reporting, a strict timekeeping protocol, and detailed instructions for specific assignments, will result in streamlined and focused litigation.

## BACKGROUND AND PROCEDURAL BACKGROUND

This consolidated class action is brought against Defendants Western Digital Technologies, Inc., SanDisk, LLC, and Western Digital Corporation ("Defendants," or, "WD") for the manufacture, marketing, and sale of defective SanDisk Extreme, SanDisk Extreme Pro, and Western Digital My Passport portable Solid-State Drives ("SSDs," or, the "Drives"), which can spontaneously fail and wipe user data without warning (the "Defect").  *See Krum* Action, ECF No. 1 ("*Krum* Compl.") ¶ 13; *Perrin* Action, ECF No. 15, Ex. 4 ("*Perrin* Compl."), ¶ 3; *Jafri* Action, ECF No. 15, Ex. 3 ("*Jafri* Compl."), ¶ 1.  The Defect has been afflicting the Defendants' SSDs since November 2022 and WD has known about it since at least January 2023.  *Perrin* Compl. ¶¶ 24, 33.  Defendants have taken no action to materially remedy the situation; instead, they have continued to sell the Drives to unsuspecting consumers.  *Jafri* Compl. ¶ 4.

Throughout August 2023, the tech-press published a flurry of articles calling attention to the Defect and warning purchasers to backup their data and stop purchasing WD Drives.  *Id.* ¶ 35.  As consumers became aware of the scale of the Defect they began to take legal action.

The first class action complaint was filed against Defendants on August 15, 2023 by Plaintiff Krum.  ECF No. 1.  On August 17, within hours of each other, Plaintiffs Perrin and Jafri filed their own actions in this District.  *Perrin,* ECF No. 15 Ex. 4; *Jafri,* ECF No. 15 Ex. 3.  Five days later on August 22, 2023, *Pousa v. Western Digital Technologies, Inc., et al.*, No. 23-cv-4281 ("*Pousa*") was filed.  Then *Bax v. Western Digital Corporation*, No. 23-cv-4543 ("*Bax*") on September 5, 2023; *Jackson v. Western Digital Corporation, et al.*, No. 23-cv-4681 "*Jackson*") on September 12; and *Gary v. SanDisk, LLC, et al.*, No. 23-cv-4815 ("*Gary*") on September 19, 2023.

The cases were administratively related before this Court in a series of orders, as they rolled in.  *See* ECF Nos. 14, 16, 18, 28.  Concurrently, Proposed Interim Class Counsel took the lead in

coordinating and drafting the motion to consolidate (ECF No. 20) which this Court granted on

October 25, 2023.  ECF No. 26.  This class leadership motion follows.

### ARGUMENT

"Under Federal Rule of Civil Procedure 23(g)(3), a court 'may designate interim counsel to

act on behalf of a putative class before determining whether to certify the action as a class action.'"

*In re Stubhub Refund Litig.*, 2020 WL 8669823, at *1 (N.D. Cal. Nov. 18, 2020) (quoting Fed. R.

Civ. P. 23(g)(2)(A)).  Early class counsel appointments are particularly important where, as here,

cases have been consolidated and other cases may be filed by other counsel, including potentially in

other districts.  *See, e.g., Imran v. Vital Pharms., Inc.,* 2019 WL 1509180, at *10 (N.D. Cal. Apr. 5,

2019). "Courts typically look to the [Rule 23(g)(3)] factors used in determining the adequacy of class

counsel under Rule 23(g)(1)(A)."  *In re Stubhub Refund Litig.*, 2020 WL 8669823, at *1 (citation

omitted).  These factors are: (i) the work counsel has done in identifying or investigating potential

claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and

the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv)

the resources that counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(A).  Each

of these considerations supports the appointment of B&F and SGT as co-lead interim class counsel.

**I.     PROPOSED INTERIM CLASS COUNSEL SATISFY ALL FACTORS AND SHOULD BE APPOINTED INTERIM CLASS COUNSEL**

    **A.     Proposed Interim Class Counsel And Their Supporters Have Done Substantial and Original Work Investigating This Controversy and Filing The First Three Actions**

Among other tasks, Proposed Interim Class Counsel have performed the following work thus

far:

    a)  Researched the technical details of Defendants' SSDs and the nature of the Defect;

    b)  Investigated and analyzed Defendants' marketing of the Drives and response to the Defect;

    c)  Investigated the nature of the challenged conduct at issue here by interviewing dozens of potential clients, listening to their stories, and understanding how they were harmed;

d) Reviewed articles and combed through internet forums featuring other consumers' experiences with the SSDs to understand how consumers have been harmed on a class-wide basis;

e) Investigated the potential damages model necessary for claims in this action;

f) Evaluated Defendants' likely defenses based on extensive factual and legal research;

g) Evaluated the adequacy of the named Plaintiffs;

h) Drafted and served notice letter to the Defendants in this action;

i) Drafted and filed the complaints in the *Perrin* and *Jafri* actions;

j) Worked together and with counsel in the *Krum* action to efficiently advance the litigation;

k) Coordinated with counsel for plaintiffs in all other related actions to organize the motion to consolidate and avoid duplication of work efforts; and

l) Coordinated with defense counsel regarding the case and relevant issues.

Proposed Interim Class, along with counsel for Plaintiff Krum, after learning of each others' actions, began discussions to consolidate their efforts on August 21, 2023 – *before* any other firm had even filed their related complaints.  Deckant Decl. ¶ 10.  As more cases were filed and related before this Court, Proposed Interim Class Counsel spearheaded the consolidation effort by drafting the joint motion to consolidate (ECF No. 20) and reaching out to counsel for Plaintiffs in those other related cases for their approval.  Deckant Decl. ¶ 10.

Proposed Interim Class Counsel have conducted all the work necessary to prosecute this litigation thus far, and they stand ready, willing, and able to continue to devote the substantial effort and resources necessary to advance the claims of Plaintiffs and the proposed class.  Sloss Decl. ¶¶ 9-10; Deckant Decl. ¶ 9.  This is especially true considering each firm invested significant time and expense in crafting and concurrently filing three unique complaints, and then immediately reached out to one another to coordinate a united litigation effort on behalf of the putative class.  Sloss Decl. ¶ 9; Deckant Decl. ¶ 9.

Proposed Interim Class Counsel's independent investigative efforts and collaborative approach demonstrates the high standard of professionalism, dedication, and thoroughness that courts require and expect of class counsel.

**B.    Proposed Interim Class Counsel Are Highly Experienced in Handling Class Actions And Other Complex Litigation, And Have An Established History Of Cooperation In Prosecution Of Related Matters.**

The second factor the Court must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action."  Fed. R. Civ. P. 23(g)(1)(A)(ii).  Proposed Interim Class Counsel have substantial experience handling class actions involving consumer electronics, as well as other complex litigation.[3]  *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").

Appointment of co-lead class counsel is particularly appropriate here as there are many named plaintiffs and the case is likely to be large in scope, requiring the financial and human resources of multiple firms.  *Chacanaca v. Quaker Oats Co.*, 2011 WL 13141425, at *3 (N.D. Cal. June 14, 2011); *see also In Re 5-Hour Energy Marketing v. Innovation Ventures, LLC*, 2013 WL 12134144, at *3 (C.D. Cal. Nov. 08, 2013).

**Neal J. Deckant of Bursor & Fisher, P.A.**

Bursor & Fisher has won many contested class certification motions, including a motion to certify a nationwide class of purchasers of Hyland's cold and flu products, Capatriti 100% Pure Olive Oil, and a motion to certify New York and California classes of purchasers of Scotts Turf Builder EZ Seed.  *See Forcellati v. Hyland's, Inc.*, 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014); *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. Feb. 25, 2014); *In re Scotts EZ Seed Litig.*, No. 12-cv-4727 (S.D.N.Y. Jan. 26, 2015).  *See generally* Deckant Decl. Ex. A (Bursor & Fisher Firm Resume).  As United States District Judge Jed S. Rakoff of the Southern District of New York

---

[3] The background and experience of Class Counsel is set forth more fully in the firm resumes of B&F and SGT and the concurrently filed Declarations of Neal J. Deckant and Ian W. Sloss.

recognized in appointing Bursor & Fisher class counsel in *Ebin*, "Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims including claims against food manufacturers.  …  The firm has been appointed class counsel in dozens of cases in both federal and state courts and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008." *Ebin*, 297 F.R.D. at 566.  More generally, within the past seven years federal courts have appointed Bursor & Fisher to serve as interim class counsel in more than 30 putative class action cases involving a wide variety of false advertising claims.  *See* Deckant Decl. Ex. A at 1-3. For example, Judge Maxine Chesney of the Northern District of California appointed Bursor & Fisher as interim class counsel in a class action against Health-Ade, LLC, over objections of a competing plaintiff law firm.  Judge Chesney concluded that the attorneys at Bursor & Fisher "have more extensive experience in representing clients in false advertising cases, including a case factually similar to that here, and, in the instant case, have done a considerable amount of prefiling work in an effort to identify and plead potential claims."  Deckant Decl. Ex. B (*Bayol v. Health-Ade LLC*, No. 18-cv-1462, ECF No. 43).

The attorneys of Bursor & Fisher have been appointed lead or co-lead class counsel to some of the largest classes ever certified.  *See* Deckant Decl. Ex. A (Bursor & Fisher Firm Resume) at 1. In *Hendricks v. StarKist Co.*, Mr. Deckant and Bursor & Fisher crafted a settlement that resulted in the submission of over 2.4 million claims from class members, the largest number of claims ever submitted in the history of Rule 23 class actions.  *See* Deckant Decl. ¶ 3.  The firm also negotiated and obtained court-approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and second largest classes ever certified, respectively).  *See id*.  These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications.  *See id*.  Such superlative results are the product of consistency, and Bursor & Fisher attorneys routinely win certification of multi-state and nationwide classes.  *See Kaupelis v. Harbor Freight Tools USA, Inc*., 2020 WL 5901116, at *1 (C.D. Cal. Sept. 23, 2020) (certifying multi-state class of purchasers of defective chainsaws); *Martinelli v. Johnson & Johnson*, 2019 WL 1429653, at *10 (E.D. Cal. Mar. 29, 2019) (certifying multi-state class of purchasers of Benecol spreads); *Hart v.*

1   *BHH, LLC*, 2017 WL 2912519, at *9 (S.D.N.Y. July 7, 2017) (certifying nationwide and multi-state

2   classes of purchasers pest repellants); *Melgar v. Zicam LLC*, 2016 WL 1267870 at *7 (E.D. Cal.

3   Mar. 31, 2016) (certifying multi-state classes of purchasers of Zicam's homeopathic cold remedies);

4   *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. 2015); *Ebin v. Kangadis Food Inc.*, 297 F.R.D.

5   561 (S.D.N.Y. 2014); *Forcellati v. Hyland's, Inc.*, 2014 WL 1410264, at *13 (C.D. Cal. Apr. 9,

6   2014).  In total, within the past ten years, Bursor & Fisher lawyers have been court-appointed

7   counsel or interim class counsel in almost 50 class actions.  *See* Deckant Decl. Ex. A at 1-3.

8          Crucially, Bursor & Fisher possesses institutional knowledge of various types of hardware

9   and software technologies and has experience litigating these cases and achieving favorable and

10   meaningful outcomes on behalf of its clients.  In *Malone v. Western Digital Corp.*, No. 5:20-cv-3584

11   (N.D. Cal.), for example, the firm served as class counsel in a case involving some of Defendants'

12   hard drives using Shingled Magnetic Recording ("SMR") technology, which allegedly put customers

13   at a greater risk of data loss.  ECF No. 1, ¶¶ 1-2.  The case settled favorably, with Defendants

14   agreeing to pay $2.7 million to purchasers of the hard drives.  ECF No. 71.  Mr. Deckant and the

15   firm were also appointed co-lead counsel in *In re NVIDIA GTX 970 Graphics Card Litig.*,

16   representing a nationwide class of purchasers of graphics cards that allegedly had significantly less

17   useable memory storage than advertised.  No. 4:15-cv-0760 (N.D. Cal.), ECF No. 105; *see also id.*,

18   ECF No. 139 at 11 (Order granting settlement resulting in purchasers receiving $30 in damages for

19   every graphics card purchased).; Order Granting Final Approval ¶ 2, *Rivera v. Google LLC*, No.

20   2019-CH-0990 (Cir. Ct. Cook Cnty. Sep. 28, 2022) (approving $100 million class settlement to

21   resolve alleged biometric privacy violations of Illinois residents appearing on Google Photos

22   platform); *Ambrose v. Boston Globe Media Partners, LLC*, No. 1:22-cv-10195 (D. Mass. Sep. 8

23   2023), ECF No. 70 (representing and winning settlement approval for class of website subscribers

24   whose activity was tracked through the use of Meta's "Tracking Pixel" code, in violation of the

25   Video Protection Privacy Act).  The firm is also actively litigating cases in the consumer-rights and

26   technology space.  *See, e.g.*, *In re: Apple Data Privacy Litigation*, 5:22-cv-7069 (N.D. Cal. July 5,

27   2023), ECF No. 105 (order appointing B&F as co-lead interim class counsel for putative nationwide

28

class of all persons who turned off permissions for data tracking and whose mobile app activity was still tracked on iPhone mobile devices).

Equally important, Bursor & Fisher has proven that it can – and will – take cases to trial if necessary, having won multi-million-dollar verdicts or recoveries in six of six civil jury trials in consumer class actions since 2008.  Deckant Decl. ¶ 5.  For example, while serving as lead trial counsel in *Thomas v. Global Vision Products, Inc.*, Bursor & Fisher obtained a $50 million jury verdict in favor of the plaintiff and class on a CLRA claim.  *Id.*  Also, in *Ayyad v. Sprint Spectrum, L.P.*, Bursor & Fisher obtained a $299 million trial verdict for a class of Sprint customers on a claim for unjust enrichment.  *Id.*  Notably, in May 2019, Bursor & Fisher won a trial verdict, resulting in a class judgment of $267 million in a case pending in this District.  *See Perez v. Rash Curtis & Associates*, 2020 WL 1904533, at *21 (N.D. Cal. Apr. 17, 2020) (upholding $267 million award and noting "the general quality of the representation and the complexity and novelty of the issues" and that "[t]he benefit obtained for the class is an extraordinary result").

Further, as discussed above, Mr. Deckant previously worked as a Linux Systems Administrator at a "dot com" company, and he now serves as B&F's Head of Information & e-Discovery.  Deckant Decl. ¶ 11.  As discussed, Mr. Deckant personally commissions build-outs and expansions of the firm's IT infrastructure, oversees the deployment of new servers and software services, conducts security screenings and audits, ensures compliance with the terms of protective orders regarding data security, serves as the firm's go-to "ESI liaison" for discovery disputes regarding technical matters, interfaces with expert witnesses on projects involving technical matters and source code review, approves contracts with software and support vendors, and routinely provides guidance to the firm's managing partners on matters pertaining to computer infrastructure. *Id.*  Mr. Deckant has personally built hundreds of computers—and deployed hundreds or thousands of servers—in a professional capacity, and he has familiarity with the fundamentals of electrical engineering as it relates to solid-state drives.  *Id.*

**Ian W. Sloss of Silver Golub & Teitell, LLP**

Founded in 1978, SGT undertook its first class action in 1983, serving as class counsel in an ERISA action that obtained additional pension benefits for more than 40,000 Xerox Corporation pensioners.  Since then, SGT has achieved numerous notable, landmark victories on behalf of its clients.  For example, in the 1990's SGT served as lead private counsel for the State of Connecticut in its action against the American tobacco industry, recovering almost $4 billion for the State (which included a $350 million award in recognition that the SGT-led team's contribution was in the top five of the legal teams representing others states and entities involved), and in 1994 SGT achieved a False Claims Act ("FCA") whistleblower award of $150 million, at the time the largest-ever award recovered in an FCA action, against United Technologies Corporation.  More recently, in 2016, SGT achieved a settlement valued at over $250 million as count-appointed lead counsel for a class of more than 40,000 unionized Connecticut employees alleging that the firing of over 3,000 union members violated the First Amendment rights of free speech and free association of unions and their members.  *See State Emps. Bargaining Coalition v. Rowland*, No. 03-CV-221 (D. Conn.).

Ian Sloss co-manages SGT's class action and complex litigation practice and recently served as co-lead counsel for mutual fund and private hedge fund investors harmed by a multi-billion dollar, long-running fraud perpetrated by Allianz Global Investors U.S. LLC's ("AllianzGI") Structured Products Group and achieved remarkable results on their behalf.  Beginning in 2023, Mr. Sloss & SGT served as court-appointed co-class counsel for a putative class of institutional AllianzGI Structured Alpha private hedge fund investors alleging billions in losses.  U.S. District Judge Katharine P. Failla denied AllianzGI's motion to dismiss in substantial part in September 2021.  Ultimately, AllianzGI and the class representatives, as well as a series of investors who had instituted parallel individual actions and other investors in the Structured Alpha hedge funds (including investors represented by SGT), settled their matters with AllianzGI agreeing to provide the plaintiffs with restitution in 2022.  *See, e.g., In re AllianzGI Structured Alpha Class Action Litigation*, No. 20-cv-7154 (S.D.N.Y.).  Mr. Sloss and SGT then pursued claims on behalf of AllianzGI mutual fund investors and achieved a $145 settlement on their behalf which gained final approval in March 2023.

The mutual fund settlement represents an extraordinary recovery of over 60% of the estimated losses incurred.  *See Jackson v. Allianz Global Investors U.S. LLC*, Index No. 651233/2021 (N.Y.S.).

Mr. Sloss and SGT have also taken a leading national role in protecting individuals' digital privacy rights, obtaining precedential decisions from the Ninth and Seventh Circuits which provide pathways for individuals to vindicate their digital privacy rights via state law causes of action.  For example, SGT is lead counsel for a proposed class of children suing Google ("Google") and YouTube LLC ("YouTube") and children's entertainment companies that operated YouTube channels for allegedly illegally collecting, storing, analyzing children's data and using it to show them behavioral advertising in violation of state privacy and consumer protection laws.  *Hubbard v. Google LLC.* No. 5:19-cv-7016 (N.D. Cal.).  After the case was twice dismissed by the District Court as preempted by the Children's Online Privacy Protection Act, 15 U.S.C. §§ 6501–6506 ("COPPA"), SGT obtained a landmark unanimous decision from a Ninth Circuit Court of Appeals panel, which held that "COPPA's preemption clause does not bar state-law causes of action that are parallel to, or proscribe the same conduct forbidden by, COPPA," reversing the District Court's decision.  *Jones v. Google LLC*, 73 F.4th 636 (9th Cir. 2023).  This decision should allow parents and children to bring state law causes of action against violators of COPPA.

Mr. Sloss is also serving as court-appointed lead or co-lead counsel in several consumer class actions, including *Little v. Unilever*, No. 3:22-cv-1189 (D. Conn.) (nationwide class of purchasers of defectively dangerous dry shampoo), *Spearman et al. v. Nelnet Servicing, LLC*, No. 22-cv-3191 (D. Neb.) (data breach compromising sensitive financial data of 2.5+ million student loan borrowers), and *Ryan v. Greif,* No. 4:22-cv-40089 (D. Mass) (contamination of the drinking water of hundreds of Massachusetts residents with dangerous PFAS or "forever chemicals").  More select representative matters in which Mr. Sloss and SGT served or are serving in leadership roles can be found in the SGT Firm Resume.  *See* Sloss Decl. Ex. D.

### C.  Proposed Interim Class Counsel Have Substantial Knowledge Of the Applicable Law

As set forth above, Proposed Interim Class Counsel (along with the attorneys at their firms, B&F and SGT) have a long track record of successfully litigating large-scale consumer and complex

class actions, some before this Court, and are familiar with this Court's rules and procedures.  They are also deeply knowledge about the law applicable to the instant case, having extensive experience litigating consumer electronics and computer components cases.  *See supra* pp. 2-4.  Moreover, Proposed Interim Class Counsel are presently litigating and have won substantive decisions in many statutory consumer class action cases concerning consumer fraud.  *See generally* Deckant Decl. Ex. A (B&F firm resume) and Sloss Decl. Ex. D (SGT Firm Resume).  This work has provided Proposed Interim Class Counsel with specific experience regarding the statutes and claims at issue here, including prevailing on the merits and how to effectively structure pre-class certification discovery. That experience, along with their substantial track record in this area more generally, will allow them to skillfully litigate this case in the best interests of Plaintiffs and the putative class.

> **D.  Proposed Interim Class Counsel Are Committed to Representing and Advancing the Interests of the Class**

The final Fed R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports appointment of Proposed Interim Class Counsel.  Here, the putative class consists of potentially millions of consumers around the country.  A litigation of this size "justifies the pooling of resources and experience."  *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 2012 WL 5833604, at *1 (D. Del. Nov. 16, 2012) (citing *In re Exford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998)).  Proposed Interim Class Counsel collectively have the resources and commitment necessary to finance a case of this magnitude.[4] Indeed, in serving in leadership roles in complex, high-profile class actions before, Proposed Interim Counsel understand what is required to undertake litigation of this scale and are committed to marshaling every available resource to achieve a favorable result for the Class.  In fact, Proposed Interim Class Counsel have already demonstrated their commitment to this case by investing substantial, yet appropriate, resources and by coordinating among themselves to file this leadership proposal.  *See* Deckant Decl. ¶ 9; Sloss Decl. ¶¶ 9-10.

Where the class faces a well-financed adversary represented by capable and well-funded

---

[4] In the event that more resources are required to litigate this action, Proposed Interim Class Counsel propose that Chris W. Cantrell, counsel for Plaintiff Nathan Krum, serve as Liaison Counsel.

1  counsel, like Defendants here, the class should be afforded representation by counsel with similar

2  resources.  *See In re SSA Bonds Antitrust Litig.*, No. 16 Civ. 3711, 2016 U.S. Dist. LEXIS 178048, at

3  *11-12 (S.D.N.Y. Dec. 22, 2016) (noting that the appointed firms had "substantially more resources

4  at their disposal than the other applicant teams").  The team here meets this standard.

5         Bursor & Fisher and Silver Golub & Teitell are well-established law firms that have the

6  resources and personnel necessary to pursue a case of this magnitude, as they have demonstrated in

7  numerous similar class actions.  They are also geographically diverse, with offices spanning the

8  country, allowing them to easily work and communicate with all parties.  Importantly, Bursor &

9  Fisher has an office located within this District.  Deckant Decl. ¶ 2.  As a result, the firms can fully

10  utilize their resources and knowledge of local practice while minimizing attorneys' fees and costs,

11  including for travel to court hearings.  Proposed Interim Class Counsel have already demonstrated

12  the will and ability to commit the necessary resources to assure a strong and well-supported case on

13  behalf of members of the proposed class.  The firms' resources are not merely financial, but also

14  include substantial expertise and work-product as discussed above, which were developed in other

15  similar cases that will benefit Plaintiffs and the putative class.  Proposed Interim Class Counsel's

16  ability to draw from this well-developed repository of information will help streamline the litigation.

17         Other courts have opined on the resources and commitment of Bursor & Fisher in

18  representing clients in class action cases.  For instance, United States District Judge Morrison C.

19  England, Jr. of the Eastern District of California appointed Bursor & Fisher as interim class counsel

20  in *Melgar v. Zicam, LLC*, No. 2:14-cv-0160 (E.D. Cal. Oct. 29, 2014).  Deckant Decl. Ex. C.  Judge

21  England's order noted that Bursor & Fisher "has extensive experience representing plaintiffs in large

22  class actions, both in negotiating settlements and litigating through trial." *Id*. at 3.  Judge England

23  further commented that "Bursor & Fisher is a well-established, reputable firm that is up to handling

24  the challenges of this litigation and is capable of committing the requisite resources to doing so.  The

25  Court is confident that Bursor & Fisher will fairly and adequately represent the interests of the

26  class." *Id.* (citation omitted).  Similarly, United States District Judge Sarala Nagala recently noted

27  SGT's "significant experience and expertise in handling class actions" and "substantial size that

28

1   bring[s] the ability to commit significant time and resources" in appointing SGT co-lead counsel in

2   *In re Webster Bank Data Breach Litigation*, No. 3:23-cv-00567 (D. Conn.), ECF No. 33 (J. Nagala).

3       **E.      Proposed Interim Class Counsel Work Cooperatively,
                Efficiently, and Professionally with Each Other and with
4                Other Firms**

5       Bursor and Fisher and SGT have a strong working relationship forged via jointly prosecuting

6   several class actions together, including a recently filed action against the supplier of benzene-

7   contaminated aerosol spray propellant on behalf of a proposed nationwide class of consumers who

8   purchased the affected products.  *See Stewart v. Aeropress*, No. 23-cv-13207 (N.D. Ill. 2023).  In

9   every case they have worked on, together and with others, Mr. Sloss and Mr. Deckant, the proposed

10  Interim Class Counsel, and their firms have committed to working with civility, respect, and candor

11  towards co-counsel, the Court, and defense counsel.  While this case will be hard fought and

12  undoubtedly include good faith disagreements, the Court can rest assured that in appointing Proposed

13  Interim Class Counsel, this case will proceed with an underlying spirit of respect and, above all,

14  professionalism.  Proposed Interim Class Counsel are committed to working cooperatively,

15  inclusively, and efficiently on behalf of all Named Plaintiffs and the proposed class here.  *See* Sloss

16  Decl. ¶ 10; Deckant Decl. ¶ 10.

17  **II.     CONCLUSION**

18      For the foregoing reasons, the Court should appoint B&F and SGT as interim class counsel.

19

20  Dated: November 1, 2023                    Respectfully submitted,

21                                             **BURSOR & FISHER, P.A.**

22                                             By: ___/s/ *Neal J. Deckant*_____
                                                        Neal J. Deckant
23

24                                             Neal J. Deckant (State Bar No. 322946)
                                             1990 North California Boulevard, Suite 940
25                                             Walnut Creek, CA 94596
                                             Telephone: (925) 300-4455
26                                             Facsimile:  (925) 407-2700
                                             E-mail: ndeckant@bursor.com
27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SILVER GOLUB TEITELL, LLP**
Ian W. Sloss
One Landmark Square, Floor 15
Stamford, CT 06901
Tel: (203) 425-4491
E-mail: isloss@sgtlaw.com

*Proposed Interim Class Counsel*