Rosemary M. Rivas (SBN 209147)
rmr@classlawgroup.com
Rosanne L. Mah (SBN 242628)
rlm@classlawgroup.com
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: (510) 350-9700
Facsimile:  (510) 350-9701

*Counsel for Plaintiff Fran Bax*

Alan M. Mansfield (SBN 125998)
amansfield@whatleykallas.com
**WHATLEY KALLAS LLP**
1 Sansome Street, 35th Floor, PMB #131
San Francisco, CA 94104

16870 West Bernardo Drive, Ste 400
San Diego, CA 92127
Telephone: (619) 308-5034
Facsimile:  (888) 341-5048

*Counsel for Plaintiffs Emilio Pousa and
Gerald Gott*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re Sandisk SSDS Litigation | Case No. 23-cv-04152-VC |
| | **PLAINTIFFS FRAN BAX, EMILIO POUSA, AND GERALD GOTT'S NOTICE OF MOTION AND MOTION TO APPOINT ROSEMARY M. RIVAS AND ALAN M. MANSFIELD AS INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| This document relates to:<br><br>ALL ACTIONS | |

Hearing Date:   December 14, 2023
Time:           10:00 a.m.
Courtroom:      4, 17th Floor
Judge:          Hon. Vince Chhabria

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on December 14, 2023, at 10:00 a.m., in Courtroom 4, 17th Floor of the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Vince Chhabria, Plaintiffs Fran Bax, Emilio Pousa, and Gerald Gott (collectively, "Plaintiffs"), will, and hereby do, jointly move pursuant to Federal Rule of Civil Procedure 23(g)(3) to appoint as Interim Co-Lead Class Counsel for the proposed class members: (i) Rosemary M. Rivas of Gibbs Law Group LLP and (ii) Alan M. Mansfield of Whatley Kallas LLP. Counsel for Plaintiffs have advised counsel for Defendants of the filing of this Motion and will serve a copy of this Motion upon them. Defendants have stated they take no position on this Motion. *See* Declaration of Alan M. Mansfield at ¶21.

This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities below; the Declarations of Rosemary M. Rivas and Alan M. Mansfield and exhibits thereto; all pleadings and papers filed herein and in each case; and such additional evidence and argument as the Court may consider in the course of determining this Motion.

Dated: November 1, 2023                    Respectfully submitted,

**GIBBS LAW GROUP**

*/s/ Rosemary M. Rivas*
Rosemary M. Rivas
Rosanne L. Mah
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
rmr@classlawgroup.com
rlm@classlawgroup.com

1

PLAINTIFFS FRAN BAX, EMILIO POUSA, AND GERALD GOTT'S NOTICE OF MOTION AND MOTION TO APPOINT ROSEMARY M. RIVAS AND ALAN M. MANSFIELD AS INTERIM CO-LEAD CLASS COUNSEL

**WHATLEY KALLAS, LLP**
Alan M. Mansfield
1 Sansome Street, 35th Floor, PMB #131
San Francisco, CA 94104

16870 W. Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: (619) 308-5034
Facsimile:  (888) 341-5048
amansfield@whatleykallas.com

*Counsel for Plaintiffs Fran Bax, Emilio Pousa, and
Gerald Gott, and the Proposed Class*

PLAINTIFFS FRAN BAX, EMILIO POUSA, AND GERALD GOTT'S NOTICE OF MOTION
AND MOTION TO APPOINT ROSEMARY M. RIVAS AND ALAN M. MANSFIELD AS
INTERIM CO-LEAD CLASS COUNSEL

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................. 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ......................................... 3

III.  ROSEMARY M. RIVAS OF GIBBS LAW GROUP AND ALAN M. MANSFIELD
      OF WHATLEY KALLAS ARE BEST ABLE TO REPRESENT THE CLASS ........... 3

      A.  Legal Standard ...................................................................................... 3

      B.  Gibbs Law Group and Whatley Kallas' work to date demonstrates their
          commitment to the proposed Class members ..................................................... 4

      C.  Proposed Interim Co-Lead Class Counsel have extensive knowledge of the law
          and experience litigating class actions involving product defects ................................. 6

          1.  Rosemary M. Rivas and Gibbs Law Group ............................................. 6

          2.  Alan M. Mansfield and Whatley Kallas LLP ......................................... 9

      D.  Proposed Interim Co-Lead Class Counsel are committed to devoting significant
          time, energy, and resources to the case ........................................................ 11

      E.  Other Factors Support the Appointment of Ms. Rivas and Mr. Mansfield................... 12

          1.  Gibbs Law Group and Whatley Kallas have a proven history of teamwork
              and also have the support of other Plaintiffs' counsel ............................... 12

          2.  Appointing Ms. Rivas and Mr. Mansfield Interim Co-Lead Class Counsel
              furthers important interests by promoting diversity in law...................... 14

IV.   PLAINTIFFS' PROPOSED LEADERSHIP STRUCTURE IS EFFICIENT AND
      PROPORTIONATE TO THE NEEDS TO THE CASE ................................. 15

V.    CONCLUSION ................................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Adedipe v. U.S. Bank, Nat'l Ass'n,*
  Nos. 13-2687-JNE/JJK, 13-2294-JNE/JKK, 2014 WL 835174 (D. Minn. Mar. 4, 2014) ......... 5

*City of Providence v. AbbVie Inc*.,
  No. 20-cv-5538 (LJL), 2020 WL 6049139 (S.D.N.Y. Oct. 13, 2020) ...................................... 3

*Four in One Co. v. SK Foods, L.P.,* No. 2:09-cv-00442-MCE-EFB,
  2009 WL 747160 (E.D. Cal. Mar. 19, 2009) ............................................................................ 4

*Holcomb v. Hosp. Sisters Health Sys.*,
  Nos. 3:16-cv-03282, 3:16-cv-03296, 2017 WL 10543400 (C.D. Ill. Jan. 18, 2017)............... 11

*In re: Fairlife Milk Prods. Mktg. & Sales Practices Litig.,*
  No. 19-cv-3924, 2020 WL 362788 (N.D. Ill. Jan. 22, 2020)................................................... 14

*In re: Google Play Developer Antitrust Litig*.,
  No. 3:20-cv-05792-JD, ECF 79 (N.D. Cal. Dec. 11, 2020)..................................................... 14

*In re IndyMac ERISA Litig.*,
  No. CV0804579, 2008 WL 11343122 (C.D. Cal. Oct. 7, 2008) ........................................ 5, 13

*In re: Insulin Pricing Litig.,*
  No. 3:17-cv-0699-BRM-LHG, 2017 WL 4122437 (D.N.J. Sept. 18, 2017)........................... 11

*In re: Mercedes-Benz Tele Aid Contract Litig.*,
  No. 07-2720 (DRD), 2011 WL 4020862 (D.N.J. Sept. 9, 2011)............................................. 11

*In re: Robinhood Outage Litig*.,
  No. 20-cv-01626-JD, 2020 WL 7330596 (N.D. Cal. July 14, 2020)....................................... 14

*Owens v. FirstEnergy Corp*.,
  Nos. 2:20-cv-03785, 2:20-cv-04287, 2020 WL 6873421 (S.D. Ohio Nov. 23, 2020) ............. 14

*Sugarman v. Ducati N. Am., Inc.*,
  No. 5:10-cv-0526-JF, 2012 WL 113361 (N.D. Cal. Jan. 12, 2012) ........................................ 11

*Sky Fed. Credit Union v. Fair Isaac Corp.* (*In re: FICO Antitrust Litig.*),
  No. 20-CV-04575, 2021 WL 4478042 (N.D. Ill. Sept. 30, 2021) ........................................... 14


**Rules**

Fed. R. Civ. P. 23(g) ...........................................................................................................*passim*

**Other Authorities**

Manual for Complex Litigation (Fourth) (2004) ..................................................................... 4, 13

Bolch Judicial Institute, Duke Law School Guidelines and Best Practices for Large and Mass
    Tort MDLs (2d ed. Sept. 2018) ...................................................................................... 4, 12, 14

TABLE OF AUTHORITIES

## STATEMENT OF ISSUE TO BE DECIDED (Civil L.R. 7-4(a)(3))

Should the Court enter an Order appointing Rosemary M. Rivas of Gibbs Law Group LLP and Alan M. Mansfield of Whatley Kallas LLP as Interim Co-Lead Class Counsel to pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure?

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This consolidated litigation consists of numerous class actions[1] that were filed at approximately the same time beginning in August 2023. The actions arise from common allegations that Defendants designed, manufactured, distributed, marketed, and sold defective portable solid-state hard drives (SSDs), namely, the SanDisk Extreme Pro, Extreme Portable, Extreme Pro Portable, and WD MyPassport SSD models (referred to herein as the "Extreme Pro SSD hard drives") with various storage capacities. The Plaintiffs allege that the Extreme Pro SSD hard drives contained a defect resulting in purchasers nationwide losing the ability to access data stored on these hard drives and on many occasions suffering complete data loss. Pursuant to the Court's Order of October 25, 2023 and Fed. R. Civ. P. 23(g)(3), Plaintiffs Fran Bax, Emilio Pousa, and Gerald Gott hereby move for appointment of their counsel—Rosemary M. Rivas of Gibbs

---

[1] The consolidated actions are: *Krum v. Western Digital Technologies, Inc., et al.*, No. 23-cv-04152-VC (filed Aug. 15, 2023); *Perrin v. SanDisk LLC, et al.*, No. 23-cv-04201-VC (filed Aug. 17, 2023); *Jafri v. SanDisk LLC, et al.*, No. 23-cv-04206-VC (filed Aug. 17, 2023); *Pousa v. Western Digital Technologies, Inc., et al.*, No. 23-cv-04281-VC (Aug. 22, 2023); *Bax v. Western Digital Corp.,* No. 23-cv-04543-VC (filed Sept. 5, 2023); *Jackson v. Western Digital Corp., et al.*, No. 23-cv-04681-VC (filed Sept. 12, 2023); and *Gary v. SanDisk LLC, et al.*, No. 23-cv-04815-VC (filed Sept. 19, 2023). *McKinney v. SanDisk LLC, et al.*, Case No. 23CV422051 (Santa Clara County Superior Court), was filed on August 29, 2023 and removed to this Court on October 31, 2023 and assigned Case No. 5:23-cv-05603-SVK. A Notice of Related Case was filed on November 1, 2023. *See* Dkt. No. 30. Counsel for the *McKinney* action are in the process of filing an administrative motion to relate the *McKinney* action so that it can be consolidated with these other actions. These eight actions are collectively referred to herein as the "Related Actions."

Law Group LLP and Alan M. Mansfield of Whatley Kallas, LLP —as Interim Co-Lead Class Counsel for the proposed Class members.

Proposed Interim Co-Lead Class Counsel are the right team to guide this litigation for all plaintiffs and the proposed Class members. As set forth in the supporting declarations, for decades, the lawyers at Gibbs Law Group and Whatley Kallas have successfully represented consumers in class action suits involving product defects and other complex litigation and have recovered billions of dollars on their behalf. Rosemary M. Rivas of Gibbs Law Group and Alan M. Mansfield of Whatley Kallas will use their decades of experience and effective leadership skills they have gained from judicial appointments and their work in other complex class action suits, including MDL cases, to prosecute this case aggressively and efficiently on behalf of affected consumers nationwide. With over 60 lawyers in offices around the country, they have the necessary resources to prosecute and take this case to trial. Proposed Interim Co-Lead Class Counsel have the support of a majority of the plaintiffs' counsel who filed the Related Actions, and also have developed a working relationship with counsel for Defendants.[2]

As Plaintiffs explain in more detail below, based on the applicable criteria for consideration of the appointment of interim class counsel, Ms. Rivas and Mr. Mansfield and their respective firms are "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). They thus respectfully request that the Court appoint Rosemary M. Rivas of Gibbs Law Group and Alan M. Mansfield of Whatley Kallas as Interim Co-Lead Class Counsel.

---

[2] Counsel for Plaintiffs in the *Jackson* and *McKinney* actions support this application. Mansfield Decl. ¶ 20. It is the undersigned's understanding that counsel in the *Krum, Perrin, Jafri* and *Gary* actions will file a separate application. Counsel of record for the plaintiffs in the *Perrin* action also represent the plaintiffs in the *Gary* action.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Beginning on August 15, 2023 and through September 19, 2023, the Related Actions were filed in both this District and in Santa Clara County Superior Court alleging that Defendants manufactured and sold defective SSDs. The Related Actions all allege similar claims for violations of various consumer protection statutes, breach of express and implied warranties, violations of the Magnusson-Moss Warranty Act, unjust enrichment, and fraudulent misrepresentations, among other causes of action. On October 25, 2023, the Court granted the joint motion filed by the plaintiffs to consolidate the Related Actions pending before the Court at that time, and set a deadline of November 1, 2023 for the filing of interim counsel applications.

## III.    ROSEMARY M. RIVAS OF GIBBS LAW GROUP AND ALAN M. MANSFIELD OF WHATLEY KALLAS ARE BEST ABLE TO REPRESENT THE CLASS

### A.     Legal Standard.

Courts consider the following factors in appointing interim counsel:

(i)     the work counsel has done in identifying or investigating potential claims in the action;

(ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)   counsel's knowledge of the applicable law; and

(iv)    the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A). Other factors related to "counsel's ability to fairly and adequately represent the interests of the class" may also be considered. Fed. R. Civ. P. 23(g)(1)(B). Among these factors, "courts have emphasized the importance of diversity in their selection of counsel." *City of Providence v. AbbVie Inc*., No. 20-cv-5538 (LJL), and related actions, 2020 WL 6049139, at *6 (S.D.N.Y. Oct. 13, 2020).

Where, as here, more than one attorney or law firm seeks appointment as interim class counsel, the Court "must itself endeavor to select counsel best able to represent the interests of the purported class." *Four in One Co. v. SK Foods, L.P.*, No. 2:09-cv-00442-MCE-EFB, 2009 WL 747160, at *2 (E.D. Cal. Mar. 19, 2009) (citing Fed. R. Civ. P. 23(g)(2)); *see* Manual for Complex Litigation (Fourth) ("Manual"), § 21.272 ("In the 'selection from competing counsel' approach, the judge selects from counsel who have filed actions, are unable to agree on a lead class counsel, and are competing for appointment. The lawyer best able to represent the class's interests may emerge from an examination of the factors.").

In addition, the Manual and the Bolch Judicial Institute, Duke Law School Guidelines and Best Practices for Large and Mass-Tort MDLs (2d ed. Sept. 2018) ("Best Practices"),[3] provide additional guidance for appointment of lead counsel. Applying criteria from the Manual and the Best Practices (i) helps to ensure that leadership groups are "not [ ] so large as to defeat the purpose of making such appointments"; (ii) establishes factors for assessing counsel's qualifications, resources, and ability to command the respect of the bar; and (iii) confirms that the proposed team will "fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds." *See* Manual, § 10.221; Best Practices at 38. Here, Gibbs Law Group and Whatley Kallas best satisfy the totality of Rule 23(g)'s criteria and the recommendations set forth in both the Manual and the Best Practices.

**B.     Gibbs Law Group and Whatley Kallas' work to date demonstrates their commitment to the proposed Class members.**

The first factor courts consider when appointing interim counsel is the work and resources counsel have expended investigating the claims asserted. *See, e.g., Adedipe v. U.S. Bank, Nat'l*

---

[3] Available at https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf (last visited Oct. 30, 2023).

*Ass'n,* Nos. 13-2687-JNE/JJK, 13-2294-JNE/JKK, 2014 WL 835174, at *3 (D. Minn. Mar. 4, 2014) (appointing interim class counsel because they "devoted the more substantial effort towards pre-suit investigation and identification of the claims"); *In re IndyMac ERISA Litig.,* No. CV0804579, 2008 WL 11343122, at *2 (C.D. Cal. Oct. 7, 2008) (same). The work that Gibbs Law Group and Whatley Kallas have performed thus far demonstrates their commitment to this case. To start, before and since filing complaints on behalf of Plaintiffs and the proposed Class, they conducted thorough investigations that included analyzing reports concerning the failure of the SSDs; reviewing information from well over 130 affected consumers about their experience with the SSDs; and researching the most meritorious claims to bring against Defendants by reviewing and analyzing the representations they made regarding the products, the applicable warranties, and the common nature of the defect at issue. Rivas Decl. at ¶ 11; Mansfield Decl. at ¶ 8. They also prepared and served the required CLRA and evidence preservation letters to both Defendants and third parties; prepared a proposed protective order and ESI protocol and order based on the model exemplars provided for use in this District; and interviewed potential experts for the case. Mansfield Decl. at ¶ 6-7; Rivas Decl. at ¶ 11.

Based on their investigation, including a thorough analysis of public records, they have identified several potential witnesses and numerous categories of documents to pursue in discovery. Rivas Decl. at ¶ 11; Mansfield Decl. at ¶ 7. As a result, Gibbs Law Group and Whatley Kallas will be in in a position to file a detailed consolidated complaint by the deadline set by the Court that they believe will withstand any motion to dismiss.

Gibbs Law Group and Whatley Kallas have also pushed the case forward. In addition to the above work, they took part in drafting the consolidation motion and also coordinated a joint Rule 26(f) conference with all Plaintiffs' counsel and counsel for Defendants in advance of the

November 17, 2023 Case Management Conference scheduled by the Court. Mansfield Decl. at ¶ 9. They have also taken the lead in preparing the joint report from that meeting, which is due November 9, 2023. *Id.*

Proposed Interim Co-Lead Class Counsel will continue to operate as a cohesive, well-organized team. Going forward, and if appointed, they will establish a standardized protocol for managing and reporting time and expenses incurred to prosecute the case as efficiently as possible. Work assignments will be allocated in a manner that takes advantage of the strengths of each firm while eliminating duplication. The substantial work and investigation to date weigh in favor of appointing Ms. Rivas and Mr. Mansfield and their respective firms as Interim Co-Lead Class Counsel.

**C.      Proposed Interim Co-Lead Class Counsel have extensive knowledge of the law and experience litigating class actions involving product defects.**

**1.      Rosemary M. Rivas and Gibbs Law Group.**

Since its 2014 founding, Gibbs Law Group has provided plaintiffs in complex cases with the highest caliber of representation.[4] That representation has led, in less than a decade, to the recovery of over $2.5 billion for the firm's clients. *Id.* In 2019, the *Daily Journal* named Gibbs Law Group a "Top Boutique Law Firm" while *Law360* recognized the firm as having the "Class Action Practice Group of the Year." This year, *Chambers USA* named Gibbs Law Group as a top law firm in Litigation: Mainly Plaintiffs. Rivas Decl. at ¶ 2.

Much of the firm's success has come in cases like this one—consumer class actions involving product defects and claims for violations of various consumer protection statutes and breach of warranties. Rivas Decl. at ¶ 4. Recently, in *In re: Pacific Fertility Center Litig.,* No.

---

[4] The qualifications of Gibbs Law Group are set forth in the resume attached as Exhibit A to the accompanying Declaration of Rosemary M. Rivas.

3:18-cv-01586-JSC (N.D. Cal.), as co-lead trial counsel, Gibbs Law Group's lawyers *proved* that Chart Inc.'s cryogenic tank contained manufacturing and design defects and obtained a jury verdict of $14.975 million on behalf of patients who tragically lost eggs and embryos in a catastrophic tank failure. The jury verdict led to settlements for over 150 additional families. *Id.* at ¶ 5.

Gibbs Law Group's attorneys have also played a lead role in numerous other product defect, breach of warranty, and fraudulent misrepresentation cases, such as *In re: Hyundai & Kia Fuel Economy Litig.*, No. 2:13-ml-02424-GW-FFM (C.D. Cal.), which culminated in a $210 million settlement. In multidistrict litigation involving Honda vehicles, the court not only selected Gibbs Law Group's attorneys over a competing firm to lead the case, but later praised them for delivering a nationwide settlement: "You made it very easy to deal with this case and clearly your years of expertise have carried the day here." *In re: Am. Honda Motor Co., Inc., CR-V Vibration Mktg. and Sales Practices Litig.*, No. 2:15-md-2661, ECF No. 108 at 27:14-16 (S.D. Ohio Dec. 7, 2018). Similarly, in *Glenn v. Hyundai Motor Company*, after Gibbs Law Group's attorneys delivered a nationwide settlement valued at over $30 million, Judge David Carter called it "an extraordinarily creative solution" for "an extraordinarily complex case." Rivas Decl. at ¶ 6. Judge Carter commended counsel as "really doing an outstanding job." *Id.*

The team of attorneys here is particularly qualified to see this case through to a successful finish. Gibbs Law Group partner Rosemary M. Rivas has significant leadership and litigation experience in multidistrict litigation. She was one of 21 lawyers out of about 150 applicants appointed as plaintiffs' counsel in *In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, MDL No. 2672 (N.D. Cal.), which settled for approximately $14.7 billion. Recently, Ms. Rivas was part of the team representing the plaintiffs and proposed class in the *Porsche Gasoline Litig.,* MDL No. 2672 (N.D. Cal.), which settled for $80 million in cash. She

MEMORANDUM OF POINTS AND AUTHORITIES

also helped litigate the class action titled, *In re: Apple Inc. Device Performance Litig.*, No. 5:18-md-02827 (N.D. Cal.), that paid over $300 million to consumers based on allegations that Apple intentionally slowed down consumers' iPhones. And as one of Class Counsel in the *Lash Boost Cases,* CJC-18-004981 (San Francisco Super. Ct.), Ms. Rivas helped secure a settlement of $30 million in cash and $8 million in credits for consumers who alleged that Rodan + Fields failed to disclose material information relating to its Lash Boost product, namely, the potential side effects and risks of adverse reactions presented by the ingredient Isopropyl Cloprostenate.[5] Rivas Decl. at ¶ 7.

Judge Roy Altman commended Ms. Rivas and her co-counsel at the final approval hearing in another class action matter "on a job done very, very well done" and stated that the settlement was a "successful resolution of a difficult case and . . . a very, very fair result" for the class. *In re: Citrix Data Breach Litig.,* No. 19-cv-61350-ALTMAN/Hunt. *Id.* For her work on behalf of consumers, Ms. Rivas received a California Lawyer of the Year ("CLAY") Award, which is given annually to outstanding California practitioners whose extraordinary work and cases had a major impact on the law. Additionally, Ms. Rivas has been repeatedly recognized as a Super Lawyer from 2019-2023. Moreover, Bay Area Legal Aid presented Ms. Rivas with the Guardian of Justice award for her work achievements in the law and her role in helping to ensure equal access to the civil justice system. Based on her experience, Ms. Rivas routinely speaks on matters relating to

---

[5] Other product defect and false advertising cases Ms. Rivas has litigated include: *Lima v. Gateway,* No. 8:09-cv-01366 (C.D. Cal.) (co-lead class counsel in nationwide class action involving defective monitors; achieved $195 refund for each monitor purchased); *Pappas v. Naked Juice*, No. 2:11-cv-08276 (C.D. Cal.) (co-lead class counsel in nationwide class action involving falsely advertised beverages; $9 million cash fund and changes to the company's testing procedures and product labels); *Garcia v. Allergan*, Inc., No. 09-cv-7088 (C.D. Cal.) (co-lead class counsel; achieved $7.75 million settlement fund and changes to the company's training procedures in class action alleging Allergan engaged in off-label advertising).

MEMORANDUM OF POINTS AND AUTHORITIES

consumer protection and class action procedure as set forth in the firm's resume. Rivas Decl. at ¶ 8.

Ms. Rosanne L. Mah, who will assist Ms. Rivas in the case, has over 17 years of experience and represents consumers in complex class action litigation. Most recently, Ms. Mah represented consumers whose pets died or became ill after consuming foods that had excessive levels of aflatoxin in *In re: Midwestern Pet Foods Mktg., Sales Practices and Prods. Liab. Litig.,* No. 3:21-cv-00007 (S.D. Ind.), which settled for $6.75 million and received final approval. Rivas Decl. at ¶ 9. Gibbs Law Group is able, ready, and willing to commit additional attorneys and support personnel to this litigation as necessary. The biographies of other Gibbs Law Group attorneys are set forth in the firm resume attached as Exhibit A to the accompanying Declaration of Rosemary M. Rivas.

### 2.   Alan M. Mansfield and Whatley Kallas LLP.

As set forth in the accompanying Declaration of Alan M. Mansfield, Whatley Kallas LLP is one of the preeminent firms pursuing class action litigation nationwide. Whatley Kallas has been appointed as lead and co-lead counsel in numerous highly complex class action lawsuits throughout the United States, including *In re Blue Cross Blue Shield Antitrust Litigation*, MDL No. 2406 (N.D. Ala.), which is currently one of the largest anti-trust class actions pending in the United States. They have consistently demonstrated their willingness to devote the resources necessary to prosecute complex class action litigation. A summary of some of the firm's major cases is available for the Court's review at https://whatleykallas.com/sample-cases/. See also Mansfield Decl. at ¶11, Ex. 1.

Mr. Mansfield's primary focus of practice since 1989 has involved various types of class action litigation, and for the last 34-plus years he has focused his practice on various types of

consumer protection, false advertising, and product defect class action litigation. In terms of his knowledge of the applicable law, he has both lectured and written chapters of a treatise and numerous articles about the CLRA, the UCL and nationwide class certification issues. He recently secured a major victory before the California Supreme Court as to who has standing to seek relief under the UCL (*California Med. Ass'n. v. Aetna Health of California Inc.*, 14 Cal. 5th 1075 (opinion issued July 17, 2023)). He also has been either the primary attorney, or one of the primary attorneys, in over 120 reported decisions before the California Supreme Court, California Court of Appeal, Ninth Circuit and federal appellate district courts throughout the United States on a variety of consumer protection related issues. And between 2001 and 2009, his prior firm for which he was the managing partner (Rosner & Mansfield) focused primarily on claims for defective products under California's warranty laws, including under the Song-Beverly Warranty Act, both on an individual and class-wide basis. *See* Mansfield Decl. at ¶13-14, Ex. 2.

The other members of the Whatley Kallas litigation team include Edith Kallas, who was appointed Co-Lead Counsel for the Provider Plaintiffs in *In re Blue Cross Blue Shield Antitrust Litigation*, MDL No. 2406 and has over 30 years of class action experience (Mansfield Decl. at ¶16); Joe Whatley, who is an experienced trial lawyer that over the past 40 years has tried numerous cases, including class actions, to successful jury verdicts for plaintiffs and defendants (*Id.* at ¶17); and Patrick Sheehan, who has represented consumers and businesses in a wide array of consumer class action litigation for nearly 25 years, including a number of cases litigated in California and/or litigated under California's consumer protection laws. *Id*. at ¶18. Their full attorney biographies are available for review at https://www.whatleykallas.com/attorneys.

**D.      Proposed Interim Co-Lead Class Counsel are committed to devoting significant time, energy, and resources to the case.**

The best predictor of the time and resources an attorney or law firm will devote to a case is what they have delivered in the past. *See, e.g., Holcomb v. Hosp. Sisters Health Sys.*, Nos. 3:16-cv-03282, 3:16-cv-03296, 2017 WL 10543400, at *2 (C.D. Ill. Jan. 18, 2017) (court considered the "track records" of counsel in determining whether counsel "have significant resources to devote to [the] matter"); *see also In re: Insulin Pricing Litig.,* No. 3:17-cv-0699-BRM-LHG, and related actions, 2017 WL 4122437, at *3 (D.N.J. Sept. 18, 2017) (appointing counsel who had "successfully tried claims against comparable defendants" in previous cases). Gibbs Law Group and Whatley Kallas have a track record of vigorously representing consumers in cases like this one to successful conclusion.

Gibbs Law Group has over 30 attorneys in California, Ohio, and Texas—all of whom represent plaintiffs in complex litigation—complemented by a full team of non-lawyer professionals. In past litigation, whether in product defect cases or otherwise, the firm's attorneys have always matched the resource commitment and focus of the opposition, no matter how intense and long lasting the litigation. *See, e.g., In re: Mercedes-Benz Tele Aid Contract Litig.*, No. 07-2720 (DRD), 2011 WL 4020862, at *8 (D.N.J. Sept. 9, 2011) (recognizing that the case "involved years of difficult and hard-fought litigation by able counsel on both sides"); *Sugarman v. Ducati N. Am., Inc.*, No. 5:10-cv-05246-JF, 2012 WL 113361, at *6 (N.D. Cal. Jan. 12, 2012) ("The Court recognizes that class counsel assumed substantial risks and burdens in this litigation."). In *Skold v. Intel Corp.*, No. 1-05-cv-039231 (Santa Clara Super. Ct.), Gibbs Law Group attorneys spent over ten years in litigation, advanced *over two million dollars* on behalf of the class and obtained nationwide class certification followed by a settlement on the eve of trial. The litigation involved multiple appeals and over 130 depositions across the country. When the court granted final

11

approval of the settlement, it recognized the firm's efforts: "It is abundantly clear that Class Counsel invested an incredible amount of time and costs in a case which lasted approximately 10 years with no guarantee that they would prevail . . . . Simply put, Class Counsel earned their fees in this case." Rivas Decl. at ¶ 10.

Similarly, as set forth in the Mansfield Declaration, Whatley Kallas has numerous attorneys and professionals in California, Alabama, Colorado, Massachusetts, New York, Georgia, New Hampshire, and Florida. They represent both individual consumer plaintiffs and health care business plaintiffs, including major hospitals and providers nationwide, in complex litigation, and have secured appointments as lead and co-lead counsel for well over 30 years in numerous consumer protection class action lawsuits. Mansfield Decl. at ¶11.

### E.    Other Factors Support the Appointment of Ms. Rivas and Mr. Mansfield.

#### 1.    Gibbs Law Group and Whatley Kallas have a proven history of teamwork and also have the support of other Plaintiffs' counsel.

The proven history of Gibbs Law Group and Whatley Kallas working together successfully in other matters weighs heavily in favor of their appointment to lead this litigation. *See* Best Practices at 43-44 ("The transferee judge may take into account whether counsel applying for leadership roles have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs."). They have worked together in several matters, including in *In re: Hyundai & Kia Fuel Economy Litig., supra*.

Ms. Rivas and Mr. Mansfield also have had positive working relationships with other plaintiffs' counsel in this case on a number of cases, including *In re NVIDIA GTX 970 Graphics Chip Litigation*, 3:15-cv-00760-CRB (N.D. Cal.) (order dated May 13, 2015), a class action lawsuit relating to complex product defect and false advertising claims that counsel were able to settle after years of litigation for a settlement valued at over $30 million. Mansfield Decl. at ¶15.

Proposed Interim Co-Lead Class Counsel have worked with virtually all of the other Plaintiffs' counsel in other class action litigation, and all are accomplished attorneys who have demonstrated their willingness to work cooperatively and efficiently together.  Whatever the outcome (including, if the Court deems it appropriate, appointing other counsel to formal roles in the undersigned's proposed team, such as an Executive Committee including counsel from the *Jackson* and *McKinney* actions among others), Gibbs Law Group and Whatley Kallas are willing to work with any plaintiffs' counsel, as directed by the Court and as needed to best prosecute this case. Mansfield Decl. at ¶ 20.

It is also important to note that Ms. Rivas and Mr. Mansfield have the support of the majority of the plaintiffs' counsel who filed the Related Actions. *Id.* Ms. Rivas and Mr. Mansfield, however, have not made any promises or any guarantees of work to those firms supporting them. *Id.* These facts underscore Ms. Rivas' and Mr. Mansfield's leadership skills and ability to work as a team with other counsel. *See In re IndyMac,* 2008 WL 11343122, at *2 (noting that "counsel's ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court" is an important consideration when appointing interim counsel) (quoting Manual, §§ 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance")).

Because of their success in working with each other in cases like this one, their longstanding relationships and experience with other plaintiffs' counsel seeking appointment, as well as the professional manner in which they have conducted themselves in many other cases around the country, this Court has the assurance that if Gibbs Law Group and Whatley Kallas are selected to lead the case, the litigation will be efficiently, zealously, and expeditiously pursued;

handled in a civil, collegial and ethical manner; and conducted in full accordance with this Court's expectations and standards.

### 2. Appointing Ms. Rivas and Mr. Mansfield Interim Co-Lead Class Counsel furthers important interests by promoting diversity in law.

In appointing class counsel, courts have routinely recognized "the value of a legal team that is diverse across axes of gender, race, and other aspects of identity." *Sky Fed. Credit Union v. Fair Isaac Corp.* (*In re: FICO Antitrust Litig.*), No. 20-CV-04575, 2021 WL 4478042, at \*3 (N.D. Ill. Sept. 30, 2021); *In re: Fairlife Milk Prods. Mktg. & Sales Practices Litig.*, No. 19-cv-3924, 2020 WL 362788, at \*1 (N.D. Ill. Jan. 22, 2020) ("The judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds.") (quoting Best Practices at 38).

Courts around the nation have sought to advance these commendable shared goals by appointing qualified attorneys of diverse backgrounds to leadership positions in class actions. *See In re: Robinhood Outage Litig.*, No. 20-cv-01626-JD, 2020 WL 7330596, at \*2 (N.D. Cal. July 14, 2020) (declining to appoint interim class counsel because the Court was "concerned about a lack of diversity in the proposed lead counsel"); *In re: Google Play Developer Antitrust Litig.*, No. 3:20-cv-05792-JD, ECF 79 (N.D. Cal. Dec. 11, 2020) ("The attention to the Court's concerns about making lead counsel opportunities available to a diverse slate of law firms and attorneys was another positive aspect of the proposal."); *Owens v. FirstEnergy Corp.*, Nos. 2:20-cv-03785, 2:20-cv-04287, 2020 WL 6873421, at \*12 (S.D. Ohio Nov. 23, 2020) (noting "[t]he Court looks favorably upon . . . a diverse leadership team") (citation omitted)). Appointing Ms. Rivas and Mr. Mansfield as Interim Co-Lead Class Counsel, along with their litigation teams that include Ms. Kallas and Ms. Mah, ensures this litigation is led by eminently qualified and diverse attorneys.

IV.    **PLAINTIFFS' PROPOSED LEADERSHIP STRUCTURE IS EFFICIENT AND PROPORTIONATE TO THE NEEDS TO THE CASE**

While this case is complex and will require significant investments of time and resources, two co-lead counsel and their firms is sufficient to lead this case where the case involves one type of defective product sold nationwide and a limited number of Defendants. The use of a lean structure will increase efficiency and substantially reduce costs for the proposed class by minimizing duplication and inefficiencies sometimes present in large leadership structures. Also, since Ms. Rivas and Mr. Mansfield have offices in this District, there is no need for separate liaison counsel.

V.    **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that the Court appoint Rosemary M. Rivas of Gibbs Law Group and Alan M. Mansfield of Whatley Kallas as Interim Co-Lead Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

Dated: November 1, 2023                    Respectfully submitted,

**GIBBS LAW GROUP**

*/s/ Rosemary M. Rivas*
Rosemary M. Rivas
Rosanne L. Mah
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
rmr@classlawgroup.com
rlm@classlawgroup.com

**WHATLEY KALLAS, LLP**
Alan M. Mansfield
1 Sansome Street, 35th Floor, PMB #131
San Francisco, CA 94104

MEMORANDUM OF POINTS AND AUTHORITIES

16870 W. Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: (619) 308-5034
Facsimile:  (888) 341-5048
amansfield@whatleykallas.com

*Counsel for Plaintiffs Fran Bax, Emilio Pousa, and
Gerald Gott, and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing was filed with the Clerk of Court using CM/ECF on November 1, 2023, and as a result has been served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By:      _/s/ Rosemary M. Rivas_