**DOYLE APC**
William J. Doyle, II (SBN 188069)
Chris W. Cantrell (SBN 290874)
550 West B Street, 4th Floor
San Diego, CA 92101
Telephone: (619) 736-0000
Email: bill@doyleapc.com
          chris@doyleapc.com

*Attorneys for Plaintiff Krum*

[Additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SANDISK SSDS LITIGATION,<br><br>This Document Relates To: All Actions. | Master File No. 3:23-cv-04152-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date: November 17, 2023<br>Time: 10:00 a.m.<br>Courtroom: By Videoconference<br>Judge: Hon. Vince Chhabria |

The parties in the related and consolidated actions set forth below jointly submit this Joint Case Management Statement in accordance with the Standing Order for All Judges of the Northern District of California (effective January 17, 2023) and Civil Local Rule 16-9. Counsel for all parties participated in a conference pursuant to Fed. R. Civ. Proc. Rule 26(f) on October 26, 2023.  The following is a summary of the issues addressed during that conference.

**I.     RELATED ACTIONS, SERVICE AND JURISDICTION**

On August 15, 2023, Plaintiff Nathan Krum filed a class action complaint in this District against Defendant Western Digital Technologies, Inc. ("Western Digital", or "Defendant"), captioned *Krum v. Western Digital Technologies, Inc.,* Civil Action No.: 23-cv-04152-VC (N.D. Cal.), seeking to represent a nationwide class of Defendants' customers who purchased the 500GB, 1 terabyte ("1 TB"), 2 terabyte ("2TB") or 4 terabyte ("4TB") versions of the SanDisk Extreme Pro SSD line of portable solid-state hard drives designed, manufactured, distributed, promoted and/or sold by Defendants, including the SanDisk Extreme Pro, Extreme Portable, Extreme Pro Portable, and WD MyPassport SSD models (referred to herein as the "Extreme Pro SSD hard drives"). On August 17, 2023, Plaintiffs Matthew Perrin and Brian Bayerl filed a related nationwide class action complaint in this District against both Western Digital and SanDisk LLC, captioned *Perrin v. SanDisk LLC et al*, Civil Action No.: 3:23-cv-04201-VC. Also on August 17, 2023, Plaintiff Saif Jafri filed their class action complaint in this District, captioned *Jafri v. SanDisk LLC et al.*, Civil Action No. 3:23-cv-04206-VC. On August 22, 2023, Plaintiff Emilio Pousa filed his class action complaint in this District, captioned *Pousa v. Western Digital Technologies, Inc.*, Civil Action No. 23-cv-04281-VC. On September 5, 2023, Plaintiff Fran Bax filed a class action complaint in this District, captioned *Bax v. Western Digital Corporation*, Civil Action No. 23-cv-04543-VC. On September 12, 2023, Plaintiff Nathan Jackson filed his class action complaint in this District, captioned

*Jackson v. Western Digital Corporation, et al.*, Civil Action No. 23-cv-04681-VC. On September 19, 2023, Plaintiff Tom Gary filed his class action complaint in this District, captioned *Gary v. SanDisk LLC, et al*, Civil Action No. 23-cv-04815-VC.

On October 25, 2023, this Court issued orders consolidating the *Krum, Pousa, Jafri, Perrin, Bax, Jackson*, and *Gary* Actions, and ordering all cases to bear the case number 3:23-cv-04152-VC. All of the above listed actions thus have been ordered consolidated for all purposes (collectively, the "Consolidated Actions").

Additionally, on August 29, 2023, Plaintiff Brian McKinney filed a related class action complaint in the Superior Court of California, Santa Clara County, captioned *McKinney v. SanDisk LLC, et al*, Case No. 23CV422051 ("*McKinney* Action"). The *McKinney* Action was removed to this Court on October 31, 2023, and has been identified as a related action to the Consolidated Actions. An Administrative Motion to determine whether the *McKinney* Action should be related to the Consolidated Actions was filed on November 8, 2023 and granted on November 9, 2023. And Plaintiff Larkland Studios, LLC, filed a related class action complaint in the Northern District of California, captioned *Larkland Studios, LLC, v. SanDisk LLC, et al.*, Case No. 23-cv-05308 ("*Larkland Studios Action*"). The parties in that action intend to also file an administrative motion to have the *Larkland* action related to the Consolidated Actions.

All of the Complaints have been served on the Defendants named therein and Defendants have appeared in all actions.

No presently named defendant remains to be served, although the Complaints do identify unnamed DOE defendants.

Each of the Complaints filed in the above actions alleges the Court has jurisdiction over the claims at issue pursuant to 28 U.S.C. § 1332(d) and that the exercise of personal jurisdiction over Defendants is proper as they maintain their principal place of business in this District.

Presently there are no issues pending regarding personal jurisdiction.

## II. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiffs' Statement:

These are class action lawsuits brought on behalf of individuals who purchased the Extreme Pro SSD hard drives at least since January 2022. SanDisk Extreme Pro SSD hard drives are portable solid-state drives ("SSDs") that offer high-speed data transfer and storage.

According to Plaintiffs, despite Defendants' representations to the contrary, based on a latent defect in manufacturing and/or design that was not reasonably discoverable by Plaintiffs and Class members at time of purchase, the SanDisk Extreme Pro SSD portable solid-state hard drives do not function as reasonably expected. The SanDisk Extreme Pro SSD hard drives, which are also sold under the WD MyPassport brand, have either a manufacturing defect or firmware issue (or both) that causes them to disconnect or become unreadable by computers. Without warning these hard drives have wiped out or lost data stored on them, making the files stored on them unable to be accessed and users unable or unwilling to use these drives out of the reasonable concern such data will be lost forever or cost hundreds if not thousands of dollars to recover.

Numerous individuals have publicly complained of data being wiped out with no action on the part of Class members that resulted in this data being wiped out; their computers not be able to access these hard drives when they are plugged in; and/or concerns their businesses have been or will be impacted if the defect manifests, requiring them to spend significant additional time and resources to prevent such a potential from taking place.

Defendants' Statement:

Defendants deny the allegations against them. There is no defect in either the manufacture or design of the subject SSDs, and they perform as designed and as expected by a

reasonable purchaser. While Defendants became aware of some complaints regarding the SSDs beginning in approximately January 2023, they addressed any potential problem by either replacing the complaining customer's SSD when necessary or confirming that the customer's SSD was operating as expected and would continue to do so. Defendants also released a new firmware upgrade in May 2023 that resolved any potential remaining issue for SSDs that were not corrupted.

### III.   SUMMARY OF LEGAL ISSUES

Plaintiffs' Statement:

Plaintiffs in each of the Consolidated Actions assert similar claims on behalf of various defined classes as well as the following common legal issues, which will be set forth in a Consolidated Amended Complaint:

(a)   Whether Defendants' representations regarding the SanDisk Extreme Pro SSD portable solid-state hard drives were false or misleading or reasonably likely to deceive customers targeted by such statements;

(b)   Whether Defendants breached both express and implied warranties;

(c)   Whether Defendants' failure to disclose that the SanDisk Extreme Pro SSD portable solid-state hard drives did not perform as advertised was material and would be likely to mislead a reasonable consumer;

(d)   Whether the SanDisk Extreme Pro SSD portable solid-state hard drives perform as advertised and represented in terms of their upgrade capabilities;

(e)   Whether Defendants entered into and breached applicable agreements or warranties that are either express or implied by law or equity;

(f)   Whether Defendants engaged in unfair, unlawful, and/or fraudulent business practices or false or misleading advertising regarding the SanDisk Extreme Pro SSD portable solid-state hard drives in violation of Cal. Bus. & Prof. Code § 17200 and 17500, et seq., Cal. Civ. Code §§ 1750 and 1790 et seq., 15 U.S.C. §§ 2301(1) et seq., and the other state and federal laws stated in the various Complaints on file;

(g)   Whether Plaintiffs and the Class have been injured by the wrongs complained of herein, and whether Plaintiffs and the Class are entitled to monetary, injunctive and/or other equitable relief, including damages, restitution,

disgorgement, or other applicable remedies, and if so, the nature and amount of such relief.

<u>Defendants' Statement:</u>

In addition to the legal issues raised above, the following issues are also relevant:

a) Whether any Plaintiff or putative class member has been injured as alleged;

b) Whether Plaintiffs have experienced a device failure, or whether they are merely concerned about potential but unrealized future failure;

c) Whether each Plaintiff relied upon Defendants' supposed representations regarding the SSDs before purchase, and whether reliance is necessary for any of Plaintiffs' claims;

d) Whether Defendants' attempts to address any purported SSD failure precludes any Plaintiff's or class member's claims;

e) Whether any Plaintiff or putative class member's claims are barred by the applicable statute of limitations;

f) Whether any Plaintiff or putative class member failed to comply with their respective state's warranty or consumer fraud statutes;

g) Whether any Plaintiff's or class member's claims are subject to a class action waiver or agreement to arbitrate;

h) Whether any of Defendants' other affirmative defenses defeat any Plaintiff's or putative class member's claims;

i) Whether Plaintiffs' proposed class and sub-classes and claims satisfy Rule 23.

## IV. MOTIONS

### A. Pending Motions

Motions relating to appointment of interim class counsel pursuant to Fed. R. Civ. Proc. Rule 23(g) were filed on November 1, 2023, and by Stipulation and order of the Court on November 9, 2023 have been set for hearing on November 17, 2023 at the same time as this Conference. Also pending will be the administrative motion to relate the *Larkland Studios* Action to the Consolidated Actions.

### B. Anticipated Future Motions

Plaintiffs' Statement:

Pursuant to the Court's October 25, 2023 Order, any motions directed at a Consolidated Class Action Complaint are due 21 days after the Consolidated Class Action Complaint is filed, the filing of which is dependent upon the Court's ruling on the above applications.

A motion for class certification will be filed by Plaintiffs once the pleadings are settled and appropriate discovery has been completed.

Both parties may file motions for summary judgment. According to the Court's Standing Order, the last day for a hearing on such dispositive motions will be roughly 2 to 3 months before the final pretrial conference.

Defendants' Statement:

Defendants anticipate a potential Rule 12 motion; however, it is premature to state with certainty because there is currently no operative complaint. They also are considering a potential motion to stay the case pending arbitration.

Defendants also anticipate filing an opposition to class certification, as well potentially filing Rule 702 motions regarding Plaintiffs' retained experts used in support of class certification.

Defendants also plan to file a motion for summary judgment.

**V.     AMENDMENT OF PLEADINGS**

Plaintiffs' Statement:

Pursuant to the Court's October 25, 2023 Order, a Consolidated Class Action Complaint will be filed 21 days after the Court issues an Order appointing a leadership structure. According to the Court's Standing Order the last day to amend pleadings will typically be 60 days after the initial case management conference. However, based on the above timing for filing the

Consolidated Class Action Complaint and a responsive pleading, Plaintiffs request that such a date be set later, to be discussed at the next Case Management Conference.

<u>Defendants' Statement:</u>

Defendants agree that this issue can be addressed at the next Case Management Conference.

## VI. EVIDENCE PRESERVATION

Preservation letters have been sent to Western Digital, and the parties will discuss the terms for the ESI protocol and a Protective Order governing the protection of confidential information using the Northern District of California's model template.

## VII. INITIAL DISCLOSURES

The parties have agreed to defer making their initial Rule 26 disclosures until after a date to be set at the next Case Management Conference.

## VIII. DISCOVERY

There will be both party discovery and third-party discovery to retailers of the Extreme Pro SSD hard drives. Discovery has not yet been served as the parties have recently held their initial Rule 26 Conference.

The parties agree it is premature to set a deadline for the close of fact and expert discovery as such discovery has yet to be initiated. Per the Court's Standing Order, the parties understand the discovery cutoff will be roughly 8 weeks before any dispositive motions hearing. Consistent with the Court's Standing Order, the parties will meet and confer whether to schedule expert discovery before or after the deadline for hearing motions for summary judgment.

## IX. CLASS ACTION

The parties have reviewed the Procedural Guidance for Class Action Statements.

Plaintiffs' Position:

A class and/or subclass will be set forth in the Consolidated Class Action Complaint. Plaintiffs will file a motion for class certification once the pleadings are settled and after appropriate discovery has been completed. They presently do not have a time frame for class certification motion briefing, but agree that such timing would be discussed at the next Case Management Conference in connection with an overall pre-trial and trial schedule.

Defendants' Position:

Defendants anticipate opposing any motion for class certification, including potential sub-classes, but they agree that the timing of such motions and briefing can be discussed at the next Case Management Conference.

## X.   RELATED CASES

All related cases have been identified and consolidated before this Court, except for the *McKinney* Action, which was removed to this Court on October 31, 2023 and is in the process of being related to and consolidated with these actions, and the *Larkland Studios, LLC* Action. Administrative motions to relate the *McKinney* and *Larkland Studios* Actions to the Consolidated Actions either are or soon will be filed.

## XI.   RELIEF

Plaintiffs' Position:

Plaintiffs will request that the Court order the following relief and enter judgment against Defendants as follows as applicable for the particular cause of action for the proposed class and/or applicable sub-classes:

1. An Order for injunctive relief including preventing Defendants from continuing the practices as set forth herein and refusing from engaging in a corrective advertising campaign and product recall;

2. A judgment awarding refunds, restitution and/or restitutionary disgorgement in an amount according to proof;

3. A judgment awarding actual, compensatory, general, special, and/or statutory damages to the extent permitted in the asserted Causes of Action in an amount according to proof;

4. An order awarding attorneys' fees and costs incurred in prosecuting this action pursuant to, *inter alia,* Cal. Civ. Code Section 1780(d); Cal. Code Civ. Proc. § 1021.5; 15 U.S.C. § 2301, *et seq*., and the private Attorney General, common fund and substantial or public benefit theories of recovery;

5. An order awarding pre-judgment and post-judgment interest; and

6. All other relief that the Court deems necessary, just and proper.

Defendants' Position:

Defendants deny that Plaintiffs or any putative class member is entitled to any relief, and they will seek recovery of all fees and costs expended to defend this consolidated action as provided under relevant common and statutory law.

## XII. SETTLEMENT & ADR

Plaintiffs and Defendants have filed their ADR certifications.

The parties will be prepared to discuss their preferred ADR process at the initial Case Management Conference. The parties preliminarily discussed whether to agree to proceed in private mediation or a settlement conference before a magistrate judge, but have not reached a conclusion as to their positions on this issue.

The parties understand the Court's position that ADR ordinarily should occur within 90 days of the initial Case Management Conference. However, depending on timing of this Conference and scheduling next Case Management Conference that may be premature (see

discussion *infra*). However, the parties believe it is important to engage early on in some form of ADR process.

### XIII.  OTHER REFERENCES

None at this time, other than that any discovery issues that may be raised that would be referred to the assigned Magistrate Judge for resolution.

### XIV.  NARROWING OF ISSUES

None at this time.

### XV.  EXPEDITED TRIAL PROCEDURES

None at this time.

### XVI.  SCHEDULING

Based on the status of the pleadings and the pending application for appointment of interim Class counsel, the parties suggest the Court either continue this Case Management Conference or hold this initial conference and schedule a follow up Case Management Conference in approximately 60 days (in late January 2024), since by that time a Consolidated Amended Complaint should be on file and Defendants' response to that Complaint would either be on file or soon to be filed.

The parties also understand that a final Case Management Conference will be scheduled roughly four weeks before the close of fact discovery, and that the final pretrial conference will be held 1 or 2 weeks before the trial.

The parties believe it is premature to set other pre-trial dates and deadlines at this time, as setting such dates will be dependent on timing of any potential pleadings motions and other motions set forth above.

## XVII. TRIAL

The parties believe it is premature to set a trial date at this time, as it is dependent on timing of the pleadings and other motions set forth above. While they recognize the Court's position that the trial date will almost always be 12-16 months after the date the original complaint was filed, depending on the timing set forth above a trial date may need to be set after this time frame.

## XVIII. DISCLOSURE OF NON-PARTIES INTERESTED ENTITIES OF PERSONS

Plaintiffs' Position:

Plaintiffs are not aware of any persons or entities with a financial or any other interest in the subject matter in controversy other than the named parties and each shall file or amend statements that provide the statements and disclosures required pursuant to N.D. Cal Local Rule 3-15.

Defendants' Position:

Defendants are not aware of any persons or entities with a financial or any other interest in the subject matter in controversy other than the named parties and subsidiaries and each shall file or amend statements that provide the disclosures required pursuant to N.D. Cal Local Rule 3-15

## XIX. PROFESSIONAL CONDUCT

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California and have stated their agreement to abide thereby.

## XX. OTHER ISSUES TO ADDRESS AT CONFERENCE

None at this time.

Dated: November 9, 2023          /s/ Chris W. Cantrell

|   |   |
|---|---|
| 1 | William J. Doyle, Esq |
|   | Chris W. Cantrell, Esq |
| 2 | DOYLE APC |
|   | 550 West B St, 4th Floor |
| 3 | San Diego, CA 92101 |
|   | Phone: (619) 736-0000 |
| 4 | Email: bill@doyleapc.com |
|   |          chris@doyleapc.com |
| 5 |   |
|   | April M. Strauss, Esq |
| 6 | APRIL M. STRAUSS, APC |
|   | 2500 Hospital Drive, Bldg. 3 |
| 7 | Mountain View, CA 94040 |
|   | Phone: (650) 281-7081 |
| 8 | Email: astrauss@sfaclp.com |

*Attorneys for Plaintiff in Krum Action*

Dated: November 9, 2023

*/s/ Ian W. Sloss*
Ian W. Sloss, Esq.
Jonathan Seredynski, Esq.
Brett L. Burgs, Esq.
SILVER GOLUB & TEITELL LLP
One Landmark Square, Floor 15
Stamford, CT 06901
Phone: (203) 425-4491
Email: isloss@sgtlaw.com
         jseredynski@sgtlaw.com
         bburgs@sgtlaw.com

Todd A. Seaver, Esq.
Matthew D. Pearson, Esq.
BERMAN TABACCO
425 California Street, Suite 2300
San Francisco, CA 94104
Phone: (415) 433-3200
Email: tseaver@bermantabacco.com
         mpearson@bermantabacco.com

*Attorneys for Plaintiff in Perrin and Gary Actions*

Dated: November 9, 2023

*/s/ Neal J. Deckant*
Neal J. Deckant, Esq.
Stefan Bogdanovich
Luke Sironski-White
BURSOR & FISHER, P.A.
1900 North California Blvd, Ste 940
Walnut Creek, CA 94596
Phone: (925) 300-4455
Email: ndeckant@bursor.com

- 12 -
JOINT CASE MANAGEMENT STATEMENT

|   |   |   |
|---|---|---|
| 1 |   | sbogdanovich@bursor.com |
| 2 |   | lsironski@bursor.com |
|   |   | *Attorneys for Plaintiffs in Jafri Action* |
| 3 |   |   |
| 4 |   |   |
| 5 | Dated: November 9, 2023 | */s/ Alan M. Mansfield* |
|   |   | Alan M. Mansfield |
| 6 |   | WHATLEY KALLAS LLP |
|   |   | 1 Sansome Street, 35th Floor PMB #131 |
| 7 |   | San Francisco, CA 94104 |
|   |   | 16870 West Bernardo Drive, Ste 400 |
| 8 |   | San Diego, CA 92127 |
|   |   | Phone: (619) 308-5034 |
| 9 |   | Fax: (888) 341-5048 |
|   |   | Email: amansfield@whatleykallas.com |
| 10 |   | *Attorneys for Plaintiffs in Pousa Action* |
| 11 |   |   |
| 12 | Dated: November 9, 2023 | */s/ Rosemary M. Rivas* |
|   |   | Rosemary M. Rivas |
| 13 |   | Rosanne L. Mah |
|   |   | GIBBS LAW GROUP LLP |
| 14 |   | 1111 Broadway, Suite 2100 |
|   |   | Oakland, CA 94607 |
| 15 |   | Phone: (510) 350-9700 |
|   |   | Email: rmr@classlawgroup.com |
| 16 |   | rlm@classlawgroup.com |
| 17 |   | *Attorneys for Plaintiff in Bax Action* |
| 18 |   |   |
| 19 | Dated: November 9, 2023 | */s/ Stephen R. Basser* |
|   |   | Stephen R. Basser, Esq. |
| 20 |   | Samuel Ward, Esq. |
|   |   | BARRACK RODOS & BACINE |
| 21 |   | One America Plaza |
|   |   | 600 West Broadway, Suite 900 |
| 22 |   | San Diego, CA 92101 |
|   |   | Phone: (619) 230-0800 |
| 23 |   | Email: sbasser@barrack.com |
|   |   | sward@barrack.com |
| 24 |   |   |
|   |   | John G. Emerson, Esq. |
| 25 |   | EMERSON LAW FIRM PLLC |
|   |   | 2500 Wilcrest Drive, Suite 300 |
| 26 |   | Houston, TX 77042 |
|   |   | Phone: (800) 551-8649 |
| 27 |   | Email: jemerson@emersonfirm.com |
| 28 |   | *Attorneys for Plaintiff in Jackson Action* |

| | | |
|---|---|---|
| 1 | Dated: November 9, 2023 | /s/ Gillian L. Wade |
| 2 | | Gillian L. Wade |
| | | Sara D. Avila |
| 3 | | Marc A. Castaneda |
| | | MILSTEIN JACKSON FAIRCHILD & WADE, LLP |
| 4 | | 10990 Wilshire Blvd., 8th Floor |
| | | Los Angeles, California 90024 |
| 5 | | Tel: (310) 396-9600 |
| | | Fax: (310) 396-9635 |
| 6 | | gwade@mjfwlaw.com |
| | | savila@mjfwlaw.com |
| 7 | | mcastaneda@mjfwlaw.com |
| 8 | | David Slade |
| | | wh LAW |
| 9 | | 1 Riverfront Place, Suite 745 |
| | | North Little Rock, AR 72114 |
| 10 | | Telephone: 501.891.6000 |
| | | Facsimile: 501.222.3027 |
| 11 | | slade@wh.law |
| 12 | | *Attorneys for Plaintiff in the McKinney Action* |
| 13 | Dated: November 9, 2023 | /s/ Joseph Louis Kish |
| | | Joseph Louis Kish, Esq. |
| 14 | | Matthew D. Kelly Esq. (*pro hac vice pending*) |
| | | SEGAL MCCAMBRIDGE |
| 15 | | 233 S. Wacker Drive |
| | | Suite 5500 |
| 16 | | Chicago, IL |
| | | Phone: (312) 645-8436 |
| 17 | | Fax: (312) 645-7711 |
| | | Email: jkish@smsm.com |
| 18 | | mkelly@smsm.com |
| 19 | | *Attorneys for Defendants* |

### FILER'S ATTESTATION

Pursuant to Civil Local Rule 5.1 regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

/s/ Chris W. Cantrell
CHRIS CANTRELL