UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SANDISK SSDS LITIGATION | Case No. 23-cv-04152-RFL <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** <br><br> Re: Dkt. No. 81 |

  This putative class action suit alleges that Defendants manufactured and sold SanDisk Solid-State Drives ("SSDs") that had defects causing them to suddenly, and without warning, wipe the data on the drives. Defendants move to dismiss all claims based on lack of standing under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). For the reasons stated below, the motion is granted in part and denied in part. This order assumes the reader's familiarity with the facts, the arguments made by the parties, and the applicable law.

  ***Standing to Assert Claims on Behalf of Nationwide Class.*** The motion to dismiss the nationwide class claims for lack of standing is denied as premature. "[W]hether a plaintiff can bring claims on behalf of unnamed plaintiffs under the laws of states in which the named plaintiff does not reside or was injured is a matter of typicality, adequacy, and predominance under Rule 23, not Article III standing." *Sultanis v. Champion Petfoods USA Inc.*, No. 21-CV-00162-EMC, 2021 WL 3373934, at *6 (N.D. Cal. Aug. 3, 2021). Although it is a rare case in which the Court would allow plaintiffs from four states to represent a nationwide class, that is an issue for class certification.

  ***Standing to Assert Claims on Behalf of Those Who Purchased WD My Passport SSDs.*** Defendants' motion to dismiss claims on behalf of putative class members who purchased WD

My Passport SSDs for lack of standing likewise denied. Defendants argue that Plaintiffs cannot represent class members who purchased that product, because Plaintiffs themselves did not buy it and it is not alleged to be sufficiently similar. As an initial matter, the Complaint does allege the WD My Passport SSD to be similar to the SSDs purchased by Plaintiffs, in that the WD My Passport SSD is allegedly a Solid-State Drive from the same manufacturer that suffers the same defects. (Dkt. No. 77 ("CCAC"), ¶¶ 1–5.) But, in any event, that issue is better resolved after fact development at class certification, not at the pleadings stage. "The question whether [a plaintiff] may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation." *Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015) (quoting 7AA Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1785.1 (3d ed.)). "Whether products are 'sufficiently similar' . . . does not relate to standing: a plaintiff has no more standing to assert claims relating to a 'similar' product he did not buy than he does to assert claims relating to a 'dissimilar' product he did not buy." *Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 571 (N.D. Cal. 2013). As such, "analyzing the 'sufficient similarity' of the products is not a standing inquiry, but rather an early analysis of the typicality, adequacy, and commonality requirements of Rule 23." *Id.*

***Injunctive, Declaratory, and Equitable Relief.*** The motion to dismiss the injunctive and declaratory relief claims for lack of standing is granted in part and denied in part. When seeking injunctive relief, the injury-in-fact requirement is met when the consumer has made "plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 (9th Cir. 2018). Standing can also be based on an allegation that the consumer cannot "rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Id.* at 969–70.

Plaintiff Saif Jafri alleges that he "may be interested in purchasing Defendants' products

in the future, so long as Defendants fix the Defects and properly label their products going forward." (CCAC ¶ 19.)  Because the term "Defects" refers to the problems described with the SanDisk SSDs (*see id.* ¶ 5 (labeling those problems as "this Defect")), that is sufficient to allege that Jafri might purchase SanDisk SSDs in the future.  As Plaintiff Jafri states a valid claim for injunctive relief, which is a remedy that is not available at law, he also plausibly states a claim for equitable relief.

The remaining Plaintiffs, however, do not allege anything about their intentions to purchase SanDisk SSDs in the future.  They allege only that they are "reluctant to use" SanDisk SSDs in the future.  (CCAC ¶¶ 20–24.)  This is insufficient to support a claim for injunctive relief because the term "use" could just as easily refer to existing products Plaintiffs have already purchased, as opposed to new products to be purchased in the future.  Plaintiffs' other argument that they have standing based solely on alleged violations of their statutory rights is contrary to prevailing Supreme Court authority.  *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) ("Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court.").  Accordingly, without a plausible injunctive or declaratory relief claim, these Plaintiffs also do not sufficiently allege the lack of an adequate legal remedy to support a claim for equitable relief.  *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

Therefore, the motion to dismiss the injunctive, declaratory, and equitable relief claims is therefore denied as to Jafri and granted as to the remaining Plaintiffs, with leave to amend.

***Nationwide Class Claims Under California Law.***  The motion to dismiss the nationwide class claims brought under California law is denied.  Defendants argue that out-of-state Plaintiffs and putative class members will not be able to show that California law applies to their claims under *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012).  *Mazza* declined to certify a nationwide class at the class certification stage, not at the pleadings stage.  The Court concurs with the numerous district courts in this Circuit that have declined to apply *Mazza* to dismiss nationwide class allegations at the pleadings stage based on a choice-of-law analysis.

*See Mack v. LLR, Inc.*, No. EDCV1700853JGBDTBX, 2018 WL 6927860, at *4 (C.D. Cal. Aug. 15, 2018) (collecting cases). "[S]uch a fact-heavy inquiry should occur during the class certification stage, after discovery." *Clancy*, 308 F.R.D. at 572.

***Song-Beverly Act Warranty Claims***. It is not clear from the operative complaint whether Plaintiffs intend to base their express and implied warranty claims on the California Commercial Code or the Song-Beverly Act. Defendants move to dismiss any Song-Beverly Act claims because that CCAC does not provide adequate notice of such claims under Rule 8 and, further, the Act applies only to goods purchased in California, which has not been adequately alleged. Plaintiffs do not respond to either argument in their opposition brief. The Court concurs that Plaintiffs have not provided adequate notice of Song-Beverly Act claims under Rule 8, as the CCAC does not reference that statute. Nor have Plaintiffs adequately alleged that the products were "sold at retail in this state" (that is, California). Cal. Civ. Code § 1792. Although a couple of the Plaintiffs reside in California, that is not a sufficient basis to infer that they necessarily purchased the relevant products in California, let alone that the out-of-state Plaintiffs did so. *See In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 926 (N.D. Cal. 2018) ("It is not plausible to infer that any person in California who owns a Nexus 6P purchased the phone in California."). To the extent that the CCAC seeks to assert claims under the Song-Beverly Act, those claims are dismissed with leave to amend.

***Breach of Express Warranty Under the California Commercial Code***. Defendants correctly identify many of the alleged warranties as mere puffery, which is not actionable. "Generalized, vague, and unspecified assertions constitute 'mere puffery' upon which a reasonable consumer could not rely, and hence are not actionable." *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005) (quoting *Glen Holly Entertainment, Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1005 (9th Cir. 2003)). Use of terms like "quality," "reliability," and "performance" generally constitutes puffery. *See id.* at 1140 (collecting cases). By contrast, "misdescriptions of specific or absolute characteristics of a product are actionable." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997) (citation and quotation marks

omitted). Allegations that the SSDs were advertised as "durable," "high performance," "superfast," "perfect for saving and editing hi-res photos and videos on-the-go," and "reliable" are all puffery. (CCAC ¶ 28.)

But two of the alleged statements identified in the operative complaint are not puffery. The statement that the SSDs were "[p]urpose-built to keep up with today's high-quality content demands" is a measurable statement about the purpose for which the item was designed, and is allegedly false because of the purportedly shoddy design of the SSDs. (*Id.* ¶¶ 32, 34–35.) The alleged statement that the "forged aluminum chassis acts as a heatsink" is similarly specific and measurable. (*Id.* ¶ 32 n.5.) That statement is adequately alleged to be false based on the regular overheating of the SSDs. (*Id.* ¶¶ 34–35.)[1] Plaintiffs, however, failed to adequately allege that any of them saw those two specific statements. *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1183 (C.D. Cal. 2010) ("California law does not permit Plaintiffs, in the absence of specific allegations that they were aware of the statements made in a national advertising campaign, to base their express warranty claims on statements made in that national advertising campaign."). Accordingly, the breach of express warranty claim is dismissed with leave to amend.

The Court notes that Plaintiffs' failure to allege that they returned the SSDs would not render amendment futile. Although the relevant warranty provides that "[t]his warranty is conditioned upon return of the Product" (Dkt. No. 81-2), that requirement may be excused "[w]here circumstances cause an exclusive or limited remedy to fail of its essential purpose." Cal. Com. Code § 2719. Plaintiffs allege that the return requirement fails of its essential purpose, because a replacement would still be defective and a refund of the market value would be less than they paid due to the known issues with the SSDs. (CCAC ¶¶ 51–56.) That is sufficient at the pleadings stage. Nor are Plaintiffs required to allege that they provided pre-suit

---

[1] Plaintiffs also point to a variety of other allegations about the IP55 rating, the durability of the SSDs if dropped from two meters, and the read/write speeds, but none of those are alleged in the CCAC to be false.

5

notice, as none of them are alleged to have purchased the SSDs directly from Defendants. *Greenman v. Yuba Power Prod., Inc.*, 377 P.2d 897, 900 (Cal. 1963) (declining to apply a notice requirement to "actions by injured consumers against manufacturers with whom they have not dealt").

   ***Implied Warranty of Merchantability Under the California Commercial Code***.  The motion to dismiss the implied warranty claims based on lack of privity is denied.  California's appellate courts have long recognized a third-party beneficiary exception to the privity requirement.  *See, e.g.*, *Gilbert Fin. Corp. v. Steelform Contracting Co.*, 145 Cal. Rptr. 448, 450 (Ct. App. 1978) (holding that a third-party beneficiary to a contract can sue for breach of implied warranty of fitness); *Schauer v. Mandarin Gems of Cal., Inc.*, 23 Cal. Rptr. 3d 233, 239 (Ct. App. 2005) (permitting third-party beneficiary to proceed with contract claim).  As the California Supreme Court has not ruled on the issue, the Court is "obligated to follow the decisions of the state's intermediate appellate courts" in the absence of "convincing evidence that the state supreme court would decide differently[.]"  *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001) (quoting *Lewis v. Tel. Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996)).

   The Ninth Circuit's opinion in *Clemens v. DaimlerChrysler*, 534 F.3d 1017, 1023 (9th Cir. 2008), is not to the contrary.  *Clemens* did not discuss the third-party beneficiary exception.  Although district courts are split on the impact of *Clemens*, this Court is persuaded that "the broad language regarding the scope of this exception in *Gilbert* – which was not directly addressed in *Clemens* – renders the exception available to Plaintiffs here."  *In re Natera Prenatal Testing Litig.*, 664 F. Supp. 3d 995, 1011 (N.D. Cal. 2023) (collecting cases); *see also Paperno v. Whirlpool Corp.*, No. 23-CV-05114-RFL, 2024 WL 1091192, at *4–5 (N.D. Cal. Mar. 13, 2024).

   Here, Plaintiffs allege that consumers were the "intended third-party beneficiaries of Defendants and their agents in the distribution and sale of their products."  (CCAC ¶ 111.) Defendants allegedly "exercise substantial control over the outlets that sell the SanDisk SSDs,"

and intend their warranties to "apply to consumers . . . , to whom Defendants directly market[] through labels and product packaging" that impliedly warrant "the SanDisk SSDs were safe and suitable for their intended use." (*Id.*) Accordingly, the lack of privity does not bar their claims.

*Fraud by Omission*. The motion to dismiss the fraud by omission claim for failure to adequately allege reliance under Rule 9(b) is denied. Defendants argue that Plaintiffs failed allege which specific advertisements they relied upon that omitted information about the SSDs' alleged defects causing loss of data. Plaintiffs have sufficiently alleged that, no matter what advertisement or packaging accompanied the product, any "reasonable consumer would consider [it] important" to know that the SanDisk SSDs would fail at their basic function: to store data. (CCAC ¶¶ 126-130.) *See Clark v. LG Elecs. U.S.A., Inc.*, No. 13-CV-485 JM JMA, 2013 WL 5816410, at *6 (S.D. Cal. Oct. 29, 2013) (where refrigerator was alleged to fail its basic cooling function, finding fraud by omission stated by the "alleged failure to disclose at the point of purchase the alleged defects which, if true, would seem to negate the inherent purpose of the product").

Moreover, contrary to Defendants' argument, scienter is sufficiently alleged as well. The Complaint alleges that, on May 22, 2023, Defendants admitted that "all SanDisk SSDs had a defect that could cause users to unexpectedly and permanently lose their data," and stated that they fixed the problem in the "manufacturing process" such that it was "not impacting currently shipped products." (CCAC ¶ 44.) That factual allegation is sufficient to support a plausible inference that the defect was known sufficiently in advance of May 2023 for a fix to be developed and deployed in time to correct the error for items being shipped as of that date. Plaintiffs allege they bought their SSDs mostly in 2023, and in a few cases in 2022. (*Id.* ¶¶ 17–24.) That is enough at the pleadings stage.

*Fraudulent Misrepresentation*. Defendants also move to dismiss the fraud-based claims that rely on alleged misrepresentations on the same basis. Scienter is adequately alleged for the reasons stated above, but reliance is not, except as to Jafri. Plaintiff Jafri adequately alleges reliance by stating that he "relied on Defendants' representations that the Drive was dependable,

7

rugged, and ready to travel with him in all manner of conditions without a significant risk of losing his data" but that he lost his data after the drive failed only a few weeks after purchase. (CCAC ¶ 19.) The remaining Plaintiffs, however, do not allege facts regarding what misrepresentations they relied upon, and therefore do not plausibly state the element of reliance. Although Plaintiffs correctly observe that they could satisfy their pleading obligations by alleging that they were exposed to a national advertising campaign with a common fraudulent message, the operative complaint does not allege that remaining Plaintiffs viewed such a campaign or what overall message it contained. Accordingly, the motion to dismiss the fraud-based claims relying upon misrepresentations is denied as to Plaintiff Jafri, and granted with leave to amend as to the remaining Plaintiffs.

*Negligent Misrepresentation*. Defendants move to dismiss the negligent misrepresentation claim under Rule 9(b) on the grounds that Plaintiffs failed to allege reliance and Defendants' knowledge of the problems with the SSDs. That motion is denied as to Plaintiff Jafri, and granted as to the remaining Plaintiffs, for the reasons stated above.

Defendants also argue that the economic loss rule bars the negligent misrepresentation claim. The Ninth Circuit, in unpublished decisions, has held "that California law classifies negligent misrepresentation as a species of fraud . . . for which economic loss is recoverable." *Kalitta Air, L.L.C. v. Cent. Texas Airborne Sys., Inc.*, 315 F. App'x 603, 607 (9th Cir. 2008); *see also Hannibal Pictures, Inc. v. Sonja Prods. LLC*, 432 F. App'x 700, 701 (9th Cir. 2011) (holding that economic loss rule did not bar a suit for negligent misrepresentation where "one party has lied to the other"). While there remains a split on this issue, this Court concurs with the majority view among district courts that the economic loss rule does not bar negligent misrepresentation claims where, as here, the allegation is that false representations induced a purchase. *See, e.g.*, *Seale v. GSK Consumer Health, Inc.*, No. 223CV00842ABMRWX, 2024 WL 1040854, at *10 (C.D. Cal. Feb. 27, 2024); *Steiner v. Vi-Jon Inc.*, No. 23-CV-00473-AMO, 2024 WL 1181002, at *8 (N.D. Cal. Mar. 18, 2024); *Bret Harte Union High Sch. Dist. v. Fieldturf, USA, Inc.*, 2016 WL 3519294 at *4–5 (E.D. Cal. June 27, 2016). Accordingly,

Plaintiff Jafri's negligent misrepresentation claim may proceed.

***State Consumer Protection Claims.***  Defendants also challenge whether Plaintiffs have adequately pleaded their deceptive conduct claims under the UCL, FAL, and CLRA, as well as the other state consumer protection statutes.  For the reasons detailed above, Plaintiffs have adequately alleged omissions and their reliance upon them, but with the exception of Plaintiff Jafri, they have not adequately alleged that they saw and relied upon the alleged misrepresentations.  As such, to the extent that their UCL, FAL, CLRA, and other state consumer protection claims are based on misrepresentations, those claims are dismissed with leave to amend as to all Plaintiffs except Jafri.

***Unjust Enrichment***.  Plaintiffs have adequately alleged that their unjust enrichment claim is a remedy for their warranty, fraud, and negligent misrepresentation claims.  (CCAC ¶ 145 (incorporating the allegations of those claims into the unjust enrichment claim).)

In sum, Defendants' motion is granted in part and denied in part.  Specifically, the motion to dismiss is granted with leave to amend as to (1) claims for injunctive, declaratory, and equitable relief as to all Plaintiffs other than Jafri; (2) any Song-Beverly Act claims; (3) the breach of express warranty claim; (4) the fraudulent and negligent misrepresentation claims as to all Plaintiffs other than Jafri; and (5) the UCL, CLRA, FAL, and other state consumer protection claims, to the extent based on alleged misrepresentations, as to all Plaintiffs other than Jafri; and is otherwise denied.  If Plaintiffs wish to file a First Amended Consolidated Class Action Complaint correcting the deficiencies identified above, they shall do so within **21 days of this Order**.  If no such amended complaint is filed by that date, the claims that were dismissed in this Order will remain dismissed, and the case will proceed on the remaining claims only.

**IT IS SO ORDERED.**

Dated: June 5, 2024

RITA F. LIN
United States District Judge