UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re SANDISK SSDs LITIGATION.

Case No.  23-cv-04152-RFL   (LJC)

**ORDER REGARDING DISCOVERY LETTER BRIEF**

Re: Dkt. No. 119

    The parties have filed a joint discovery letter regarding Plaintiffs' request for Defendants to produce documents from three additional custodians, beyond the five custodians the parties had previously agreed Defendants would provide.  ECF No. 119.  Judge Lin referred the case to the undersigned magistrate judge for all discovery purposes.  ECF No. 120.

    Plaintiffs first "requested that Defendants search these custodial files on January 13, 2025."  ECF No. 119 at 1.  Plaintiffs characterize their request as a natural follow-on to the "initial discovery phase," which involved five custodians who worked as engineers or in sales and marketing.  *Id.* at 2.  Plaintiffs assert that they "now seek to progress discovery to cover Defendants' conduct after Defendants gained awareness of the defects, which requires examining upper management's internal decision-making, communications, and strategy after learning of the defects."  *Id.*

    In a vacuum, that approach to discovery might be reasonable.  In the context of the schedule for this case, however, Plaintiffs have not met their burden to pursue discovery from the custodians they propose adding at this late stage, even without reaching the parties' dispute regarding relevance, proportionality, or the apex doctrine.

    Judge Lin initially set the close of fact discovery for October 30, 2024.  ECF No. 83.  On

September 20, 2024, Judge Lin granted a stipulation to modify the case schedule, extending the close of fact discovery to January 31, 2025. ECF No. 109. In a motion filed January 14, 2025, Plaintiffs sought a further three-month extension for the close of fact discovery (from January 31, 2025 to May 1, 2025) because:

> (1) Defendants have not yet produced documents that they represented were forthcoming during the CMC; (2) Defendants have not provided dates of availability for their witnesses for which Plaintiffs have noticed depositions; and (3) the parties, despite months long efforts, have not yet resolved the production of physical SSDs in Defendants' possession, but have made progress toward a resolution.

ECF No. 112 at 2–3.

That motion did not mention the possibility of seeking discovery from additional custodians, *see generally id.*, even though Plaintiffs filed it the day after they asked Defendants to add these three custodians, *see* ECF No. 119 at 1. Defendants argued in response that a forty-five-day extension was sufficient for the parties to complete discovery. ECF No. 114 at 4.

In a text order issued January 23, 2024, Judge Lin extended the close of fact discovery by sixty days to April 1, 2025, modified other deadlines accordingly, and set "the deadline for substantial completion of document production . . . for February 14, 2025." ECF No. 115. The parties filed their present joint discovery letter two weeks later, on February 6, 2025. ECF No. 119.

As Plaintiffs appear to acknowledge, Defendants cannot reasonably be expected to review and produce documents from three additional custodians—representing a sixty percent increase from the five custodians the parties previously agreed Defendants would provide—with less than a week now remaining before that deadline for substantial completion. "To afford Defendants enough time to perform the necessary searches and produce the relevant evidence they yield, Plaintiffs propose the Court extend the deadline for substantial completion of discovery by 2-3 weeks." ECF No. 119 at 3.

A schedule set by court order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

> . . . Rule 16(b)'s "good cause" standard primarily considers the

2

> diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted).

"Courts look to a party's diligence not only in complying with the scheduling order after it has been issued, but also 'in creating a workable Rule 16 scheduling order,' as well as 'in seeking amendment of the Rule 16 order, once it became apparent that [the party] could not comply with the order.'" *Facebook, Inc. v. BrandTotal Ltd.*, No. 20-cv-07182-JCS, 2021 WL 3885981, at *4 (N.D. Cal. Aug. 31, 2021) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)) (alteration in original).

Plaintiffs cite their Amended Consolidated Class Action Complaint, filed in June of last year, as including theories for which this new discovery is relevant. ECF No. 119 at 2 (citing ECF No. 94). If Plaintiffs intended the five agreed-upon custodians to be only an "initial discovery phase," *id.* at 2, they should not have waited until less than three weeks before the January 31 fact discovery cutoff—a deadline Plaintiffs had stipulated to in September—to request any further custodians. They also should not have failed to mention the possibility of seeking additional document custodians when they moved for a relatively short extension of the discovery cutoff one day after they requested those custodians from Defendants. One might reasonably wonder how many other phases of fact discovery, necessitating still further extensions, Plaintiffs intend to pursue later.

The only witness for whom this issue might be a close call is Matthew White, Defendant Western Digital's Senior Vice President of Flash Product Management. Plaintiffs assert that Defendants first "acknowledge[d] that White is a custodian of relevant evidence" through "an amended Rule 26 disclosure on December 31, 2024." ECF No. 119 at 3. Defendants assert that they "have already produced more than 500 documents authored by or including Mr. White," with the vast majority of that production occurring "by August 2024." *Id.* at 5. Defendants argue that

3

Plaintiffs have not shown that White's files contain unique information not already produced. *Id.* Defendants do not argue that White's documents are irrelevant to the case, or that any other consideration warrants denying this request besides Plaintiffs' tardiness in seeking to add White as a custodian, the cumulative nature of his files, and the potential delay to the case schedule if Plaintiffs' request is granted.

The significance of Defendants' December 31 amended disclosure is not entirely clear—both as to whether it provided meaningful notice of White's relevance not previously available from Defendants' document production, and as to whether it indicates that White has relevant non-cumulative documents in his custody. It therefore seems *possible* that Plaintiffs could show both that White has unique, relevant evidence that should be produced, and that Plaintiffs were diligent in requesting documents from White approximately two weeks after Defendants served their amended disclosure—although Plaintiffs will face a difficult burden in showing diligence when they failed to mention their intent to add custodians in their previous motion to extend the discovery cutoff.

Plaintiffs have offered no explanation for their delay in selecting the other two proposed custodians, Robert Soderbery and David Goeckeler. The request to add those custodians at this late stage is DENIED for failure to show diligence in complying with the case schedule. The Court does not reach the parties' arguments regarding relevance, proportionality, or the apex doctrine with respect to those witnesses.

The parties are directed to meet and confer in person or by videoconference as to whether they can stipulate to Defendants providing limited discovery from White and a corresponding deadline for the production of White's custodial records that is not long after the existing deadline for substantial completion of document production. If the parties cannot reach a stipulation, and Plaintiffs believe they can meet their burden to show diligence, the parties may file a joint letter no later than February 14, 2025. That letter must be consistent with section F.5 of this Court's Standing Order (available at https://cand.uscourts.gov/ljc/), except that it must be filed on the expedited timeline stated herein and may attach evidence as needed.

Plaintiffs' request to add three new custodians at this stage of the case requires an

4

amendment to the scheduling order. Plaintiffs have not shown diligence as required for such an amendment. Their request to add custodians is therefore DENIED, without prejudice to pursuing limited discovery from White under the process set forth above.

**IT IS SO ORDERED.**

Dated: February 10, 2025

_____
LISA J. CISNEROS
United States Magistrate Judge