UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SANDISK SSDs LITIGATION. | Case No. 23-cv-04152-RFL  (LJC)<br><br>**ORDER REGARDING DISCOVERY LETTER BRIEF REGARDING LOCATION OF PLAINTIFFS' DEPOSITIONS**<br><br>Re: Dkt. No. 139 |

The Court is in receipt of the parties' Joint Letter (ECF No. 139) regarding the location of Plaintiffs' depositions. This dispute is fundamentally a question of allocating the normal cost and inconvenience of discovery. The Court ordinarily expects the parties to compromise on such matters.

Plaintiffs have not demonstrated undue hardship or exceptional circumstances to justify remote depositions. Concerns regarding time and money are ordinary burdens related to travel, and Plaintiffs by filing an action in this forum agreed to participate in litigation in the Northern District of California. Plaintiffs' request for remote depositions is DENIED, although the parties remain free to stipulate to remote depositions if they so choose.

The remaining question is where the in-person depositions should be held. Plaintiffs have pointed out that defense counsel are based in Michigan and Illinois. Requiring defense counsel and the individual Plaintiffs to travel from the Midwest and East Coast to the Northern District of California does not seem advantageous, from a cost perspective, for those involved in this litigation, except perhaps for some local attorneys for Plaintiffs. One of Plaintiffs' less local attorneys, Ian Sloss, whose signature appears on the joint discovery letter, is based in Connecticut. One sensible compromise may involve requiring the individual Plaintiffs who are

California residents to appear for their depositions in the Northern District of California, and requiring the individual Plaintiffs who are in Florida to appear for their deposition in that state, which is a comparable, if not shorter, trip for the midwestern and eastern attorneys. It may make sense for the individual Plaintiff in New York to be deposed either there, or in Florida with the other East Coast residents, or perhaps in Connecticut or Chicago. The parties might also be able to come up with other solutions as to any or all of the Plaintiffs at issue.

Again, these are issues on which the parties should be able to reach a reasonable compromise, and for which counsel may be in a better position than the Court to determine the most sensible resolution. Here, such a compromise should take into account, among other factors: (1) the Court's ruling that the default presumption is that Plaintiffs will be deposed in the forum district; (2) the fact that none of Defendants' attorneys are located in this district; (3) ongoing negotiations regarding allocating the costs of producing drives; and (4) Rule 1's admonition to seek a "just, speedy, and inexpensive determination of every action and proceeding."

If the parties have not filed a stipulation resolving this dispute by 5:00 PM on March 12, 2025, the Court will hold an <u>in person</u> hearing in Courtroom G at 1:00 PM on Thursday, March 13, 2025, and may require the parties to continue to meet and confer in the jury room at that time.

**IT IS SO ORDERED.**

Dated: March 7, 2025

LISA J. CISNEROS
United States Magistrate Judge