UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SANDISK SSDs LITIGATION. | Case No. 23-cv-04152-RFL (LJC) |
| | **ORDER STRIKING JOINT LETTER** |
| | Re: Dkt. No. 149 |

The parties' joint discovery letter filed April 21, 2025 (ECF No. 149) is STRICKEN sua sponte for failure to comply with the five-page limit stated in this Court's Standing Order. Based on a preliminary review of the arguments stated in the now-stricken letter, the Court also finds that supporting evidence is likely necessary to resolve the dispute as to whether Plaintiffs should be permitted to depose Defendant SanDisk LLC's CEO David Goeckeler, and that a slight increase in the default page limit is appropriate to allow the parties to address that evidence. If the parties are not able to resolve this dispute, they may file a joint letter not exceeding eight pages (exclusive of signatures) no later than April 30, 2025, attaching any declarations[1] and evidence they believe to be relevant.

The Court offers the following guidance to assist the parties in providing useful argument or potentially resolving this issue among themselves:

First, this Court does not take a formalistic approach to the "apex doctrine" imposing strict requirements of exhaustion or *unique* knowledge before such a deposition will be permitted, although such considerations may be relevant factors. *See generally In re Uber Techs., Inc.,*

---

[1] The parties may not circumvent the page limit for the joint letter by presenting arguments in declarations.

1  *Passenger Sexual Assault Litig.*, No. 23-md-03084-CRB (LJC), 2025 WL 896412 (N.D. Cal. Mar. 24, 2025). The Court recognizes that in typical, ordinary circumstances deposing a large company's chief executive imposes a substantial burden.

Second, Plaintiffs' description of the evidentiary record in the now-stricken joint letter suggests that, with mere weeks remaining before the close of fact discovery, there is very little direct evidence of Goeckeler's involvement in the events at issue. The Court is unlikely to permit this deposition to go forward based on mere speculation of Goeckeler's possible involvement or relevant knowledge.

Third, it is not clear whether Plaintiff's deposition notice seeks production of documents, but if so, the Court is not inclined to permit such a request after having previously denied as untimely Plaintiffs' request to add Goeckeler as a document custodian. *See* ECF No. 122.

**IT IS SO ORDERED.**

Dated: April 21, 2025

LISA J. CISNEROS
United States Magistrate Judge