1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    In re SANDISK SSDs LITIGATION.          Case No.  23-cv-04152-RFL   (LJC)

8
                                             **ORDER RESOLVING JOINT**
9                                            **DISCOVERY LETTERS REGARDING**
                                             **DEPOSITIONS**
10
                                             Re: Dkt. Nos. 152, 156
11

12             **A.      Deposition of David Goeckeler**

13             The Court previously struck a joint letter regarding Plaintiffs' request to depose SanDisk

14    CEO David Goeckeler and Defendants' arguments that Plaintiffs had not shown sufficient cause to

15    depose that "apex" witness.  ECF No. 150.  In doing so, the Court provided guidance for any

16    renewed letter on that topic.  First, the Court advised the parties that "this Court does not take a

17    formalistic approach to the 'apex doctrine' imposing strict requirements of exhaustion or *unique*

18    knowledge before such a deposition will be permitted, although such considerations may be

19    relevant factors," and that the "Court recognizes that in typical, ordinary circumstances deposing a

20    large company's chief executive imposes a substantial burden."  *Id.* at 1–2 (citing *In re Uber*

21    *Techs., Inc. Passenger Sexual Assault Litig.*, No. 23-md-03084-CRB (LJC), 2025 WL 896412

22    (N.D. Cal. Mar. 24, 2025).  Second, the Court noted that Plaintiffs' arguments suggested that

23    "there is very little direct evidence of Goeckeler's direct involvement in the events at issue," and

24    advised the parties that "mere speculation of Goeckeler's possible involvement or relevant

25    knowledge" would not likely suffice to justify his deposition.  *Id.* at 2.

26             The parties have now filed a renewed letter addressing Goeckeler's deposition.  ECF No.

27    152.  Ignoring this Court's stated view of the apex doctrine, Defendants argue for the same

28    mandatory requirements of unique knowledge and exhaustion of less intrusive methods that the

United States District Court
Northern District of California

1    Court's previous Order specifically rejected.  *Id.* at 2–3.  For the reasons stated in the *Uber*

2    decision cited above, such arguments are not persuasive.  *See* 2025 WL 896412, at *2.

3        That said, Plaintiffs still have not offered more than speculation that Goeckeler had *any*

4    involvement in, or particularly relevant knowledge of, either the alleged product defects or

5    decisions regarding whether or how to disclose that defect.  Plaintiffs offer evidence that someone

6    who was probably involved in such decisions (Lisa Neitzel) reported to someone who might also

7    have been involved in them (Lynne Cox), who in turn reported to Goeckeler.  ECF No. 151-6 at

8    10 (Andrade Dep. at 44:2–16, provisionally under seal).  The witness who testified to Neitzel's

9    and Cox's potential involvement in relevant decisions about communications stated that she did

10   not know whether Goeckeler was involved.  *Id.* (Andade Dep. at 44:17–20).  Another witness

11   testified that she "believe[d] David Goeckeler would have been made aware of this situation,"

12   although she disclaimed any knowledge of how that might have happened.  ECF No. 151-3 at 2

13   (Garza Dep. at 109:2–14, provisionally under seal).  Plaintiffs also assert that emails indicate

14   Goeckeler was aware of customer complaints and inquired about press coverage, although their

15   quote from the email is non-specific, and they failed to provide those emails with the joint letter.

16   Plaintiffs have not substantiated their claim that Goeckeler was involved in, or had particularly

17   relevant knowledge of, either the alleged product defects or related decisions.

18       The mere fact that a chief executive had some general awareness of alleged product defects

19   does not in itself indicate that he would be in a position to offer relevant testimony.  Plaintiffs have

20   not shown any greater degree of Goedecker's involvement in or knowledge of the events at issue.

21   The Court concludes that deposing SanDisk's chief executive would be unduly burdensome as

22   compared to his testimony's likely relevance to the case.  Defendants' request for a protective

23   order is GRANTED, and Plaintiffs may not depose Goedecker.

24       **B.    Depositions of Lisa Neitzel and Lynne Cox**

25       As mentioned above, Defendants' employee Joanna Andrade testified at her April 24, 2025

26   deposition that she believed Lisa Neitzel was involved with Defendants' communications strategy

27   regarding the alleged defect at issue, and that Neitzel would probably, typically consult with her

28   supervisor Lynne Cox on such issues.  ECF No. 151-6 at 10 (Andrade Dep. at 44:7–16).  Plaintiffs

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    served notices of depositions of Neitzel and Cox later that day, with the depositions to occur on

2    May 1, 2025—the day that fact discovery closed.  ECF No. 156 at 1.  "On April 29 Defendants

3    informed Plaintiffs they would not produce the witnesses on May 1 on the basis that the notice

4    was untimely."  ECF No. 156 at 1.  Plaintiffs offered to include Neitzel and Cox on a list of

5    witnesses for whom the parties jointly requested an extension of fact discovery to complete

6    depositions (which Judge Lin has since granted, ECF No. 155), but Defendants refused.

7            Defendants now argue that Plaintiffs' notices for these depositions were not timely.

8    Although Defendants assert briefly that "no witness has identified Ms. Cox as having any

9    involvement with the issues relevant," they do so only in the context of arguing that no late-

10   breaking evidence justified Plaintiffs serving deposition notices so late in the case.  ECF No. 156

11   at 4.  The Court does not construe Defendants' arguments as seeking a protective order on the

12   basis of irrelevance—and if they did, their passing reference to the issue would not be sufficient to

13   carry their burden.  Defendants also have not argued that the apex doctrine (applied above in the

14   context of Plaintiffs' efforts to take Goeckeler's deposition) bars these depositions.  The Court's

15   analysis therefore focuses on the timing of Plaintiffs' notices.

16           A party seeking to take a deposition must provide "reasonable notice."  Fed. R. Civ. P.

17   30(b)(1).  As Plaintiffs correctly note, "courts in this Circuit have found that a week to ten day[s']

18   notice is reasonable where the party is seeking a deposition without the production of documents."

19   *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, No. 2:21-cv-00194-FLA-MAAx, 2021 WL 4974049,

20   at *5 (C.D. Cal. Aug. 19, 2021) (citation and internal quotation marks omitted); *see also Meeks v.*

21   *Nunez*, No. 13cv973-GPC(BGS), 2016 U.S. Dist. LEXIS 66292, at *4 (S.D. Cal. May 19, 2016)

22   (citing authority recognizing five days' notice as typically reasonable).  Defendants are correct that

23   the degree of notice needed will vary depending on circumstances, but the cases they cite are not

24   at all analogous to the circumstances here.  *Meeks*, 2016 U.S. Dist. LEXIS 66292, at *4–5

25   (holding that two days' notice over a weekend for the deposition of an imprisoned pro se plaintiff

26   who had not yet received a relevant court order was not reasonable); *Ultratech, Inc. v. Tamarack*

27   *Sci. Co.*, No. C 03-3235 CRB (JL), 2005 WL 696979, at *1 (N.D. Cal. Mar. 17, 2005) (holding

28   that three days' notice for expert depositions with document requests was not reasonable).

United States District Court
Northern District of California

1    Plaintiffs took a risk in waiting so long to notice these depositions and to conduct

2    discovery more generally.  The Court has serious concerns about Plaintiffs' overall diligence in

3    completing discovery within the time allotted by applicable scheduling orders.  The Court is

4    particularly concerned by Plaintiffs' failure to seek Neitzel's deposition sooner in light of

5    Defendants' assertion that they disclosed her as a relevant witness in their initial disclosures more

6    than a year ago, although Defendants did not provide a copy of those disclosures or any details as

7    to how they referenced Neitzel's potential relevance.  ECF No. 156 at 4.  If the witnesses had not

8    been available on the noticed date, Plaintiffs might have faced difficulty in seeking an extension of

9    the fact discovery deadline.

10    But Defendants have not argued or offered evidence that the witnesses or defense counsel

11    were unavailable for depositions on May 1st, or that they could not reasonably have prepared for

12    depositions on that date—which fell within the fact discovery period, albeit barely.  Based on the

13    record available, no reason is apparent why Defendants could not have produced Neitzel and Cox

14    on the noticed date except that they did not want to.  And the seven days' notice that Plaintiffs

15    provided here was not unreasonable on its face.  *See RG Abrams Ins.*, 2021 WL 4974049, at *5;

16    *Meeks*, 2016 U.S. Dist. LEXIS 66292, at *4.

17    Defendants also cite the section of Judge Lin's Standing Order addressing case

18    management orders as a basis for barring these depositions.  ECF No. 156 at 5.  That Standing

19    Order provides in relevant part:

20          Parties are *typically* expected to propose a schedule at the initial case
            management conference *along the following lines*:
21
            [. . .]
22
              • The schedule shall include a last date to notice depositions,
23               which shall be at least 30 days before the close of fact
                 discovery.
24
       Standing Order for Civil Cases Before Judge Rita F. Lin, at 3, *available at*
25
       https://cand.uscourts.gov/wp-content/uploads/judges/lin-rfl/2024-09-18-Civil-Standing-Order.pdf
26
       (emphasis added).
27
            That provision does not itself set a deadline for noticing depositions, but instead provides
28

1    guidance on how the parties should prepare case schedules for the Court's approval.  Defendants

2    have not identified any such deadline actually imposed in this case.  As far as this Court can tell

3    from the docket, the parties never proposed a deadline to notice depositions, *see* ECF No. 82 at 3–

4    4, and none of Judge Lin's orders setting or extending the fact discovery cutoff have imposed one,

5    *see* ECF Nos. 83, 109, 115, 137, 155.  If Judge Lin had set a deadline for noticing depositions in

6    this case, this Court would of course enforce it, but with no such deadline having been set, the

7    Court declines to infer such a limitation from her Standing Order's guidance for a typical case

8    schedule.

9         Accordingly, Defendants are ORDERED to produce Neitzel and Cox for depositions no

10   later than May 31, 2025.

11        **IT IS SO ORDERED.**

12   Dated: May 2, 2025

13

14                                                    LISA J. CISNEROS
                                                      United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*United States District Court*
*Northern District of California*