UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SANDISK SSDs LITIGATION. | Case No. 23-cv-04152-RFL (LJC) <br><br> **ORDER REGARDING MOTION TO REOPEN DEPOSITIONS, LETTERS REGARDING DEPOSITION OF MATT WHITE, AND MOTIONS TO FILE UNDER SEAL** <br><br> Re: Dkt. Nos. 174, 175, 188, 191, 195, 196 |

**A.     Motion to Reopen Discovery**

Plaintiffs move to reopen fact discovery to reopen three depositions of Defendants' employees in light of Defendants' belated production of documents that Defendants had previously designated as privileged. ECF No. 174. Judge Lin referred the question of "whether the witnesses should be re-deposed" to the undersigned magistrate judge, and indicated that "discovery may be reopened for the limited purpose of accommodating those depositions" if the undersigned found them to be warranted. ECF No. 180.

There is no dispute that Defendants withdrew their privilege designations as to the vast majority of documents in dispute, and produced those documents after the witnesses at issue were deposed. Defendants also failed initially to provide a privilege log as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure. And of the relatively small number of documents for which the parties were not able to resolve their privilege disputes, this Court has found that most of those also are not privileged (at least not in their entirety) and should have been produced (at least with redactions). ECF No. 198.

Defendants dispute whether the documents at issue include sufficient relevant information, not previously known to Plaintiffs, to warrant reopening the depositions of these particular employees. But where Defendants have brought this situation on themselves by withholding documents from production without sufficient cause, the Court is not inclined to second guess

Plaintiffs' assessment of the potential relevance of the documents. Under Rule 30 of the Federal Rules of Civil Procedure, "[t]he court must allow additional time [for depositions] consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). Defendants impeded these examinations by failing to produce documents subject to discovery prior to the depositions. The Court is inclined to grant Plaintiffs the opportunity they were previously denied to question the witnesses about those documents, at least some of which relate specifically to each of these witnesses.

This Order is intended to redress Defendants' previous failure to produce documents, not to grant Plaintiffs a complete do-over of previous depositions. To that end, the reopened depositions shall be limited to questions pertaining to documents produced after the original deposition,[1] questions pertaining to testimony from other witnesses' reopened depositions, and reasonable follow-up questions to the witnesses' responses to those questions. Plaintiffs' failure to abide by those limits shall <u>not</u> be grounds to instruct a witness not to answer or suspend a deposition, but after the deposition has concluded Defendants may seek any relief that they believe appropriate for a substantial violation of this Order, potentially including the exclusion of evidence or attorneys' fees for wasted time.

The Court further notes that while the parties dispute the likely effect of such reopened deposition on the case schedule, *see* ECF No. 187, it appears feasible to complete three reopened depositions (or four, including Matthew White as discussed below) for the limited purpose allowed by this Order without altering the October 14, 2025 deadline for class certification and Rule 702 motions, particularly if the documents at issue are of as limited relevance as Defendants contend. This Court expects that the parties will be able to supplement their expert reports to

---

[1] It is not clear if any other documents were produced after these depositions beyond what was at issue in the parties' disputes over Defendants' privilege assertions. If other documents were also produced after the depositions, Plaintiffs may also ask about any such documents. Defendants may not be to blame for other document productions occurring after the depositions, but when the depositions will be reopened anyway to account for Defendants' unwarranted privilege designations, it reasonable to allow Plaintiffs to also ask about other evidence that was not available to them at the time of the previous depositions.

1    account for new testimony without materially affecting the case schedule.  That said, if any party
2    believes that the schedule set by Judge Lin should be altered, that is a matter to be addressed to
3    Judge Lin.

### B. Deposition of Matthew White

The parties previously filed a joint letter raising disputes over instructions not to answer and other purported misconduct during Plaintiffs' deposition of Defendant SanDisk LLC's Rule 30(b)(6) witness Dr. Matthew White.  ECF No. 164.  Plaintiff sought to reopen the deposition, *id.* at 1, and Defendants "agreed to produce him for deposition again as Defendants' Rule 30(b)(6) designee for the limited basis that Plaintiffs may obtain responses to questions (as well as responses to natural follow-up questions to Mr. White's responses) that defense counsel had instructed Mr. White not to answer because they deemed the questions to be outside the scope of" the deposition notice.  *Id.* at 3–4 n.1.  The Court acknowledged Defendants' agreement as to those questions, ECF No. 165 at 1, and held in response to the parties disputes over instructions not to answer based on attorney-client privilege that "Plaintiffs may ask White questions going to whether attorneys provided SanDisk employees with business advice (including public relations advice) as distinct from legal advice," and "about the substance of those communications" if so, *id.* at 3.  The Court also mentioned in a footnote that "instructions not to answer for other reasons unrelated to privilege are also generally improper," citing an instance where defense counsel instructed White not to answer a question on the basis that he had already answered the same question.  *Id.* at 1 n.1.

The parties now dispute whether the reopened deposition should be limited to the issues addressed in that Order.  "Defendants maintain that the scope is limited to the issues articulated in [the] May 22, 2025, order, while Plaintiffs believe that the reopened deposition is limited to the list of Rule 30(b)(6) topics Dr. White was previously designated to testify to on behalf of SanDisk."  ECF No. 195.

Plaintiffs' original arguments for reopening this deposition identified specific instances of purportedly unwarranted instructions not to answer and other purported misconduct.  ECF No, 164 at 1–3.  The Court addressed those issues in its previous Order on the subject, agreeing with

3

Plaintiffs as to most of their arguments. ECF No. 165. But Plaintiffs did not argue specifically at the time that the deposition misconduct at issue prevented Plaintiffs from effectively deposing White beyond the particular lines of questioning addressed in the parties' joint letter. Plaintiffs now argue that "the deposition was cut short after a few hours," and that they were unable to obtain probative testimony even beyond the specific issues addressed in the previous Order. ECF No. 195 at 4. But Plaintiffs raised no such argument in the previous joint letter, and the transcript excerpt submitted with the present letter indicates that Plaintiffs' counsel *chose* to end the deposition:

> MR. BOGDANOVICH: What's the -- yeah, I don't think I have any more questions for today.
>
> I -- Counsel, just while I'm on the record, we're reserving the right to reopen this deposition, given the many privilege objections.
>
> But, otherwise, based on what you've allowed me to ask of the witness today, I have no further questions.

ECF No. 195-1 at 3 (Tr. at 196:10–17).

That Plaintiffs apparently ended the deposition with several hours of allotted time still remaining weighs against, not in favor of, allowing them to resume questioning on matters beyond the improper instructions not to answer that they presented to the Court.

The Court's previous Order was intended to allow the deposition to be reopened to address the specific questions that White wrongfully refused to answer or was instructed not to answer, "as well as any relevant follow-up questions that might flow from White's answers." *See* ECF No. 165 at 1. To the extent that such a limitation was not clear from the previous Order, the Court now limits the reopened deposition to that scope, as well as the same parameters applicable to the other reopened depositions in light of Defendants' unwarranted privilege designations,[2] to the extent that such questions fall within the topics for which White was originally designated to testify under Rule 30(b)(6). As with the depositions addressed above, those limitations are not

---

[2] The Court has authorized questions pertaining to documents produced after the original deposition, questions pertaining to testimony from other witnesses' reopened depositions, and reasonable follow-up questions to the witnesses' responses to those questions. *Supra* at 2.

4

1    grounds to instruct White not to answer questions or to suspend the deposition, but Defendants

2    may seek relief for substantial violations after the deposition has concluded.

3        Plaintiffs seek sanctions under Rule 37(d)(1)(A)(i) for Defendants unilaterally canceling

4    the deposition to present this dispute over its scope to the Court.  ECF No. 196.  "A failure

5    described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was

6    objectionable, unless the party failing to act has a pending motion for a protective order under

7    Rule 26(c)."  Fed. R. Civ. P. 37(d)(2).

8        Defendants notified Plaintiffs that the "deposition is canceled" on July 18, 2025.  ECF No.

9    196-1 at 2.  The deposition was scheduled for July 23, 2025.  The parties filed their joint letter, in

10   which Defendants sought a protective order, on July 25, 2025.  ECF No. 196.

11       The Court is concerned about the short notice on which this issue arose, but it is not clear

12   that blame for the parties' late realization that they had different understandings of the scope of the

13   deposition lies solely with Defendants.  Once the dispute became clear, and it was clear that the

14   parties would not reach an agreement to resolve it, Defendants notified Plaintiffs promptly that

15   they would seek relief from the Court and would not go forward with the deposition.  This Court's

16   Standing Order did not allow Defendants to file a unilateral motion for such relief, instead

17   requiring that the parties meet and confer and cooperate to prepare a joint letter.  Defendants

18   offered to provide their portion of a joint letter on the following business day (Monday, July 21,

19   2025), and the parties "engaged in [a] meet-and-confer call[] on July . . . 23 without coming to a

20   resolution."  ECF No. 195 at 1.[3]  Under the circumstances, the Court finds Defendants' conduct

21   substantially consistent with Rule 37(d)(2)'s recognition that a party need not appear for a

22   deposition while a motion for a protective order is pending.  Plaintiffs' request for sanctions under

23   Rule 37(d)(1)(A) is DENIED.

### C. Motions to File Under Seal

Plaintiffs filed an administrative motion to consider sealing two exhibits (Exhibits 3 and 7)

---

[3] The parties' filings do not specifically address whether they met in person or by videoconference as required by this Court's Standing Order.  The Court presumes that they complied with that Order.  Any future joint letters must specifically address that requirement.

1  filed in connection with the motion to reopen discovery, based on Defendants' confidentiality

2  designations. ECF No. 175. Defendants filed a response asserting confidentiality interests in

3  those internal communications. ECF No. 182. Defendants also filed an administrative motion to

4  file documents under seal in connection with their opposition brief. ECF No. 188. Sufficient

5  cause having been shown, those sealing motions are GRANTED.

6      Plaintiffs belatedly filed an administrative motion to consider sealing two other exhibits

7  filed in connection with the same motion to reopen discovery, again based on Defendants'

8  confidentiality designations. ECF No. 191. Defendants seek sealing of only one of those exhibits,

9  Exhibit 14. ECF No. 192. Sufficient cause having been shown in Defendants' response and from

10  the face of the document, the motion is GRANTED as to Exhibit 14, which will remain under seal.

11      To complete the public record, Plaintiffs are ORDERED to file Exhibit 13 (for which

12  Defendants have not pursued sealing) in the public docket no later than August 18, 2025.

13      The Court's granting Defendants' request to seal should not be construed as endorsing

14  Defendants' position that the "public . . . has no legitimate interest in this private discovery

15  dispute." *See, e.g.*, ECF No. 182 at 3. Although the showing necessary to seal documents filed in

16  connection with such disputes is relaxed as compared to contexts more closely connected to the

17  merits of a case, discovery disputes are not "private" when conducted in the federal courts, the

18  public still has an interest in access to the judicial process, and a party seeking to seal such

19  materials must still make a particularized showing of good cause. Defendants have met that

20  standard here, notwithstanding their incorrect assertion of a lack of any legitimate public interest.

21      This Order does not reach the question of whether "compelling reasons" would support

22  sealing any of these documents if they were filed in a context "more than tangentially related to

23  the merits" of the case. *See generally Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092,

24  1103 (9th Cir. 2016).

25      **IT IS SO ORDERED.**

26  Dated: August 11, 2025

27                                                                                                                     _____

28                                                                                                                     LISA J. CISNEROS
                                                                                                                   United States Magistrate Judge

*United States District Court*
*Northern District of California*