UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SANDISK SSDS LITIGATION | Case No. 23-cv-04152-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. No. 206 |

      The Court requests that the parties be prepared to provide their views on the following summary of the court's tentative views at the hearing on Plaintiffs' motion for class certification, set for January 13, 2026, at 10:00 a.m., in Courtroom 15 at the San Francisco Courthouse:

      Plaintiffs propose to certify a nationwide class asserting claims under California's CLRA, UCL, and FAL.  However, common issues of law would not predominate as to those claims.  Although California has a significant aggregation of contacts to the claims of each class member, the consumer protection laws vary nationwide as to scienter and reliance.  *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 591 (9th Cir. 2012).  Although Defendants' argument on this point is thin, the evidence presented shows that those variations are material.  As to reliance, it appears likely to be a contested issue whether the putative class was exposed to the actionable affirmative statements at issue and, under an omission theory, whether they would really have refused to pay the full price for drives if they had known about the Defect, which manifested only in specific situations.  As to scienter, Defendants have submitted evidence suggesting that they were unaware of the Defect until partway through the class period and that they did not send out a notice or recall because they believed the issue would not be material to most users and that

affected users could be assisted through customer support. Under *Mazza*, other states have a significant interest in protecting their consumers from in-state injuries, and applying California law to those consumers' claims would intrude upon other states' prerogatives to protect consumers within their borders. *Id.* at 591–94. As such, certification of a nationwide class to assert these claims is inappropriate.

In the alternative, Plaintiffs propose subclasses to assert claims under California, New York, and Florida consumer protection laws.

With respect to the California subclass, common issues of fact do not predominate as to Plaintiffs' UCL, CLRA, and FAL claims to the extent those claims are based on affirmative misrepresentations. Those claims would require, at the very least, exposure to the alleged misrepresentations. But statements that the SSDs were, among other things, "durable," "high performance," or "superfast" constitute puffery, and Plaintiffs' claims arising from them have been dismissed. (Dkt. No. 93 at 4–5.)[1] The sole alleged misrepresentation remaining in the case pertinent to the Defect is that "are purpose-built to keep up with today's high-quality content demands." (Dkt. No. 94 at ¶ 32.) Plaintiffs have not submitted evidence that this statement was made so broadly that putative class members can be presumed to have seen it, or that the statement was made on the product packaging. Plaintiffs are therefore unable to establish an inference of class-wide reliance or exposure as to their California consumer protection claims based on affirmative misrepresentations.

However, common issues of fact do predominate as to the UCL, CLRA, and FAL claims to the extent that those claims are based on allegedly deceptive omissions. The question of whether Defendants should have notified purchasers of the defective drives upon learning of allegedly widespread problems in December 2022, and whether purchasers would have refused to buy the drives, returned them, or paid less if they had been told of the problems, are issues subject to common class-wide proof.

---

[1] All references to page numbers refer to ECF pagination.

The same logic would apply to the Florida subclass, because the FDUTPA applies the same exposure requirement. "[W]here a plaintiff has not seen or heard an allegedly deceptive [statement], she cannot challenge it under the FDUTPA." *In re NJOY, Inc. Consumer Class Action Litig.*, 120 F. Supp. 3d 1050, 1089 (C.D. Cal. 2015) (finding that the FDUTPA requires the plaintiff to "have been aggrieved by the alleged unfair and deceptive act").

However, a New York subclass cannot be certified. Plaintiff Adair, the only named Plaintiff seeking to certify the New York subclass, did not purchase an Impacted Drive and therefore lacks standing to sue. (Dkt. No. 225 at 11 n.3.) There is thus no named Plaintiff with standing to sue on behalf of the New York subclass.

Plaintiffs also propose to certify a nationwide class applying California law to their common law claims. As to the claims for breach of express warranty, fraudulent misrepresentation, and negligent misrepresentation, common issues of fact do not predominate, even assuming California law applies. The evidence presented does not support class-wide inference of exposure to the statements at issue.

As for the remaining common law claims, material differences in state law preclude certification of the nationwide class. Regarding breach of implied warranty, states vary in their privity and scienter requirements. Scienter is a material issue because Defendants have submitted evidence suggesting that they were unaware of the Defect until partway through the class period. Also, privity is material because each Plaintiff who purchased Impacted Drives did so using a third party retailer. Regarding fraud by omission, states vary in requiring scienter and intent to induce reliance. Scienter is material for the reasons discussed above. Intent to induce reliance is also material because Defendants argue that the timing of their response was the product of replicating the issue and creating the fix, as well as their assessment of the pervasiveness of the Defect given the number of reported failures. Lastly, states vary materially regarding the elements necessary to establish a claim for unjust enrichment, and Plaintiffs' theory of unjust enrichment is derivative of the other common law theories. *Mazza*, 666 F.3d at 591. Given other states' strong interests in protecting consumers within their borders, a

nationwide class cannot be certified as to these common law claims.

However, a California class would be properly certified as to the breach of implied warranty, fraud by omission, and unjust enrichment claims.  Common issues of fact would predominate as to those claims for the same reasons identified above as to the CLRA, UCL, and FAL claims based on deceptive omissions.

In sum, the Court's tentative ruling is to certify a Rule 23(b)(3) class as to (1) a California class asserting common law claims of breach of implied warranty, fraud by omission, and unjust enrichment, and claims under the UCL, CLRA, and FAL based on deceptive omissions, and (2) a Florida class asserting FDUTPA claims based on deceptive omissions.  Certification would otherwise be denied under Rule 23(b)(3).

Defendants' other arguments would not defeat certification of these Rule 23(b)(3) classes.  Plaintiffs' receipts confirming that they purchased Impacted Drives during the period in which the Defect existed are sufficient to establish by a preponderance that they have standing to sue.  Defendants' firmware update, which was not accompanied by a recall or mass notice, does not preclude standing.  Plaintiffs contend that they have lost data that they have, thus far, largely been unable to recover and that the SSDs they purchased were worth less than the price that they paid.  Moreover, inquiries into whether the Defect in fact caused a particular class member to lose data and incur data recovery costs do not predominate over common issues, but merely go to the extent of damages.  Plaintiffs did not violate the Court's expert discovery deadline, which applies to class certification experts only.  Finally, Plaintiffs' experts' model fits Plaintiffs' claimed price-premium theory, which they pled in their operative complaint.  Though Defendants argue that Plaintiffs' deposition testimony is inconsistent with the price-premium theory, that is a merits issue, and in any event, at least some Plaintiffs identified the cost of the drive as a source of damages in their deposition testimony.  The requirements of Rules 23(a) and 23(b)(3) having been met, the Court is inclined to certify the Rule 23(b)(3) classes described.

Plaintiffs also propose certification of a nationwide Rule 23(b)(2) class of "[a]ll persons in the United States who purchased an Impacted Drive since 2020." (Dkt. No. 206 at 16.)  To

certify a Rule 23(b)(2) class, the "final injunctive relief or corresponding declaratory relief" sought must be "appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Plaintiffs seek injunctive relief requiring Defendants to provide class members who have lost data as a result of the Defect with information necessary to recover their data through data recovery providers. (Dkt. No. 206 at 31.) However, the proposed class is not limited to only those who have lost data, have thus far been unable to recover it, and are unaware of the firmware update. As such, the injunctive relief sought does not appear appropriate with regard to "the class as a whole." Indeed, if the proposed class were certified, numerous class members would be bound by the judgment while receiving no relief at all from the proposed injunction, because they never lost data on Impacted Drives, already succeeded in recovering their data, or were already aware of the firmware update.

In addition to providing their response to the Court's tentative view of the case, the parties should be prepared to address the following questions at the hearing:

1. Would it be appropriate for the Court to exercise its discretion to narrow the Rule 23(b)(2) class to those persons "who purchased an Impacted Drive since 2020 who have experienced data loss, have been unable to recover the data, and are not aware of Defendants' firmware update"? Would such a class appropriately be certified on a nationwide basis despite the variations in state law described above? Though it may be difficult to determine who is in that class, the Ninth Circuit has held that ascertainability is not a requirement under Rule 23. Moreover, although there would be potential equitable concerns with an injunction requiring widespread notice of the firmware update in order to reach a small subset of those consumers, those concerns are merits issues, and could be addressed through a more narrowly tailored form of relief, such as issuing alerts to repair shops.

2. Both sides appear to agree that the Impacted Drives were first sold in November 2022. Is there a reason why the proposed classes are defined to encompass individuals who purchased an Impacted Drive since 2020?

5

3. Both sides appear to agree that Atlas-R drives manufactured after March 15, 2023, did not contain the Defect. But does the definition of "Impacted Drives" cover all Atlas-R drives regardless of their manufacture date?

At the hearing, each side will have an opportunity to provide their views on the Court's tentative opinion and questions. They may also present additional argument that they wish the Court to hear. The parties **shall not** file written responses to this Notice of Questions.

**IT IS SO ORDERED.**

Dated: January 9, 2026

RITA F. LIN
United States District Judge