Joseph L. Kish (CA Bar No. 136429)
Matthew D. Kelly (*pro hac vice*)
Masood S. Ali (*pro hac vice*)
SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.
233 S. Wacker Drive, Suite 5500
Chicago, IL 60606
(312) 545-7800
jkish@smsm.com
mkelly@smsm.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

In re SanDisk SSDS Litigation

This Document Relates To: All Actions

Master File No. 3:23-cv-04152-RFL-LJC

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**

| | |
|---|---|
| Judge: | Hon. Rita F. Lin |
| Hearing Date: | August 18, 2026 |
| Hearing Time: | 10:00 a.m. |
| Hearing Location: | Courtroom 04<br>17th Floor<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 |

# CONTENTS

Contents ........ i
Introduction ........ 1
Argument ........ 2
1. Plaintiffs ignored the Court's order requiring them to seek leave to amend their injunctive class definition to file a renewed certification motion. ........ 2
2. The reconsideration standard applies to Plaintiffs' "Renewed" Motion. ........ 3
3. Even if it applied, Plaintiffs do not satisfy the good cause standard either. ........ 6
4. Plaintiffs' revised injunctive relief class definition does not satisfy Rule 23(b)(2) and suffers from the same overbreadth problem as their first proposed class. ........ 8
Conclusion ........ 11

**Cases**

*389 Orange St. Partners v. Arnold*,
179 F.3d 656 (9th Cir. 1999) ..... 4

*Bolling v. Mercedes-Benz USA, LLC*,
No. 1:23-CV-671-TWT, 2024 U.S. Dist. LEXIS 154238 (N.D. Ga. Aug. 27, 2024) ..... 9

*Daniel F. v. Blue Shield of Cal.*,
2015 U.S. Dist. LEXIS 81553 (N.D. Cal., June 22, 2015) ..... 3, 5

*Droesch v. Wells Fargo Bank, N.A.*,
No. 20-cv-06751-JSC, 2021 U.S. Dist. LEXIS 125410 (N.D. Cal. July 6, 2021) ..... 4

*English v. Apple Inc*,
2016 U.S. Dist. LEXIS 37215 (N.D. Cal. Mar. 22, 2016) ..... 3, 5

*Friend v. Hertz Corp.*,
No. C-07-5222 MMC, 2014 U.S. Dist. LEXIS 126161 (N.D. Cal. Sep. 8, 2014) ..... 2, 6

*Gen. Tel. Co. of Sw. v. Falcon*,
457 U.S. 147, 161 (1982) ..... 2

*Gustafson v. BAC Home Loans Servicing, LP*,
No. SA CV 11-915-JLS (ANx), 2014 U.S. Dist. LEXIS 185200 (C.D. Cal. Feb. 5, 2014) ..... 5, 7

*Hartman v. United Bank Card, Inc.*,
291 F.R.D. 591 (W.D. Wash. 2013) ..... 5

*Hayes v. Magnachip Semiconductor Corp.*,
No. 14-cv-01160-JST, 2017 U.S. Dist. LEXIS 18032 (N.D. Cal. Feb. 8, 2017) ..... 6

*Hightower v. City & Cnty. of S.F.*,
No. C-12-5841 EMC, 2015 U.S. Dist. LEXIS 25938 (N.D. Cal. Mar. 3, 2015) ..... 6

*Howard v. Hain Celestial Grp., Inc.*,
No. 22-cv-00527-VC, 2024 U.S. Dist. LEXIS 179147 (N.D. Cal. Oct. 1, 2024) ..... 3

*In re Lithium Ion Batteries Antitrust Litig.*,
2018 WL 4215573 (N.D. Cal. Sept. 4, 2018) ..... 3

*In re W. States Wholesale Natural Gas Antitrust Litig.*,
715 F.3d 716 (9th Cir. 2013) ..... 7

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) .................................................................................. 6, 7

*Kona Enters. v. Estate of Bishop*,
229 F.3d 877 (9th Cir. 2000) ..................................................................................... 4

*LeGrand v. Abbott Labs.*,
No. 22-cv-05815-TSH, 2025 U.S. Dist. LEXIS 201673 (N.D. Cal.
Oct. 10, 2025) ........................................................................................................ 3, 4

*Markson v. CRST Int'l, Inc.*,
No. 5:17-cv-01261-SB-SP, 2022 U.S. Dist. LEXIS 92089 (C.D.
Cal. Apr. 6, 2022) ................................................................................................. 5, 6

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
571 F.3d 873 (9th Cir. 2009) ..................................................................................... 5

*Mayfield v. United States*,
599 F.3d 964 (9th Cir. 2010) ..................................................................................... 8

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
31 F.4th 651 (9th Cir. 2022) ...................................................................................... 9

*Ortiz v. McNeil-PPC, Inc.*,
2009 U.S. Dist. LEXIS 39584 (S.D. Cal. May 8, 2009)............................................ 7

*Parsons v. Ryan*,
754 F.3d 657 (9th Cir. 2014) .................................................................................. 10

*Shasta Linen Supply, Inc. v. Applied Underwriters, Inc.*,
No. 2:16-cv-158 WBS AC, 2019 U.S. Dist. LEXIS 65807 (E.D.
Cal. Apr. 17, 2019) ................................................................................................... 5

*Siino v. Foresters Life Ins.*,
No. 20-cv-02904-JST, 2022 U.S. Dist. LEXIS 243268 (N.D. Cal.
July 26, 2022) ....................................................................................................... 6, 7

*Stemmelin v. Matterport, Inc.*,
No. C 20-04168 WHA, 2022 U.S. Dist. LEXIS 180767 (N.D. Cal.
Oct. 3, 2022) ...................................................................................................... 3, 5, 6

*Stiner v. Brookdale Senior Living, Inc.*,
No. 17-cv-03962-HSG, 2024 U.S. Dist. LEXIS 21757 (N.D. Cal.
Feb. 7, 2024) ............................................................................................................. 2

*Stockinger v. Toyota Motor Sales, U.S.A., Inc.*,
No. 2:17-CV-00035-VAP (KSx), 2020 U.S. Dist. LEXIS 236439
(C.D. Cal. Nov. 30, 2020)........................................................................................... 5

**Rules**

Fed. R. Civ. P. 23.........................................................................................................8

**Treatises**

William B. Rubenstein, Newberg and Rubenstein on Class Actions § 7:35 (6th ed. 2022) .......... 3

# INTRODUCTION

Though styled as a Renewed Motion for Class Certification, Plaintiff's motion is little more than a procedurally improper request asking the Court to reconsider and reverse its initial denial of Plaintiffs' injunctive relief class. But even on its own terms, Plaintiff's Renewed Motion fails to correct the deficiencies in their nationwide injunctive class that were previously identified by the Court. Their newly defined class still includes individuals who will not obtain any relief from an injunction, and the supposed facts that Plaintiffs identify that purportedly require injunctive relief are not based on the facts in the record, which is improper under Rule 23. Just as problematic, Plaintiffs' overly broad requested relief would require Defendants to repair *already repaired* Impacted Drives, even if the cause of the failure has nothing to do with the claimed defect. Their Motion should therefore be denied for several reasons.

*First*, Plaintiffs ignored the Court's May 27 order, failing to seek leave to amend their complaint to include new allegations supporting their tweaked injunctive class definition, and failing to seek leave to file their renewed motion. This alone merits denial of their Motion.

*Second*, even if Plaintiffs' Renewed Motion were procedurally proper, their request does not meet the applicable reconsideration standard. Plaintiffs cannot satisfy this heightened standard to obtain such "extraordinary relief": there has been no change in the facts, no change to the relevant law, and Plaintiffs do not argue that the Court clearly erred in its denial of their initial injunctive class. Plaintiffs improperly ask the Court to revisit its prior order denying their injunctive class with no valid basis for doing so other than their dissatisfaction with the result.

*Third*, even if Rule 16's good cause standard applied as Plaintiffs contend, they would still be unable to meet it. They were not diligent in seeking their sought-after injunctive class, admitting that their latest request is based on the same law and factual record that existed at the time of their initial Motion for Certification filed in October 2025. This is not diligent. Plaintiffs should not be granted a second chance at certification simply because they want a different outcome.

*And fourth*, certification of Plaintiffs' revised nationwide injunctive class is improper because it still suffers from the same deficiencies previously articulated by the Court. Their class definition still includes individuals who will not receive any relief but "will nonetheless be bound

without notice to the judgment in this case." (May 5, 2026, Ord., Doc. 236.) While Plaintiffs remove some of the groups of individuals from their revised class that the Court had previously found problematic, their new definition still covers purchasers that will not benefit from Plaintiffs' requested relief—such as those who are already aware of the firmware bug and how to fix it. Equally problematic, Plaintiffs now request certain injunctive relief that Defendants already provide to all purchasers of Impacted Drives, and their request that Defendants somehow identify every purchaser of an Impacted Drive is impossible to achieve, as the record establishes. And their remaining argument that class members need injunctive relief because the firmware update could fail or that certain purchasers might use their SSDs in a way that triggers other theoretical, unidentified, failure scenarios is not substantiated by the record and thus does not withstand the "rigorous analysis" that the Court must undertake at Rule 23. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982).

For each of these reasons, Plaintiffs' Renewed Motion should be denied.

## ARGUMENT

### 1. Plaintiffs ignored the Court's order requiring them to seek leave to amend their injunctive class definition to file a renewed certification motion.

This Court ordered Plaintiffs to seek "[l]eave to amend complaint and renewed class certification motion" by June 18, 2026. (May 27, 2026, Ord., Doc. 243.) But Plaintiffs did not move for leave to file an amended complaint or to file a renewed class certification motion. They instead skipped those steps and filed their Renewed Motion, which includes a modified nationwide injunctive class definition and new requested injunctive relief not found in their SAC. (Pls.' Mot. 1, 7, Doc. 244; SAC, Doc. 240.) Plaintiffs should not be permitted to ignore the Court's order by filing a "renewed" motion without first seeking leave to do so. Their Motion should be dismissed for this reason alone. *Cf.* Civ. L.R. 7-9; *Stiner v. Brookdale Senior Living, Inc.*, No. 17-cv-03962-HSG, 2024 U.S. Dist. LEXIS 21757, at *8 (N.D. Cal. Feb. 7, 2024) (granting the plaintiff leave to file a motion for certification of subclasses after initial denial of motion for certification); *Friend v. Hertz Corp.*, No. C-07-5222 MMC, 2014 U.S. Dist. LEXIS 126161, at *14 (N.D. Cal. Sep. 8, 2014); *Howard v. Hain Celestial Grp., Inc.*, No. 22-cv-00527-VC, 2024 U.S. Dist. LEXIS 179147,

at *13 (N.D. Cal. Oct. 1, 2024) ("Whether to grant leave to file a renewed motion for class certification is a matter of discretion.").

**2. The reconsideration standard applies to Plaintiffs' Renewed Motion.**

Plaintiffs claim that their Renewed Motion requires only showing "good cause" (Pls.' Mot. 2), but they are mistaken. They are not seeking relief from a scheduling deadline; rather, they want a second chance to obtain certification and have the Court revisit its denial of their proposed injunctive class. Consequently, the reconsideration standard should apply.

Multiple courts in this District have recognized that renewed certification efforts like the one that Plaintiffs employ here are properly subject to the reconsideration standard—not Rule 16's good cause standard. *See e.g. In re Lithium Ion Batteries Antitrust Litig.*, 2018 WL 4215573 at *3–4 (N.D. Cal. Sept. 4, 2018) (Gonzalez Rogers, J.); *English v. Apple Inc*, 2016 U.S. Dist. LEXIS 37215, at *4–5 (N.D. Cal. Mar. 22, 2016) (Orrick, J.); *Daniel F. v. Blue Shield of Cal.*, 2015 U.S. Dist. LEXIS 81553, at *7–8 (N.D. Cal., June 22, 2015) (Hamilton, J.); *Stemmelin v. Matterport, Inc.*, No. C 20-04168 WHA, 2022 U.S. Dist. LEXIS 180767, at *3 (N.D. Cal. Oct. 3, 2022) (Alsup, J.). For example, in *Stemmelin v. Matterport, Inc.,* after the plaintiff filed a renewed certification motion for a nationwide Rule 23(b)(2) injunctive class following the denial of its initial injunctive class certification request, the court applied the reconsideration standard. 2022 U.S. Dist. LEXIS 180767, at *2–3. The court explained that most courts in the Ninth Circuit considering this issue have applied the reconsideration standard and concluded that this approach "makes good sense" because "[p]ermitting serial certification motions" like Plaintiffs seek here "encourages gamesmanship and overbroad initial motions…[and] wastes resources." *Id.* at 4.

The cases Plaintiffs rely upon to argue that the good cause standard applies are not persuasive. (Pls.' Mot. 2–3.) For example, the *LeGrand v. Abbott Laboratories* court held that the good cause standard applied to the plaintiff's renewed class certification motion, but it relied almost entirely on authority from the Third and Eighth circuits. No. 22-cv-05815-TSH, 2025 U.S. Dist. LEXIS 201673, at *5-6 (N.D. Cal. Oct. 10, 2025). And those decisions represent "a 'unique' minority view." *Stemmelin*, 2022 U.S. Dist. LEXIS 180767, at *4–5 (N.D. Cal. Oct. 3, 2022) (quoting William B. Rubenstein, Newberg and Rubenstein on Class Actions § 7:35 (6th ed. 2022)). This

minority view should not be followed here. This is particularly true considering that the *LeGrand* court did not address or even acknowledge the litany of opinions from courts holding that the reconsideration standard should apply to serial motions for class certification.[1] *LeGrand*, 2025 U.S. Dist. LEXIS 201673, at *5–6. Nor does *Woods v. Google, LLC*, support Plaintiffs' position because of its unique facts. There, the court applied the good cause standard because the issue concerned the plaintiff's motion for leave to file an amended complaint and for leave to file another motion for certification based on the amended pleading (which Plaintiffs failed to do here, *see* Sec. 1, *supra*) because of the need to substitute a new plaintiff. *Woods*, 2018 U.S. Dist. LEXIS 143878, at * 29–30. Nothing similar is present here.

Because the reconsideration standard governs here, Plaintiffs' Motion should be denied. A motion for reconsideration is an "'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Droesch v. Wells Fargo Bank, N.A.*, No. 20-cv-06751-JSC, 2021 U.S. Dist. LEXIS 125410, at *2–3 (N.D. Cal. July 6, 2021) (quoting *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Thus, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). And under Civil Local Rule 7-9(b), "a party seeking reconsideration of an interlocutory order must show one of the following: (1) 'a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order; or (3) [a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.'" *Droesch*, 2021 U.S. Dist. LEXIS 125410, at *2–3 (quoting Civ. L.R. 7-9(b)). No element is met here.

Indeed, courts in this Circuit have routinely denied motions to reconsider class certification

[1] In any event, *LeGrand* is factually distinguishable because the plaintiffs sought renewed certification after they had supplemented the record by the time of their renewed motion. *Id.* at *7–9. By contrast, Plaintiffs merely seek a Rule 23(b)(2) injunctive class based only on their modified class definition that is based on information that has been readily available to Plaintiffs at least since fact discovery closed in May 2025, if not much earlier.

denials where, like here, the plaintiffs' "only justification for their proposed motion is that they have now narrowed their class based on evidence they previously had access to" and they "cite no changed circumstances that prevented them from seeking a narrower class initially." *Stockinger v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:17-CV-00035-VAP (KSx), 2020 U.S. Dist. LEXIS 236439, at *12 (C.D. Cal. Nov. 30, 2020). While district courts have flexibility to change their certification orders under Rule 23(c)(1)(C) as Plaintiffs note (Pls.' Mot. 3), the rule "is not a separate mechanism by which a party can seek reconsideration of a prior order relating to class certification." *Daniel F.*, 2015 U.S. Dist. LEXIS 81553 at * 8. Consequently, "courts often consider whether arguments raised in favor of a renewed motion for class certification could have been 'raised earlier in the litigation.'" *Shasta Linen Supply, Inc. v. Applied Underwriters, Inc.*, No. 2:16-cv-158 WBS AC, 2019 U.S. Dist. LEXIS 65807, at *6–7 (E.D. Cal. Apr. 17, 2019) (quoting *English*, 2016 U.S. Dist. LEXIS 37215, at *5); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). This is because "'[r]econsideration of an original class ruling typically occurs as a result of a *change in circumstances*, and [i]n the absence of materially changed or clarified circumstances, courts should not condone a series of rearguments on the class issues by either the proponent or the opponent of the class.'" *Gustafson v. BAC Home Loans Servicing, LP*, No. SA CV 11-915-JLS (ANx), 2014 U.S. Dist. LEXIS 185200, at *5 (C.D. Cal. Feb. 5, 2014) (emphasis added) (quoting *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 597 (W.D. Wash. 2013)). Plaintiffs cannot use Rule 23(c)(1)(C) as "a Trojan Horse by which Plaintiffs may endlessly reargue the legal premises of their motion." *Markson v. CRST Int'l, Inc.*, No. 5:17-cv-01261-SB-SP, 2022 U.S. Dist. LEXIS 92089, at *10 (C.D. Cal. Apr. 6, 2022) (internal quotation marks omitted).

The same reasoning applies here. Plaintiffs' renewed certification motion seeks a second chance to obtain certification despite the absence of any change in the law, facts, or any other material circumstance that would merit such an opportunity. Plaintiffs acknowledge as much, admitting that their newly proposed injunctive relief class definition is based "on the existing factual record." (Pls.' Mot. 3.) This dooms their Motion. *See Stemmelin*, 2022, U.S. Dist. LEXIS 180767, at *5; *see also Stockinger*, 2020 U.S. Dist. LEXIS 236439, at *12. Ultimately, Plaintiffs lost and

are scouring for an avenue to reverse the denial of their original certification request. But it was their decision to seek the largest defined injunctive class that they could in their Motion for Certification, and they therefore "made an 'all or nothing bet' and now [they] seek[] to escape the consequences of those tactics." *Stemmelin*, 2022, U.S. Dist. LEXIS 180767, at *6 (citing *Markson*, 2022 U.S. Dist. LEXIS 92089, at *12). The Court should not countenance Plaintiffs' actions and give them a chance at a do over. Their Renewed Motion should be denied.[2]

**3. Even if it applied, Plaintiffs do not satisfy the good cause standard either.**

Plaintiffs have not satisfied the good cause standard either. The standard primarily considers the diligence of the moving party and is not met if the movant failed to be diligent. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the moving party is not diligent, "the inquiry should end." *Johnson*, 975 F.2d at 609. Diligence under Rule 16 turns not only on the timing of the moving party seeking amendment, but also on whether the moving party already knew the facts and theories supporting the proposed amendment.[3] *Id.* at 609–10 (finding that the plaintiff failed to show good cause to amend the complaint after the joinder deadline because the movant had knowledge of the proper defendant prior to the deadline); *see also Siino v. Foresters Life Ins.*, No. 20-cv-02904-JST, 2022 U.S. Dist. LEXIS 243268, at *3–5 (N.D. Cal. July 26, 2022) (collecting cases stating that the good cause standard is not met when the movant knew the facts supporting amendment since the beginning of the lawsuit); *Hightower v. City & Cnty. of S.F.*, No. C-12-5841 EMC, 2015 U.S. Dist. LEXIS 25938, at *4–5 (N.D. Cal. Mar. 3, 2015) (denying leave because the plaintiffs' proposed amendment relied on facts known at least one year before the amendment deadline).

[2] Alternatively, the Court should strike Plaintiffs' "Renewed" Motion for Certification under Rule 12(f). *See Hayes v. Magnachip Semiconductor Corp.*, No. 14-cv-01160-JST, 2017 U.S. Dist. LEXIS 18032, at *5–6 (N.D. Cal. Feb. 8, 2017) (striking the plaintiff's second motion for class certification because their "pending motion contains no new arguments and relies on no new evidence").

[3] As discussed above, Plaintiffs have not sought leave to amend the complaint or leave to file their "Renewed" Motion, so the use of Rule 16 here is improper on this basis alone. *See Friend*, 2014 U.S. Dist. LEXIS 126161, at *14 (denying the plaintiffs' motion for leave to file a second motion for class certification); *see also Siino*, 2022 U.S. Dist. LEXIS 243268, at *4 (N.D. Cal. July 26, 2022) ("Siino *seeks to modify the scheduling order* to correct the legal errors that led the Court to deny her original motion for class certification.") (emphasis added).

Plaintiffs identify no new facts, no newly discovered evidence, no intervening change in law, no new class representatives, and no changed circumstances arising after the Court denied certification of the requested injunctive class. They thus base their revised class definition entirely on information they possessed during the original certification proceedings, which does not establish good cause. For example, in *Siino v. Foresters Life Insurance Co.*, the court denied a request to modify the scheduling order where the plaintiff sought to pursue a new certification theory after an adverse ruling. No. 20-cv-02904-JST, 2022 U.S. Dist. LEXIS 243268, at *4–5 (N.D. Cal. July 26, 2022). The court explained that Rule 16 requires more than dissatisfaction with the prior certification ruling, and "to correct the legal errors that led the Court to deny her original motion for class certification…[which] 'is not compatible with a finding of diligence'" under Rule 16. *Id.* (quoting *Johnson*, 975 F.2d at 609). And while Plaintiffs rely (Pls.' Mot. 4) on *Friend* to support their argument that good causes exists, that case in fact cuts against them. In *Friend*, after the court denied the plaintiffs' Rule 23(b)(3) class certification motion, they filed for leave to file a second motion for class certification. *Friend*, 2014 U.S. Dist. LEXIS 126161, at *3–6, 14. The court denied the motion for leave, holding that there were no subsequent developments that would warrant changing the court's initial ruling on certification. *Id* at *7–10.

In the end, Plaintiffs' inability to obtain certification the first time does not establish good cause now. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) ("The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action."). And the "only reason for [Plaintiffs'] requested modification is that the Court denied Plaintiffs' motion for class certification…[but] [t]his, by itself, is not a basis for good cause, and the Motion…[should be] denied." *Gustafson*, 2014 U.S. Dist. LEXIS 185200, at *4; *see also Ortiz v. McNeil-PPC, Inc.*, 2009 U.S. Dist. LEXIS 39584, at *8–9 (S.D. Cal. May 8, 2009) (finding no good cause where the plaintiffs "waited until after this Court denied their motion for class certification to seek amendment in order to change the class definition and pursue a second attempt at class certification."). Plaintiffs thus failed to satisfy the good cause standard. Their Motion should be denied.

**4. Plaintiffs' revised injunctive relief class definition does not satisfy Rule 23(b)(2) and suffers from the same overbreadth problem as their first proposed class.**

Even if Plaintiffs' Renewed Motion were somehow procedurally appropriate, it should still be denied for two reasons.[4] First, Plaintiffs' modified injunctive class definition still fails to provide appropriate relief to "the class as a whole" as Rule 23 demands because, just like their first proposed definition, it includes individuals who will not benefit from Plaintiffs' requested relief. Fed. R. Civ. P. 23(b)(2). Second, Plaintiffs' revised requests for injunctive relief are unnecessary because their concerns are not supported by the record or impossible to implement.

Plaintiffs now seek a class consisting of "[a]ll persons residing in the United States who, since 2020, purchased, own, and possess an Impacted Drive that has not been repaired, replaced, or refunded." (Pls.' Mot. 9–10.) The issues that plagued their first request for certification still exist with their new proposed definition and sought relief.

Specifically, in its certification order, the Court found that Plaintiffs failed to satisfy Rule 23(b)(2) because their proposed class would include several groups of individuals that would not benefit from Plaintiffs' requested injunctive relief. Relevant here, this includes individuals who:

> (a) will not use the Impacted Drives in a way that will ever cause the firmware issue;
>
> [and]
>
> (d) are already aware of the existence of the defect and know how to resolve any issues they might experience in the future.

(May 5, 2026, Ord. 30–31.) The Court correctly noted that such individuals would nevertheless be bound without notice to the judgment in this case in contravention of Rule 23(b)(2). (*Id.*) Plaintiffs' new proposed definition does not solve this problem because it will still improperly include individuals from groups (a) and (d). Plaintiffs take issue with the Court's prior finding that such individuals do not benefit from injunctive relief,[5] claiming that these individuals will indeed benefit

---

[4] Defendants also maintain that Plaintiffs lack standing to seek injunctive relief because they have no risk of future harm from the firmware bug because it has long been resolved and Plaintiffs are aware of the issue affecting the Impacted Drives. *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010); (*see also* Defs.' Opp. to Cert. 25, Doc. 221.)

[5] Again, their disagreement with the Court's analysis shows that Plaintiffs' "Renewed" Motion is really one seeking reconsideration of the Court's certification order.

from Plaintiffs' requested injunctive relief. (Pls.' Mot. 10.) Plaintiffs are wrong.

They claim that group (a) individuals will benefit because the firmware fix was not "tested against" any other "trigger," and that Defendants have not offered proof that no other failure scenarios exist. (*Id.*) Their claim is without merit. Plaintiffs rely on their technical expert to support their claim (*id.*), but Mr. Jestice could not identify another failure scenario for the Impacted Drives other than the "infinite loop" scenario (that was already identified and repaired by Defendants with the firmware update), admitting that he is not "aware of" any other failure mode. (Kelly Decl., Ex. 11, 166:6–168:15, 171:24–175:3, Doc.221-12.) And even if Plaintiffs could somehow establish that the firmware bug could be triggered in ways not identified, their revised class definition would *still* be overbroad because it would include owners who would never experience the defect under *those other* unidentified scenarios. In other words, the class would still include persons "who will not use the Impacted Drives in a way that will ever cause the firmware issue," and thus would receive no benefit from the requested relief. (May 6, 2025, Ord. 31.)

Plaintiffs also suggest that injunctive relief is needed because the firmware update supposedly does not always fix an Impacted Drive, but they merely cite to Mr. Jestice's expert disclosure (Pls.' Mot. 8), which says only that *one document* "appears" to show a customer reporting a problem with a "replaced drive" (Sloss Decl. Ex. 13 ¶ 34, Doc. 206-1). Such thin evidence establishes nothing. In any event, Mr. Jestice conceded that he has no opinion that the firmware update does not in fact repair the firmware bug as the evidence shows. (Kelly Decl. Ex. 11, 163:11–14, Doc. 221-12.) Plaintiffs cannot rely on rank speculation that some other failure mode *may* exist to obtain certification of their injunctive relief class. Rather, they "must actually *prove*—not simply plead—that their proposed class satisfies each requirement of Rule 23…." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664 (9th Cir. 2022). Plaintiffs' grasping at theoretical, unidentified failure scenarios cannot save their class.

Nor does Plaintiffs' reliance on *Bolling* help their argument. (Pls.' Mot. 10.) In concluding that the plaintiffs had sufficiently alleged future injury, the *Bolling* court held that the absence of a second failure after replacement did not defeat those allegations *at the pleading stage*. *Bolling v. Mercedes-Benz USA, LLC*, No. 1:23-CV-671-TWT, 2024 U.S. Dist. LEXIS 154238, at *15–19

(N.D. Ga. Aug. 27, 2024). In contrast, at the Rule 23 stage Plaintiffs must show that there is an actual risk of future from these supposed unidentified "other failure scenarios." They have failed to do so here.

Plaintiffs next claim that group (d) individuals, those who are already aware of the defect, would still benefit from their proposed injunctive relief because "awareness is not a remedy." (Pls.' Mot. 10.) But awareness is *precisely* what Plaintiffs seek here, demanding that Defendants "directly notif[y] owners of the Defect." (*Id.* at 7.) There is nothing in Plaintiffs' new request for relief that alters the fact that group (d) individuals, who are aware of the defect "and know how to resolve any issues they might experience in the future," will not derive any benefit from the requested injunctive relief. (*See* May 6, 2025, Ord. 31.) These individuals will not benefit from Plaintiffs' request that Defendants assist Impacted Drive owners to fix (i.e., update the firmware) on their drives and replace failed drives. This is particularly true here, as Defendants are already doing this. For more than three years they have provided the firmware update on their Customer Support website[6], their Customer Support department assists SSD owners perform the update, and, if necessary (or at the customer's request), Defendants' Customer Support team provides owners with a new comparable SSD.[7] (Kelly Decl., Ex. 33, 250:20–251:4, 253:25–254:2, 262:14–263:2, Doc. 221-34.) Giving group (d) individuals another warning or the information they already possess will result in them "not receiv[ing] any benefit from the injunctive relief." (May 6, 2026, Ord.); *see also Parsons v. Ryan*, 754 F.3d 657, 689 n.35 (9th Cir. 2014).

Lastly, Plaintiffs' requested relief it overly broad and impossible. Plaintiffs seek injunctive relief by having Defendants "identif[y] the affected drives and their owners from Defendants' records…." (Pls.' Mot. 7.) But Defendants have *already* identified the Impacted Drives, and users can check to see if their SSD is affected by inputting their serial number into Defendants' online lookup tool. (Tsujimoto Decl. ¶¶ 7–8, Ex. 36, Doc. 221-36.) And as Defendants have explained for more than a year, they do not have the ability to discover the identities of the purchasers of Impacted

---

[6] *See* https://support-en.sandisk.com/app/firmwareupdate, last accessed July 2, 2026.

[7] Indeed, all purchasers of Impacted Drives (which were first made in 2022, not 2020 as Plaintiffs' class definition suggests) are still under Defendants' five-year warranty.

Drives, unless the purchaser had registered their device. (Kelly Decl., Ex. 33, 257:10–17, 266:6–267:3.) Without device registration, there is no feasible way for Defendants to identify the specific purchasers or owners of Impacted Drives. (*Id.*) Because Defendants can only identify the Impacted Drives by the serial number, but cannot identify the individuals who purchased those drives, Plaintiffs cannot obtain their requested relief. Further, their request that Defendants replace any drive "that has already failed, that cannot be verifiably repaired, or that fails again after the firmware installed" is hopelessly broad and unworkable. This relief would require Defendants to repair or replace an SSD that was *already repaired*—irrespective of the reason for the failure. For example, Defendants would be required to repair or replace an Impacted Drive with updated firmware (and thus no chance of failing from the infinite loop) for it failing, even if the cause of the failure was due to physical damage (i.e., repeated drops at elevated heights or prolonged submersion in liquid) or user misuse. Defendants should not be required to repair or replace an already updated Impacted Drive merely because the drive *previously* had a firmware bug that did not cause (and can never cause) a device failure.

In the end, the Court previously recognized that the fundamental problem with Plaintiffs' proposed class was that the class definition was overbroad and would include individuals who will not receive any benefit from the requested injunctive relief. That problem remains unchanged. And their new requested relief exacerbates the problem, seeking to have Defendants do the impossible and somehow identify all purchasers of Impacted Drives and to provide injunctive relief to putative class members even if their Impacted Drive was repaired and subsequently failed for reasons wholly unrelated to the firmware bug. Because the revised class definition still fails to identify a class for whom injunctive relief is appropriate as a whole, certification under Rule 23(b)(2) remains improper.

## CONCLUSION

For the foregoing reasons Defendants respectfully move this Honorable Court to deny, or in the alternative, strike, Plaintiffs' Renewed Motion for Class Certification and Appointment of Class Representatives and Class Counsel, and any other relief deemed reasonable and just.

Dated: July 2, 2026

Respectfully Submitted,

By: *<u>/s/Matthew D. Kelly</u>*

Joseph L. Kish jkish@smsm.com
Matthew D. Kelly (*pro hac vice*) mkelly@smsm.com
Masood S. Ali (*pro hac vice*) mali@smsm.com
SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.
233 S. Wacker Drive, Suite 5500
Chicago, IL 60606
(312) 545-7800
*Attorneys for Defendants*