UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SANDISK SSDS LITIGATION | Case No. 23-cv-04152-RFL<br><br>**ORDER DENYING RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>Re: Dkt. No. 244 |

On May 6, 2026, the Court granted in part and denied in part Plaintiffs' motion for class certification. (Dkt. No. 236.) As relevant here, the Court declined to certify Plaintiffs' injunctive relief class under Rule 23(b)(2) because Plaintiffs had failed to carry their burden of demonstrating that the injunctive relief they sought was "appropriate respecting the class as a whole." (*Id*. at 30.)[1] Plaintiffs have renewed their motion for class certification, seeking to certify a revised, narrower injunctive relief class under Rule 23(b)(2). (Dkt. No. 244.) For the reasons that follow, the motion is **DENIED**. This order assumes the parties' familiarity with the facts of the case, the applicable legal standards, and both sides' arguments.

Though it is an open question in this Circuit whether the reconsideration standard or Rule 16's good cause standard applies to a renewed motion for class certification, *see LeGrand v. Abbott Lab'ys*, No. 22-cv-05815-TSH, 2025 WL 2899515, at *2 (N.D. Cal. Oct. 10, 2025), the Court is persuaded by the reasoning of decisions applying the reconsideration standard, *e.g.*, *Stemmelin v. Matterport, Inc.*, No. C 20-04168 WHA, 2022 WL 4843089, at *1 (N.D. Cal. Oct.

[1] All references to page numbers for filings on the docket refer to ECF pagination.

3, 2022) (applying the reconsideration standard because "[p]ermitting serial certification motions encourages gamesmanship and overbroad initial motions," which "wastes resources"). The Court therefore applies that standard here.

"A district court will grant a motion for reconsideration if (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) the court failed to consider material facts or dispositive legal arguments which were presented to the court." *Id*. None of these circumstances are present here. Plaintiffs have identified no intervening change in law and no new evidence that has become available since the Court's class certification order. Indeed, Plaintiffs could have sought certification of this narrower injunctive relief class in their initial motion for class certification. Plaintiffs also do not argue that the Court failed consider material facts or dispositive legal arguments that were presented to it. Accordingly, Plaintiffs' renewed class certification motion is denied.[2]

Furthermore, even if Plaintiffs' motion were to be considered anew on its merits, the motion would still be denied because Plaintiffs have failed to carry their burden of demonstrating that the injunctive relief they seek is appropriate respecting the proposed class as a whole. Plaintiffs' current proposed class, while narrower than their previous one, is still significantly overbroad in at least two ways. First, it includes many individuals who will not use the Impacted Drives in a way that will ever cause the firmware issue. These individuals would not benefit from the requested relief but would still be bound to the judgment in this case. Plaintiffs argue that Defendants have offered no proof that "there are not other failure scenarios" for the

---

[2] Even if the Court were to apply Rule 16's good cause standard, Plaintiffs too have failed to satisfy that standard, which focuses on the diligence of the moving party. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). To their credit, Plaintiffs filed their motion six weeks after the Court's class certification order and within the Court's set deadline. (Dkt. No. 244 at 6.) But Plaintiffs could have sought certification of the narrower injunctive relief class in their original class certification motion and instead made the tactical decision to seek certification of a broader injunctive relief class. The sole reason for the renewed certification motion is that "the Court denied Plaintiffs' motion for class certification," not that there exists new evidence or legal theories. *Gustafson v. BAC Home Loans Servicing, LP*, No. SACV 11-915-JLS, 2014 WL 10988335, at *2 (C.D. Cal. Feb. 5, 2014). That is insufficient to establish good cause under Rule 16.

Impacted Drives. (Dkt. No. 244 at 14.) However, it is Plaintiffs' burden of demonstrating the appropriateness of the relief they seek, and the speculative possibility of other failure scenarios is insufficient to carry that burden. And even assuming there are other failure scenarios for the Impacted Drives, there are still individuals who will not use the Impacted Drives in ways that trigger those unspecified failure scenarios, who would nonetheless bound by this case's judgment. Second, individuals who are already aware of the existence of the defect and know how to resolve any issues they might experience in the future will be bound to the judgment but receive no benefit from the requested relief. Plaintiffs argue that "awareness is not a remedy," and that an owner whose drive has not yet been repaired "still owns a defective drive." (*Id.*) But it is undisputed that Defendants will fix customers' drives if customers know to ask, so the benefit of Plaintiffs' requested injunctive relief is informational. Though Plaintiffs argue that Defendants' firmware update "does not reliably fix the Defect," (Dkt. No. 248 at 7), the firmware update still undisputedly works for many Impacted Drives, and the owners of such drives would not be excluded from the class. Plaintiffs therefore have failed to satisfy their burden of demonstrating that their requested injunctive relief is appropriate respecting the proposed class as a whole.

For the foregoing reasons, Plaintiffs' renewed motion for class certification is denied.

**IT IS SO ORDERED.**

Dated: July 13, 2026

RITA F. LIN
United States District Judge